%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Blake J. Robbins, a Minor, by his Parents and Natural Guardians, Michael E. Robbins and Holly S. Robbins, et al.

(b) County of Residence of First Listed Plaintiff  **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark S. Haltzman, Esquire, Lamm Rubenstone LLC, 3600 Horizon Boulevard, Suite 200, Trevose, PA 19053-4900, (215) 638-9330

## DEFENDANTS
Lower Merion School District, The Board of Directors of the Lower Merion School District and Christopher W. McGinley

County of Residence of First Listed Defendant  **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1030, 2511, 2520, 2701 and 5701 et seq.; 42 U.S.C. 1983; and U.S. CONST. amend. IV
Brief description of cause:
Violation of civil rights

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 01/21/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BLAKE J. ROBBINS, a Minor, et al. | : | CIVIL ACTION |
| v. | : | |
| LOWER MERION SCHOOL DISTRICT, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| January 21, 2010 | Mark S. Haltzman | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 638-9330 | (215) 638-2867 | mhaltzman@lammrubenstone.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __437 Hidden River Road, Penn Valley, PA  19072-1112__

Address of Defendant: __301 East Montgomery Avenue, Ardmore, PA  19003__

Place of Accident, Incident or Transaction: __301 East Montgomery Avenue, Ardmore, PA  19003__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Mark S. Haltzman__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/21/10__        _____        __38957__
                                    Attorney-at-Law                                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/21/10__        _____        __38957__
                                    Attorney-at-Law                                Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons, 437 Hidden River Road Penn Valley, PA 19072-1112, <br>    Plaintiffs, | CIVIL ACTION |
| v. | NO. |
| **LOWER MERION SCHOOL DISTRICT**, 301 East Montgomery Avenue Ardmore, PA 19003, and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT**, 301 East Montgomery Avenue Ardmore, PA 19003, and **CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District, 301 East Montgomery Avenue Ardmore, PA 19003, <br>    Defendants. | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all similarly situated persons, by and through their undersigned attorneys, Lamm Rubenstone LLC, allege the following upon information and belief (except for those allegations pertaining to Plaintiffs, which are based on personal knowledge), after due investigation by undersigned counsel.

### NATURE OF THE ACTION

1. Plaintiffs, Michael E. and Holly S. Robbins, bring this action on their own behalf and on behalf of their minor son, Blake J. Robbins, and as a Class Action on behalf of a class

404965-1

consisting of Plaintiffs and all other students, together with their parents and families (the "Class"), who have been issued a personal laptop computer equipped with a web camera ("webcam") by the Lower Merion School District. Plaintiffs and the Class seek to recover damages caused to the Plaintiffs and Class by Defendants' invasion of Plaintiffs' privacy, theft of Plaintiffs' private information and unlawful interception and access to acquired and exported data and other stored electronic communications in violation of the Electronic Communications Privacy Act, The Computer Fraud Abuse Act, the Stored Communications Act, § 1983 of the Civil Rights Act, The Fourth Amendment of the United States Constitution, the Pennsylvania Wiretapping and Electronic Surveillance Act and Pennsylvania common law.

2.      Unbeknownst to Plaintiffs and the members of the Class, and without their authorization, Defendants have been spying on the activities of Plaintiffs and Class members by Defendants' indiscriminant use of and ability to remotely activate the webcams incorporated into each laptop issued to students by the School District. This continuing surveillance of Plaintiffs' and the Class members' home use of the laptop issued by the School District, including the indiscriminant remote activation of the webcams incorporated into each laptop, was accomplished without the knowledge or consent of the Plaintiffs or the members of the Class.

3.      Plaintiffs and the Class bring this action pursuant to §§ 2511 and 2520 of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511 and 2520, § 1030 of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, § 2701 of the Stored Communication Act ("SCA"), 18 U.S.C. § 2701, § 1983 of the Civil Rights Act, 42 U.S.C. § 1983, The Fourth Amendment of the United States Constitution, U.S. CONST. amend. IV, the Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa. C.S.A. § 5701 *et seq.* ("PWESA"), and Pennsylvania common law.

4. This Court has original jurisdiction over Plaintiffs' and the Class' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1137, and supplemental jurisdiction over Plaintiffs' and the Class' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) as each Defendant is a resident of and/or maintains a permanent business office in this district.

6. In connection with the acts and conduct complained of, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the internet.

## THE PARTIES

7. Minor Plaintiff, Blake J. Robbins, is a high school student attending Harriton High School at 600 North Ithan Avenue, Rosemont, Pennsylvania, 19010. Harriton High School is part of the Lower Merion School District.

8. Plaintiffs, Michael E. Robbins and Holly S. Robbins, husband and wife, are the parents and natural guardians of Blake. J. Robbins, with a residence address of 437 Hidden River Road, Penn Valley, Pennsylvania, 19072-1112. Blake J. Robbins, Michael E. Robbins and Holly S. Robbins are hereinafter collectively referred to as "Plaintiffs."

9. Defendant, Lower Merion School District ("School District"), is a municipal corporation body politic within the Commonwealth of Pennsylvania with a principal place of business at 301 East Montgomery Avenue, Ardmore, Pennsylvania, 19003.

10. Defendant, Board of Directors of the Lower Merion School District ("Board"), is comprised of a nine (9) member board elected locally to act as a corporate body in fulfilling the School District's and the Commonwealth of Pennsylvania's obligation to provide public education. The Board can be contacted through its secretary, Fran Keaveney, with an address of 301 East Montgomery Avenue, Ardmore, Pennsylvania, 19003.

11. Defendant, Superintendent of Schools Christopher W. McGinley ("McGinley"), is a School District Administrator appointed by the Board to supervise the day to day operation of the School District. As such he is responsible for the implementation of policies, procedures and practices instituted by the Board. The School District, the Board and McGinley are hereinafter collectively referred to as "Defendants."

## CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this action as a Class Action under Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Class consisting of Plaintiffs and all other students of Harriton High School and Lower Merion High School who have been issued by the School District a laptop computer equipped with a webcam, together with their families. Excluded from the Class are the Defendants herein, any subsidiary of any of the Defendants, any family members of the Defendants who attend either high school, all employees and directors of Defendants or any subsidiary, and their legal representatives, heirs, successors or assigns of any such excluded person or entity.

13. The Class is so numerous that joinder of all members is impracticable. The student body of both high schools within the School District consists of approximately 1,800 students. Additionally, the proposed Class includes each high school student's immediate family members.

14. Plaintiffs' claims are typical of the claims of the other members of the Class, as Plaintiffs and all other members were injured in exactly the same way – by the unauthorized, inappropriate and indiscriminant remote activation of a webcam contained within a laptop computer issued to students by the School District and the intentional interception of their private webcam images in violation of federal and state law as complained of herein.

15. Plaintiffs will fairly and adequately represent the interests of the Class and has retained counsel competent and experienced in Class Action litigation.

16. Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

17. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damage suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the unlawful conduct alleged.

18. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

19. Common questions of law and fact exist as to all members of the Class and predominate over any questions effecting solely individual members of the Class. Among the questions of law and fact, common to the Class:

    a. Whether Defendants' acts as alleged herein violated the ECPA, the CFAA, the SCA, § 1983, The Fourth Amendment of the United States Constitution, the PWESA or Pennsylvania common law;

    b. Whether Defendants participated in and pursued the concerted action or common course of conduct complained of; and

    c. Whether Plaintiffs and members of the Class have sustained compensable damages and, if so, the proper measure of such damages.

## SUBSTANTATIVE ALLEGATIONS

20. In the Superintendent of Schools welcome address appearing on the Lower Merion School District website as of the date hereof the Superintendent states as follows:

> The District is also in the final stages of implementing a one to one laptop computer initiative at the High Schools. Thanks in part to State and Federal grants secured by our technology staff during the past few years, every high school student will have their own personal laptop-enabling an authentic mobile 21st Century learning environment. The initiative, which was launched with great success at Harriton last year, enhances opportunities for ongoing collaboration, and ensures that all students have 24/7 access to school based resources and the ability to seamlessly work on projects and research at school and at home. The result: more engaged, active learning and enhanced student achievement. While other districts are exploring ways to make these kinds of incentives possible, our programs are already in place, it is no accident that we arrived ahead of the curve; in Lower Merion, our responsibility is to lead.

21. As part of this initiative as indicated by the Superintendent, laptop computers equipped with webcams have been issued on a one to one basis to all high school students in the School District.

22. An examination of all of the written documentation accompanying the laptop, as well as any documentation appearing on any website or handed out to students or parents concerning the use of the laptop, reveals that no reference is made to the fact that the school district has the ability to remotely activate the embedded webcam at any time the school district wished to intercept images from that webcam of anyone or anything appearing in front of the camera at the time of the activation.

23. On November 11, 2009, Plaintiffs were for the first time informed of the above-mentioned capability and practice by the School District when Lindy Matsko ("Matsko), an Assistant Principal at Harriton High School, informed minor Plaintiff that the School District was of the belief that minor Plaintiff was engaged in improper behavior in his home, and cited as evidence a photograph from the webcam embedded in minor Plaintiff's personal laptop issued by the School District.

24. Michael Robbins thereafter verified, through Ms. Matsko, that the School District in fact has the ability to remotely activate the webcam contained in a students' personal laptop computer issued by the School District at any time it chose and to view and capture whatever images were in front of the webcam, all without the knowledge, permission or authorization of any persons then and there using the laptop computer.

25. Additionally, by virtue of the fact that the webcam can be remotely activated at any time by the School District, the webcam will capture anything happening in the room in which the laptop computer is located, regardless of whether the student is sitting at the computer and using it.

26. Defendants have never disclosed either to the Plaintiffs or to the Class members that the School District has the ability to capture webcam images from any location in which the personal laptop computer was kept.

## COUNT I – INTERCEPTION OF ELECTRONIC COMMUNICATIONS UNDER THE ECPA

27. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

28. Plaintiffs and the Class assert this Count against all Defendants, jointly and severally, pursuant to §§ 2511 and 2520 of the ECPA, 18 U.S.C. §§ 2511 and 2520.

29. Section 2511 of the ECPA provides in part:

> (1) Except as otherwise specifically provided in this chapter any person who—
>
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept, or endeavor to intercept, any . . . electronic communications;
>
> * * * * *

   (d) intentionally uses, or endeavors to use, the contents of any ... electronic communication knowing or having reason to know that the information was obtained through the interception of a[n] ... electronic communication in violation of this subsection; ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

30. Section 2520 of the ECPA provides in part:

  (a) In general. –Except as provided in section 2511 (2)(a)(ii), any person whose ... electronic communication is intercepted ... or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

  (b) Relief.—In the action under this section, appropriate relief includes –

   (1) such preliminary and other equitable or declaratory relief as may be appropriate

   (2) damages under subsection (c) and punitive damages in appropriate cases; and

   (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

31. Section 2510 of the ECPA, setting forth the definitions of the terms in § 2511, defines "person" to include "any employee, or agent of the United States or any State or political subdivision thereof...." 18 U.S.C. § 2510(6). Accordingly, each Defendant is a "person" within the meaning of § 2511.

32. Section 2510 defines "electronic communication" to include "any transfer of signs, signals, writing, imaging, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic, or photo optical system that affects interstate or foreign commerce, ..." 18 U.S.C. § 2510(12). Accordingly, the webcam images complained of constitute an "electronic communication" within the meaning of § 2511.

33. Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action. 18 U.S.C. § 2510(5).

34. The software/hardware used by the School District to remotely activate the webcams complained of constitute an "electronic . . . device" within the meaning of 18 U.S.C. § 2510(5). By using said software/hardware to secretly obtain webcam images, each Defendant "intercepts" that communication within the meaning of § 2511.

35. By virtue of the foregoing, Plaintiffs and each member of the Class is a "person whose . . . electronic communication is intercepted…or intentionally used in violation of this chapter" within the meaning of § 2520.

36. By virtue of the foregoing, Defendants are liable to Plaintiffs and the other members of the Class for their violations of §§ 2511 and 2520 of the ECPA.

37. Since Plaintiffs first learned of Defendants' unlawful remote activation of the webcams complained of on November 11, 2009, this action is timely and not beyond ECPA's applicable statue of limitations.

38. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiffs and the other members of the Class to an award of punitive damages.

39. Plaintiffs and the other members of the Class have no adequate remedy at law for Defendants continued violation of the ECPA.

## COUNT II – THEFT OF
## INTELLECTUAL PROPERTY UNDER THE CFAA

40. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

41. Plaintiffs and the Class assert this Count against Defendants, jointly and severally, pursuant to § 1030 of the CFAA, 18 U.S.C. § 1030.

42. Section 1030 provides in part:

    (a) Whoever-

* * * * *

    (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—

(C) information from any protected computer if the conduct involved an interstate or foreign communication;

* * * * *

shall be punished as provided in subsection (c) of this section.

    (b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

* * * * *

    (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. . . . No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

43. Section 1030 of the CFAA defines the term "protected computer" to include "a computer . . . which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). Each laptop issued by the School District and equipped with a webcam is used

in interstate communications and is therefore a "protected computer" within the meaning of § 1030.

44.  Section 1030 of the CFAA defines the term "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). By using software/hardware to remotely activate the webcams complained of and intercept their images, each Defendant has gained "access a computer without authorization or exceeds authorized access" within the meaning of § 1030.

45.  By virtue of the foregoing, Defendants are liable to Plaintiffs and the Class for their violations of § 1030 of the CFAA.

46.  Since Plaintiffs first learned of Defendants remote activation of the webcams complained of on November 11, 2009, this action is timely as to Plaintiffs and each member of the Class.

47.  Defendants actions complained of herein were conscious, intentional, wanton and malicious entitling Plaintiffs and other members of the Class to an award of punitive damages.

48.  Plaintiffs and the other members of the Class have no adequate remedy of law for Defendants continued violation of the CFAA.

### COUNT III – STORED COMMUNICATIONS ACT (18 U.S.C. § 2701)

49.  Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

50.  Section 2701 of the SCA provides, in pertinent part:

Except as provided in subsection (c) of this section, whoever-

1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

2) intentionally exceeds an authorization to access that facility;

and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

51. Section 2711 of the SCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system that affects interstate or foreign commerce. . . ." 18 U.S.C. §§ 2711, 2510(12). Accordingly, the webcam images complained of are "electronic communications" within the meaning of the SCA.

52. Section 2711 of the SCA defines "person" to include "any employee, or agent of the United States or of a State or political subdivision thereof, and any individual, partnership, association. . . ." 18 U.S.C. §§ 2711, 2510(6). Accordingly, all Defendants are "persons" within the meaning of the SCA.

53. Section 2711 of the SCA defines "electronic storage" to include "any temporary intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof. . . ." 18 U.S.C. §§ 2711, 2510(17)(A).

54. Defendants' use of the software/hardware to remotely activate the webcams complained of and to obtain their images constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA.

55. Section 2701(b) of the SCA provides punishment in those instances where the unauthorized acquisition of stored electronic communications was not done for commercial gain

or advantage of "a fine under this title or imprisonment for not more than six months, or both. . . ." 18 U.S.C. § 2701(b)(B).

### COUNT IV – VIOLATION OF THE CIVIL RIGHTS ACT (42 U.S.C. § 1983)

56. Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

57. Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. . . ."

58. All Defendants are "persons" within the meaning of § 1983, in that at all times material hereto they were acting under the color of state law as a political subdivision of the Commonwealth of Pennsylvania, or a representative thereof.

59. Defendants' clandestine remote activation of the webcams complained of deprived Plaintiffs and all members of the Class of their right to privacy as protected by the Fourth Amendment of the United States Constitution.

60. As Plaintiffs first learned of Defendants unlawful deprivation of their privacy rights on November 11, 2009, this action has been commenced within § 1983's applicable two-year statute of limitations.

61. Defendants' conduct in remotely activating the webcams complained of, which resulted in the deprivation of Plaintiffs' and the Class members' constitutionally-protected right

to privacy was intentional, extreme and outrageous, and thereby entitles Plaintiffs and the Class to an award of punitive damages.

## COUNT V – INVASION OF PRIVACY (U.S. CONST. AMEND. IV)

62. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

63. At a minimum, and pursuant to the Fourth Amendment of the United States Constitution, U.S. CONST. amend. IV, Plaintiffs and Class members had a reasonable expectation of privacy with respect to the use of the webcams embedded in the laptop computers issued by the School District.

64. In particular, Plaintiffs and Class members were never informed that the webcam incorporated into the students' personal laptop computer could be remotely activated by the School District and/or its agents, servants, workers or employees indiscriminately at the whim of the School District, and that such activation would naturally capture images of anything in front of the webcam at the time of its activation.

65. In as much as the personal laptop computers were used by students of the high schools and their families, it is believed and therefore averred that the School District has the ability to and has captured images of Plaintiffs and Class members without their permission and authorization, all of which is embarrassing and humiliating.

66. As the laptops at issue were routinely used by students and family members while at home, it is believed and therefore averred that many of the images captured and intercepted may consist of images of minors and their parents or friends in compromising or embarrassing positions, including, but not limited to, in various stages of dress or undress.

## COUNT VI – PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT (18 PA. C.S.A. § 5101, *ET SEQ.*)

67. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

68. Section 5703 of the PWESA states in pertinent part:

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

> 1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or aural communication;

69. Section 5702 of the PWESA defines "intercept" to include the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. C.S.A. § 5702.

70. Section 5702 of the PWESA defines "electronic communications" to include "any transfer of signs, signals, writing, images, . . . transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system. . . ." 18 Pa. C.S.A. § 5702.

71. Section 5702 of the PWESA defines "person" as "any employee, or agents of the United States or any state or political subdivision thereof. . . ." 18 Pa. C.S.A. § 5702.

72. Pursuant to § 5702 of the PWESA, Defendants are "persons" within the meaning of the Act, and Defendants' conduct with respect to the webcams complained of constitutes an interception of electronic communications violative of the PWESA.

73. Pursuant to § 5725 of the PWESA:

Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:

    1) Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation, or $1,000.00, whichever is higher.

    2) Punitive damages.

    3) A reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT VII – INVASION OF PRIVACY: PENNSYLVANIA COMMON LAW[1]

74. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

75. At all times material hereto, and pursuant to the common law of Pennsylvania, Plaintiffs and all members of the Class had a reasonable expectation of privacy with respect to the operation of the webcams complained of.

76. Plaintiffs and Class members were never informed of the School District's capability and practice of remotely activating the webcams complained of.

77. As the laptops at issue were routinely used by the students, their friends and family members while at home, it is believed and therefore averred that many of the webcam images captured and/or intercepted consist of minors and/or their parents in compromising or embarrassing positions, including, but not limited to, in various stages of dress or undress.

WHEREFORE, Plaintiffs, Blake J. Robbins, Michael E. Robbins, Holly S. Robbins and all members of the Class, request judgment in their favor and against Defendants, Lower Merion School District, The Board of Directors of the Lower Merion School District and Christopher W. McGinley, jointly and severally, as follows:

    1) for compensatory damages;

---

[1] Should discovery disclose that Defendants are in possession of images constituting child pornography within the meaning of 18 Pa. C.S.A. §6312, *et. seq.*, Plaintiffs will amend this Complaint to assert a cause of action thereunder.

2)    for punitive damages;

3)    for liquidated damages pursuant to the PWESA;

4)    for attorneys' fees and costs;

5)    for declaratory and injunctive relief; and

6)    for such other and further relief as this Court deems just and appropriate.


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues for which a right to jury trial exists.


LAMM RUBENSTONE LLC

By: _____
Mark S. Haltzman, Esquire (#38957)
Stephen Levin, Esquire (#19300)
Frank Schwartz, Esquire (#52729)
3600 Horizon Boulevard, Suite 200
Trevose, PA  19053-4900
(215) 638-9330 / (215) 638-2867 Fax
Attorneys for **Plaintiffs and the Class**

DATED: February 11, 2010