IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons,<br>Plaintiffs, | CIVIL ACTION |
| v. | NO. 2:10-cv-00665-JD |
| **LOWER MERION SCHOOL DISTRICT**, and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT**, and **CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District,<br>Defendants. | |

## PLAINTIFF'S MOTION FOR ISSUANCE OF AN EMERGENCY TEMPORARY RESTRAINING ORDER AND IMPOSITION OF PERMANENT INJUNCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65

Plaintiffs, Blake J. Robbins, a Minor, by his Parents and natural Guardians, Michael E. Robbins and Holly S. Robbins, Individually, and on Behalf of all Similarly Situated Persons, (hereinafter collectively referred to as "Plaintiffs") moves this Honorable Court for issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction pursuant to Federal Rule of Civil Procedure 65, and in support thereof, avers as follows:

1.  On February 16, 2010, Plaintiffs filed a Class Action Complaint against Defendants, Lower Merion School District, The Board of Directors of the Lower Merion School District, and Christopher W. McGinley (hereinafter collectively referred to as

"Defendants"), in the United States District Court for the Eastern District of Pennsylvania, a true copy of which is attached hereto as Exhibit "A."

2. Plaintiffs incorporate by reference each and every allegation set forth in Plaintiffs' Class Action Complaint as if fully set forth at length herein.

3. Since the filing of Plaintiffs' Class Action Complaint, Defendants have admitted that the lap top computers issued to all high school students in the Lower Merion School District contain software which enables Defendants to remotely activate web cams embedded in the lap tops. A true and correct copy of the email sent to all the students and parents on February 18, 2010, all members of the proposed class of Plaintiffs, as well as the statement that appears on the Defendant School District's website are collectively attached hereto as Exhibit "B" and speak for themselves as to Defendant's admissions.

4. The attached exhibits coupled with statements provided by Defendants to the media establish that Defendants have the ability to activate the peeping tom technology by use of an embedded camera in every laptop for the purpose of using such peeping tom technology to take a snap shot of what is appearing in front of the webcam and, what is on the laptop computer screen.

5. Moreover, the Defendants admit its has the ability to unilaterally, arbitrarily and capriciously activate and deactivate the camera and software that is utilized to accomplish this invasion of privacy.

6. Additionally, notwithstanding Defendants' public pronouncement in response to Plaintiffs' institution of their class action that the embedded camera was only activated to and employed to investigate lost or stolen laptops, a number of the affected

class members were interviewed by various news media outlets yesterday, which interviews reveal that the embedded web camera was turned on indiscriminately by Defendants as evidenced by the illumination of a small green light adjacent to the camera that indicated its activation, as has been reported by a number of members of the class.

7. As a direct result of Defendants' wrongful conduct as set forth in Plaintiffs' Class Action Complaint, Plaintiffs have suffered and will continue to suffer immediate and irreparable harm without the injunctive relief requested herein.

8. In fact, Defendants' public pronouncement that the embedded camera was only used to track lost or stolen laptops is at odds with the facts surrounding the class representative's discovery of the peeping tom technology.

9. The class representative was at home using a school issued laptop that was neither reported lost nor stolen when his image was captured by Defendants without his or his parents permission and while he was at home. This captured image was later relied upon by Defendants to suggest that the class representative was engaged in inappropriate behavior.

10. Even the use of the peeping tom technology for the after-the-fact justification recited by Defendants still violates the Plaintiffs' constitutional rights, especially when there clearly exists a less intrusive technology that could have been employed to accomplish the same result.

11. Moreover, Plaintiff is informed that Defendant McGinley and others, at the direction of Defendant McGinley, have been using school system property in the nature of loud speaker announcements to all students allegedly commenting on the litigation, making false and untrue accusations, disparaging the Plaintiffs notwithstanding

the fact that Defendants' have informed the media that a thorough investigation as to the circumstances surrounding nature and extent of the use of the peeping tom technology by Defendants had yet to occur.

12. While the School District has stated that it has directed the immediate disabling of the use of the remote webcam, absent a Court Order, and in light of the School District's prior deceptive practices, there can be no assurances that the School District will disable the use of the remote webcam or, once deactivated, make an internal decision to reactivate the webcam.

13. Moreover, Plaintiff has been informed and believes that Defendants intend to reclaim each laptop from the possession of members of the class for the purpose of wiping clean the hard drive or otherwise engaging in the spoliation of evidence.

14. Plaintiffs have served a litigation hold letter on the Defendants and Kenneth Roos, Esquire, the Defendant's attorney as of yesterday afternoon and thus it is imperative that the Defendants honor this request and preserve all electronic evidence.

15. Plaintiffs will suffer greater harm than Defendants if the injunctive relief requested herein is not granted.

16. Plaintiffs have a reasonable likelihood of success on the merits of their claims against Defendants.

17. Plaintiffs have no adequate remedy at law, as the harm resulting from the remote activation of web cams embedded in the lap tops is an invasion of Plaintiffs' legally protected privacy rights.

18. The injunctive relief requested herein is necessary and appropriate to preserve the status quo existing between the parties and to prevent further invasion of Plaintiffs' legally protected privacy rights, all of which are in the public interest.

19. The injunctive relief requested herein is authorized and appropriate pursuant to Federal Rule of Civil Procedure 65 and applicable Federal Law.

20. Immediate temporary restrains are necessary restraining and enjoining Defendants from further invading the legally protected privacy rights of Plaintiffs.

21. A permanent injunction is warranted as Defendants conduct represents a substantial threat of future harm to Plaintiffs in the form of an invasion of their legally protected privacy rights.

WHEREFORE, Plaintiffs, Blake J. Robbins, a minor, by his Parents and Natural Guardians, Michael E. Robbins and Holly S. Robbins, Individually and on Behalf of all Similarly Situated Persons respectfully request that this Court issue an Emergency Temporary Restraining Order in the form attached hereto pending a hearing on the continuation of the Emergency Temporary Restraining Order and the imposition of a permanent injunction, and specifically that:

1. Defendants, their agents, servants and representatives are hereby enjoined during the pendency of this action and permanently from remotely activating any and all web cams embedded in lap top computers issued to high school students within the Lower Merion School District;

2. Defendants, their agents, servants and representatives are hereby enjoined during the pendency of this action from contacting any members of the proposed class regarding any issue raised by Plaintiffs' Class Action Complaint; and

3. Defendants are to preserve all electronic files, data and storage media which pertain to Plaintiffs' claims and/or Defendants defenses, including, but not limited to, the preservation of any and all images obtained by Defendants via the remote activation of web cams embedded in the lap top computers issued to high school students by the Lower Merion School District.

4. Defendants are enjoined from in any manner taking possession of or therefore altering any of the computers currently in the possession of Lower Merion School District students.

Respectfully submitted,

LAMM RUBENSTONE LLC

Date: 2/19/10   By: _____
Mark S. Haltzman, Esquire
Stephen Levin, Esquire
Frank Schwartz, Esquire
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330