IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents : and Natural Guardians, **MICHAEL E. ROBBINS** : and **HOLLY S. ROBBINS**, Individually, and on : Behalf of all Similarly Situated Persons, : <br>Plaintiffs, : <br>: <br>v.   : <br>: <br>**LOWER MERION SCHOOL DISTRICT**, : and : <br>**THE BOARD OF DIRECTORS OF THE** : <br>**LOWER MERION SCHOOL DISTRICT**, : and : <br>**CHRISTOPHER W. McGINLEY**, : <br>Superintendent of Lower Merion School District, : <br>Defendants. : | CIVIL ACTION <br><br><br><br><br><br>NO. 2:10-cv-00665-JD |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ISSUANCE OF AN
EMERGENCY TEMPORARY RESTRAINING ORDER AND
IMPOSITION OF PERMANENT INJUNCTION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65</u>**

Plaintiffs, Blake J. Robbins, a Minor, by his Parents and Natural Guardians, Michael E. Robbins and Holly S. Robbins, Individually and on Behalf of Similarly Situated Persons (hereinafter collectively referred to as "Plaintiffs"), hereby respectfully submit this Brief in Support of Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65 against Defendants Lower Merion School District ("School District"), The Board of Directors of the Lower Merion School District ("Board") and Christopher W. McGinley ("McGinley") hereinafter collectively referred to as "Defendants."

I.  **INTRODUCTION**

This matter arises out of Defendants wrongful conduct with respect to the remote activation of web cams embedded in lap top computers issued by the School District to all high school students within the School District. As a result of Defendants past and continuing wrongful conduct, the legally protected privacy rights of Plaintiffs have been and continue to be severally violated. Because Defendants wrongful conduct has resulted and continues to result in immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, Plaintiffs now bring the instant Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65 ("Plaintiffs' Motion").

II. **STATEMENT OF FACTS**

Plaintiff hereby incorporates by reference all facts set forth in Plaintiffs' Class Action Complaint (Doc.No.1) and Plaintiffs' Motion, including all defined terms contained therein.

III. **ARGUMENT**

    A.    **Standard Applicable to Grant Temporary Injunctive Relief**

It is well settled within the Third Circuit that:

> To satisfy the injunction standard, the moving party must demonstrate the classic four elements: (1) a reasonable probability of success on the merits; (2) that denial of injunctive relief will result in irreparable harm; (3) that granting injunctive relief will not result in even greater harm to the non moving party; and (4) that granting injunctive relief will be in the public interest.

*Saudi Basic Industry Corp. v. Exxon Corp.*, 364 F.3d 106, 112 (3rd Cir. 2004), citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3rd Cir. 1999).

408480_1

Accordingly, where, as here, all four elements of injunctive relief are established by the moving party, injunctive relief is appropriate.

**B.    Because Plaintiffs Have Established All Four Elements For the Grant of Injunctive Relief, a Temporary Restraining Order is Appropriate.**

As to the first required element – likelihood of success on the merits of movant's claims - it is well settled that Plaintiffs must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp*, 521 F.2d 142, 148 (3rd Cir. 1975). In the instant case, Plaintiffs' legally protected right to privacy is clear and unambiguous. It is also clearly evident that Defendants' conduct set forth in Plaintiffs' Motion and in Plaintiffs' Class Action Complaint is wrongful and violates Plaintiffs' legally protected rights. Accordingly, Plaintiffs' Class Action Complaint and Plaintiffs' Motion clearly establish a reasonable likelihood of success on the merits of Plaintiffs' claims.

With respect to the second element – the denial of injunctive relief will result in irreparable harm to Plaintiffs – it has been held that "in order to demonstrate irreparable harm, [Plaintiff] must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Airfreight, Inc.*, 882 F.2d 797, 801 (3rd Cir. 1989). It is well settled that an invasion of a person's legally protected right to privacy will result in irreparable harm. *Medical Society of New Jersey v. Mottola*, 320 F.Supp. 2nd 254, 276 (D. NJ 2004). In the instant case, Defendants' wrongful conduct has severally invaded Plaintiffs' legally protected right to privacy. Moreover, the harm resulting from Defendants' wrongful conduct is

continuing, making any assessment of monetary damages even more uncertain and difficult. Accordingly, Plaintiffs' Motion clearly establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to Plaintiffs.

The third and fourth elements necessary for injunctive relief – that the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of injunctive relief is in the public interest – are also clearly established in Plaintiffs' Motion. No harm will result to Defendants should injunctive relief be granted. Conversely, immediate and irreparable harm will result to Plaintiffs should injunctive relief be denied. Accordingly, Plaintiff has clearly satisfied the third element. The same is also true with respect to the fourth element in that it is clearly within the public interest that the legally protected privacy rights of Plaintiffs be protected. See *Wolfson v. Lewis*, 924 F.Supp. 1413, 1435 (E.D. Pa. 1996) ("The public has an interest in protecting the privacy rights of its citizens.").

Because Plaintiffs' Motion satisfies each and every element necessary for the grant of injunctive relief, Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction should be granted.

## IV.   **CONCLUSION**

For all of the reasons set forth above, Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of a Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65 should be granted.

Respectfully submitted,

LAMM RUBENSTONE LLC

Date: 2/19/10      By: _____
Mark S. Haltzman, Esquire
Stephen Levin, Esquire
Frank Schwartz, Esquire
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330

408480_1