# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, et al., | : Civil Action |
| Plaintiffs | : No. 10-665 |
| v. | : Hon. Jan E. DuBois |
| LOWER MERION SCHOOL DISTRICT, et al., | : |
| Defendants | : |

## STIPULATION AND ORDER

It is hereby stipulated and agreed by and among plaintiffs, Blake J. Robbins, Michael E. Robbins, and Holly S. Robbins, and defendants, Lower Merion School District ("LMSD"), the Board of Directors of Lower Merion School District, and Christopher W. McGinley, subject to the approval of the Court, as follows:

1. LMSD, their employees, agents, servants and representatives, during the pendency of this action, are prohibited from remotely activating any and all web cams embedded in lap top computers issued to students within the Lower Merion School District or from remotely taking screenshots of such computers.

2. During the pendency of this action, LMSD and its employees, agents, servants and representatives shall not contact any member of the putative class (defined, in plaintiffs' complaint [Doc. No. 1], as "Plaintiffs and all other students, together with their parents and families (the "Class") who have been issued a personal laptop computer equipped with a web camera by the Lower Merion School District") regarding the issues raised by plaintiffs' complaint, provided, however, that: (i) LMSD and its employees may contact students in connection with (a) educational, curriculum, instructional or teaching obligations, (b) administrative matters unrelated to either the facts of the lawsuit or the laptop computers, except

for routine issues related to the upkeep, maintenance, issuance or return of any laptop computer, and further subject only to the prohibitions of section (iii) that follows, (c) disciplinary matters, (d) counseling and guidance matters, (e) matters related to routine record of achievement or report card issues, and (f) all other matters unrelated to any issues that have arisen or may be arise in connection with this lawsuit; (ii) to the extent LMSD seeks to provide an update concerning this lawsuit to LMSD constituents, it shall provide by e-mail a copy of such update to all counsel who have entered an appearance on behalf of Plaintiffs, at least 6 hours before disseminating such update, and shall disseminate such update only after receiving Plaintiff's counsel consent, which consent shall not be unreasonably withheld; and (iii) LMSD and its employees may from time to time provide new software, software updates, or other such releases for the students' laptops in the ordinary course of LMSD's activities, but only after receiving written consent (other than as provided below) from Plaintiffs' counsel to ensure that such new software, software updates or releases will not alter or destroy evidence that may be needed as part of the litigation. The Parties shall promptly undertake to determine whether the provision of any new software, software updates, or releases would alter or destroy any data potentially pertinent to this litigation, and, once it is determined that software, software updates, or releases would not alter or destroy any data potentially pertinent to this litigation, then no prior consent is required.

3. LMSD shall preserve all electronic files, data, and storage media that pertain to Plaintiffs' claims and/or Defendants' defenses, including but not limited to the preservation of any and all images obtained by Defendants via the remote activation of web cameras embedded in the laptop computers that LMSD issued to high school students or a remotely taken screenshots of such computers.

3

4. LMSD shall maintain its existing practice of taking possession of laptops that are currently possessed by students with appropriate authorization only at the end of the school year or in the events of breakage or other technical failure or certain disciplinary actions, **provided, however**, that LMSD shall work with its forensic consultant and Plaintiffs forensic consultant and all parties shall fully cooperate with any law enforcement authority including, but not limited to, the United States Department of Justice, the Federal Bureau of Investigation or the Montgomery County District Attorney's Office, to determine a means for securely preserving any potentially pertinent data contained on any student's laptop and otherwise preserving and maintaining a chain of custody for all evidence.

5. The Parties agree that the laptop currently in Plaintiff's possession shall be turned over in its current condition to a mutually agreed upon forensic consultant who shall make a mirror image of the hard drive using a mutually agreed upon methodology. The mutually agreed upon forensic consultant shall retain possession of the laptop during the pendency of the litigation. LMSD shall provide Plaintiff with a new laptop for his use immediately upon receipt of any fees due for insurance in accordance with LMSD standard policy.

_____
Arthur Makadon
Henry E. Hockeimer, Jr.
Paul Lantieri III
William B. Igoe
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel.   215.665.8500
Fax   215.864.8999
Makadon@ballardspahr.com
HockeimerH@ballardspahr.com
LantieriP@ballardspahr.com
IgoeW@ballardspahr.com

*Attorneys for Defendants, Lower Merion School District, the Board of Directors of the Lower Merion School District, and Christopher W. McGinley*

_____
Mark S. Haltzman
Stephen Levin
Frank Schwartz
Lamm Rubenstone LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
Tel.   215.638.9330
MHaltzman@lammrubenstone.com

*Attorneys for Plaintiffs, Blake J. Robbins, Michael E. Robbins, and Holly S. Robbins*


APPROVED AND SO ORDERED THIS
____ DAY OF FEBRUARY 2010

_____
Jan E. DuBois,
United States District Court Judge

2/20/10   4:45 PM

2-22-10  XC:
Copies to all
Counsel in
open court