# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS, et al.,** ) | |
| Plaintiffs, ) | Civil Action No. 2:10-cv-00665-JD |
| ) | |
| v. ) | |
| ) | |
| **LOWER MERRION SCHOOL** ) | |
| **DISTRICT, et al.,** ) | |
| ) | |
| Defendants. ) | |

## BRIEF OF *AMICUS CURIAE* AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA SUPPORTING ISSUANCE OF INJUNCTION

### STATEMENT OF INTEREST OF AMICUS CURIAE

The American Civil Liberties Union of Pennsylvania ("ACLU-PA") is the Pennsylvania state affiliate of the American Civil Liberties Union, a nonprofit, nonpartisan membership organization founded in 1920 to protect and advance civil liberties throughout the United States. The ACLU-PA has approximately 16,000 members across the Commonwealth, including some whose children attend high schools in the Lower Merrion School District. The principal mission of the ACLU-PA is to protect the civil liberties of those who live, work and raise families in this Commonwealth. The ACLU-PA has a long history of defending

Pennsylvanians' privacy rights in both the federal and state courts, as counsel for parties in some cases and as *amicus curiae* in others.

The ACLU-PA takes the unusual step of submitting a brief *amicus curiae* at this early stage of a U.S. District Court proceeding because of the egregious privacy violation alleged by the plaintiffs in this case, and because the briefs submitted to the Court thus far provide incomplete citation to relevant case precedent. The ACLU-PA relies on the factual allegations contained in plaintiffs' Class Action Complaint, particularly paragraphs 23-26, and the allegations in the Motion for Preliminary Injunction. This brief is limited to supporting plaintiffs' argument that the school district's actions, assuming the validity of the allegations, violate the Fourth Amendment to the U.S. Constitution and, therefore, this Court should issue an appropriate preliminary injunction order enjoining the school district from activating students' laptop cameras or any other electronic monitoring devices until further order of this Court.

## ARGUMENT

The right to privacy inside one's home "is sacrosanct."[1] The "'right of a man to retreat into his own home and there be free from unreasonable

---

[1] *United States v. Zimmerman*, 277 F.3d 426, 431 (3d Cir. 2002).

2

governmental intrusion' stands '[a]t the very core' of the Fourth Amendment."[2]

Indeed, "unreasonable government intrusion into the home is "the chief evil against which the wording of the Fourth Amendment is directed."[3] Accordingly, it is a "'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable."[4]

That school officials' warrantless, non-consensual use of a camera, embedded in students' laptops, inside the home is a search cannot be doubted.[5] The use of "sense-enhancing technology" to obtain "information regarding the interior of the home that could not otherwise have been obtained without physical

---

[2] *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (citations omitted).

[3] *Id.*, quoting *Payton v. New York,* 445 U.S. 573, 585 (1980). *See also, Id.* at 589-9 ("The Fourth Amendment protects the individual's privacy in a variety of settings, [but] [i]n none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home-a zone that finds its roots in clear and specific constitutional terms: 'The right of the people to be secure in their . . . houses . . . shall not be violated.' That language unequivocally establishes the proposition that '[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.").

[4] *Groh,* 540 U.S. at 559, quoting *Payton*, 445 U.S. at 586.

[5] While the act of placing the camera inside students' laptops may not implicate the Fourth Amendment, once the camera is used a search has occurred that, absent a warrant or consent, violates the Fourth Amendment. *See United States v. Karo*, 468 U.S. 705, 712 (1984).

'intrusion into a constitutionally protected area,'" constitutes a search.[6] Electronic video surveillance is sense-enhancing technology that triggers the Fourth Amendment's warrant requirement.[7] Courts have held that the requirements of Title III of the Omnibus Crime Control and Safe Streets Act of 1969 ("Title III")[8] support both the legitimacy of the expectation of non-surveillance within the home and supply the benchmark requirements for issuance of a video-surveillance warrant.[9] Surreptitious video surveillance inside the home is far more intrusive

---

[6] *Kyllo v. United States*, 533 U.S. 27, 34 (2001) (citations omitted) (use of thermal imager to detect heat from marijuana grow lamps inside the house is a search)

[7] *See, e.g., United States v. Torres*, 751 F.2d 875, 882-84 (7th Cir. 1984), *cert. denied*, 470 U.S. 1087 (1985); *United States v. Biasucci*, 786 F.2d 504 (2d Cir. 1986), cert. denied, 479 U.S. 827 (1986); *United States v. Koyomejian*, 970 F.2d 536 (9th Cir. 1992) (en banc), cert. denied, 506 U.S. 1005 (1992); *United States v. Mesa- Rincon*, 911 F.2d 1433 (10th Cir. 1990); *United States v. Cuevas-Sanchez*, 821 F.2d 248 (5th Cir. 1987); *United States v. Falls*, 34 F.3d 674 (8th Cir. 1994); *United States v. Williams*, 124 F.3d 411 (3d Cir. 1997) (assuming the validity of the approach of the other circuits). *See also, Bernhard v. City of Ontario*, 270 Fed. Appx. 518, 520 (9th Cir. Cal. 2008) (and cases cited therein). While the case is non-precedential, the court denies qualified immunity for a privacy violation in the employment setting on the ground that the legal proposition is well settled.

[8] 18 U.S.C. §§ 2510-2520.

[9] *See, e.g.*, *United States v. Lee,* 359 F.3d 194, 203 (3d Cir.2004); *United States v. Falls,* 34 F.3d 674, 678-80 (8th Cir.1994); *United States v. Cuevas-Sanchez,* 821 F.2d 248, 252 (5th Cir.1987); *see also United States v. Urban,* 404 F.3d 754, 773 (3d Cir.2005) ("We have assumed that Title III applies to video surveillance"); *United States v. Williams,* 124 F.3d 411, 418 (3d

and revealing than the infrared, thermal detection unit at issue in *Kyllo*. And, in fact, the "extraordinarily serious intrusions into personal privacy" caused by video surveillance has prompted some courts to require the government to justify such searches "by an extraordinary showing of need."[10] At least one Court has termed such surveillance "Orwellian."[11]

Importantly, school district officials cannot claim greater authority than can law-enforcement officers to engage in searches of students under the relaxed "reasonable suspicion" standard that typically applies to *in-school* searches under cases like *New Jersey v. T.L.O.*[12] and *Board of Education of Independent School District No. 92 of Pottawatomie Co. v. Earls*.[13] Those cases are predicated on the recognition that "*the school setting* requires some easing of the restrictions to

---

Cir.1997) (applying requirements of Title III in the context of video surveillance).

[10] *See United States v. Nerber*, 222 F.3d 597, 603-604 (9th Cir. 2000), and cases cited therein.

[11] *United States v. Falls*, 34 F.3d 674, 680 (8th Cir. 1994) ("It is clear that silent video surveillance results . . . in a very serious, some say Orwellian, invasion of privacy.").

[12] 495 U.S. 325, 340 (1985).

[13] 536 U.S. 822, 829-30 (2002).

which searches by public authorities are ordinarily subject."[14]  Since the school district's search in this case occurred outside of the "school setting," the school search cases are inapplicable.

## CONCLUSION

In sum, plaintiffs are likely to prevail on their claim that the school district's non-consensual, warrantless surveillance of young Mr. Robbins, inside the privacy of their home, violated the Fourth Amendment.  In light of the potentially egregious invasion of privacy attending surreptitious video surveillance inside the home, and the irreparable harm caused thereby, the ACLU-PA wholeheartedly endorses the plaintiffs' request for an immediate order enjoining the defendants, and others who may be acting in concert with them, from using any electronic surveillance on students outside of the school grounds unless they comply with Title III and the Fourth Amendment's warrant requirement.

---

[14] *Morse v. Frederick*, 551 U.S. 393, 406 (2007) (citations omitted; emphasis added).

Respectfully submitted,

| | |
|---|---|
| Seth F. Kreimer<br>PA I.D. No. 26102<br>3400 Chestnut Street<br>Philadelphia, PA 19104<br>(215) 898-7447 (tel.) | /s/ *Witold J. Walczak*<br>Witold J. Walczak<br>PA ID No.: 62976<br>313 Atwood Street<br>Pittsburgh, PA  15213<br>(412) 681-7864 (tel.)<br>(412) 681-8707 (fax)<br>vwalczak@aclupgh.org<br><br>/s/ *Mary Catherine Roper*<br>Mary Catherine Roper<br>P.O. Box 40008<br>Philadelphia, PA 19106<br>(215) 592-1513 (tel.)<br>(215) 592-1343 (fax)<br>mroper@aclupa.org |

Counsel for *Amicus Curiae*
American Civil Liberties Union of Pennsylvania

February 22, 2010