IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, et al., | : Civil Action |
| Plaintiffs | : No. 10-665 |
| v. | : Hon. Jan E. DuBois |
| LOWER MERION SCHOOL DISTRICT, et al., | : |
| Defendants | : |

## STIPULATED ORDER

It is hereby stipulated and agreed by and among plaintiffs, Blake J. Robbins, Michael E. Robbins, and Holly S. Robbins, and defendants, Lower Merion School District ("LMSD"), the Board of Directors of LMSD, and Christopher W. McGinley, subject to the approval of the Court, as follows:

### RECITALS

A. Pursuant to the Order entered on February 23, 2010, defendants currently have until March 25, 2010 to respond to the complaint.

B. LMSD and plaintiffs' counsel are in the process of investigating the facts relating to the history and use of the laptop tracking software application at issue in this action. With the assistance of their respective counsel and respective computer forensic specialists, LMSD and plaintiffs' counsel are seeking to ascertain, among other things: (i) the extent to which the laptop tracking software application was used; and (ii) to what extent there exists evidence of the use of the laptop tracking software application (such as webcam photographs). The parties are hopeful that this information will enable an expeditious and cost-effective resolution of this action that is in the best interests of the parties and LMSD students, parents, and taxpayers. In any event, LMSD's and plaintiffs' counsel's investigation will better inform

the parties so that an independent determination can be made by each party regarding whether and how to proceed with this action. Accordingly, the parties jointly request that the Court extend defendants' time to respond to the complaint by one month while the investigation proceeds.

C.  Paragraph 2(ii) of the Stipulation and Order dated February 22, 2010 ("February 22 Order") provides that "to the extent LMSD seeks to provide an update concerning this lawsuit to LMSD constituents, it shall provide by e-mail a copy of such update to all counsel who have entered an appearance on behalf of Plaintiffs at least 6 hours before disseminating such update, and shall disseminate such update only after receiving Plaintiffs' counsel['s] consent, which consent shall not be unreasonably withheld." While remaining mindful of the parties' obligations with respect to the putative class, the parties jointly request that the Court amend the February 22 Order to allow LMSD greater flexibility to communicate with the public concerning this lawsuit.

## AGREEMENT

1.  Defendants shall have until April 26, 2010 to answer, move, or otherwise plead in response to the complaint.

2.  Plaintiffs shall file and serve a response(s) to any motion(s) to dismiss within thirty (30) days of service of any such motion(s).

3.  Two (2) copies of the documents identified in paragraphs 1 and 2 above shall be served on the Court (Chambers, Room 12613) when the originals are filed.

2

4. Should additional time be required for the investigation described in paragraph B of the Recitals set forth above, the parties shall so advise the Court by letter to Chambers by April 12, 2010.

5. Paragraph 2 is stricken from the February 22 Order.

6. During the pendency of this action, LMSD and its employees, agents, servants, and representatives shall not directly contact, in person, by e-mail, or otherwise, any members of the putative class (defined, in plaintiffs' complaint [Doc. No. 1], as "Plaintiffs and all other students, together with their parents and families (the "Class") who have been issued a personal laptop computer equipped with a web camera by the Lower Merion School District") regarding the issues raised by plaintiffs' complaint.

7. LMSD and its employees, agents, servants, and representatives may from time to time provide new software, software updates, or other such releases for students' laptops in the ordinary course of LMSD's activities, but only after receiving written consent (other than as provided below) from Plaintiffs' counsel to ensure that any such new software, software updates, or other such releases will not alter or destroy evidence that is potentially pertinent to this litigation. The parties shall promptly undertake to determine whether the provision of any new software, software updates, or other such releases would alter or destroy any evidence potentially pertinent to this litigation, and once it is determined that software, software updates, or other such releases would not alter or destroy any data potentially pertinent to this litigation, then no prior consent shall be required.

3

DMEAST #12258061 v5

Date: March 10, 2010

| | |
|---|---|
| *signature: Mark S. Haltzman /PL*<br>Mark S Haltzman<br>Stephen Levin<br>Frank Schwartz<br>Lamm Rubenstone LLC<br>3600 Horizon Boulevard, Suite 200<br>Trevose, PA 19053<br>Tel. 215.638.9330<br>MHaltzman@lammrubenstone.com<br>SLevin@lammrubenstone.com<br>FSchwartz@lammrubenstone.com<br><br>*Attorneys for Plaintiffs, Blake J. Robbins, Michael E. Robbins, and Holly S. Robbins* | *signature*<br>Arthur Makadon<br>Henry E. Hockeimer, Jr.<br>Paul Lannieri III<br>William B. Igoe<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Tel. 215.665.8500<br>Fax 215.864.8999<br>Makadon@ballardspahr.com<br>HockeimerH@ballardspahr.com<br>LannieriP@ballardspahr.com<br>IgoeW@ballardspahr.com<br><br>*Attorneys for Defendants, Lower Merion School District, the Board of Directors of the Lower Merion School District, and Christopher W. McGinley* |

APPROVED AND SO ORDERED THIS
10th DAY OF MARCH 2010

*signature: Jan E. DuBois*
Jan E. DuBois,
United States District Court Judge

DMEAST #12268061 v5