**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents | : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E. ROBBINS** | : | |
| and **HOLLY S. ROBBINS**, Individually, and on | : | |
| Behalf of all Similarly Situated Persons | : | |
| | : | |
| v. | : | NO. 2:10-CV-0665-JD |
| | : | |
| **LOWER MERION SCHOOL DISTRICT** | : | |
| and **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT** | : | |
| and **CHRISTOPHER W. McGINLEY**, | : | |
| Superintendent of Lower Merion School District | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiff's Motion to Compel Appearance of Carol Cafiero at Deposition, and any responses thereto,

IT IS HEREBY ORDERED that said Motion to Compel is GRANTED, and Carol Cafiero is to appear for her deposition at the offices of Plaintiffs' counsel on April 9, 2010, at 10:00 a.m. and shall bring with her all documents in her possession responsive to the Document Request attached to the Subpoena.

IT IS FURTHER ORDERED and DECREED that sanctions are imposed upon Carol Cafiero in the amount of Five Thousand Dollars ($5,000.00) for attorneys' fees as the result of her refusal to appear pursuant to the Subpoena.

BY THE COURT:

_____
JAN E. DUBOIS, U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BLAKE J. ROBBINS**, a Minor, by his Parents   :   CIVIL ACTION
and Natural Guardians, **MICHAEL E. ROBBINS** :
and **HOLLY S. ROBBINS**, Individually, and on   :
Behalf of all Similarly Situated Persons       :
                                  :
            v.                       :   NO. 2:10-CV-0665-JD
                                    :
**LOWER MERION SCHOOL DISTRICT**     :
and **THE BOARD OF DIRECTORS OF THE**  :
**LOWER MERION SCHOOL DISTRICT**     :
and **CHRISTOPHER W. McGINLEY**,     :
Superintendent of Lower Merion School District  :

## PLAINTIFFS' MOTION TO COMPEL APPEARANCE OF
## CAROL CAFIERO AT DEPOSITION PURSUANT TO RULE 37(a)

      Plaintiffs, Blake J. Robbins, a Minor, by his Parents and natural Guardians, Michael E. Robbins and Holly S. Robbins, Individually, and on Behalf of all Similarly Situated Persons (hereinafter collectively referred to as "Plaintiffs"), by their undersigned counsel, Lamm Rubenstone LLC, move this Honorable Court for an Order compelling the appearance of **Carol Cafiero** ("Cafiero"), Information System Coordinator, an employee by Defendant Lower Merion School District and, in support thereof, aver as follows:

      1.    On February 16, 2010, Plaintiffs filed a Class Action Complaint against Defendants, Lower Merion School District, The Board of Directors of the Lower Merion School District, and Christopher W. McGinley (hereinafter collectively referred to as "Defendants"), in the United States District Court for the Eastern District of Pennsylvania.

      2.    Plaintiffs incorporate by reference each and every allegation set forth in Plaintiffs' Class Action Complaint as if fully set forth at length herein.

      3.    Since the filing of Plaintiffs' Class Action Complaint, Defendants have admitted that the laptop computers issued to all high school students in the Lower Merion School District

contain software which enables Defendants to remotely activate webcams embedded in the laptops.  A copy of the statement is attached hereto as Exhibit A and speaks for itself as to Defendant's admissions.

4.      Upon information and belief, and Defendant School District has also admitted, that Cafiero is one of only two employees of Defendant with direct day- to- day responsibility for the use, operation and implementation of all procedures involving the School-issued laptop computers, including use of the "peeping Tom technology."

5.      Based on discovery obtained to date, Lower Merion School District has **no** written procedures or other safeguards to prevent Cafiero any other person from activating the embedded webcam contained in the School District webcam at any time she or any other person so chooses.

6.      Cafiero also has direct responsibility to control and employ activation of the webcam by others without knowledge of the School District.

7.      Immediately, upon conclusion of the mandatory Rule 26(f) conference, Plaintiffs, as is their right under the Federal Rules of Civil Procedure, initiated the issuance of discovery subpoenas to persons, firms or companies that may have information that is relevant or admissible to the issues involved in the litigation or that may lead to such information.

8.      Such discoverable information is necessary to answer the "who, what, why, when and where" questions on the use of the School District's spying software.

9.      The parties agreed to a Stipulated Order on March 10, 2010 (the "Stipulated Order"), which, among other things, recognized the importance of the parties ascertaining at the earliest opportunity "the extent to which the laptop tracking software application was used" and "to what extent there exists evidence of the use of the laptop tracking software application (such as webcam photographs)."

10.     The Stipulated Order reflects that the parties were "hopeful that this information [would] enable an expeditious and cost-effective resolution of this action that is in the best interests of the parties and LMSD students, parents and taxpayers."

11.     One of the essential depositions that is needed to allow this matter to be expeditiously resolved is the deposition of Cafiero.

12.     Depositions of other key employees like Michael Perbix and Lindy Matsko have been cooperatively scheduled.

13.     Criminal defense counsel for Cafiero agreed to accept service of the Subpoena which contained an original return date of March 16, 2010. A true and correct copy of the served Subpoena is attached hereto as Exhibit B.

14.     Due to a planned vacation of Cafiero's criminal defense counsel, the original return date of the Subpoena was changed.

15.     At the time this request was made by Cafiero's criminal defense counsel, no mention was made that there was any reason why Cafiero would not be produced for her deposition.

16.     As a consequence of that request by Cafiero's criminal defense counsel, Plaintiffs' counsel, as a courtesy, agreed to reschedule the Cafiero deposition.

17.     In furtherance of the Stipulated Order's goal of an expeditious resolution, the parties reached an amicable accord for full disclosure of discoverable materials, which included the taking of the depositions of Perbix, Matsko and Cafiero on April 7, 8 and 9.

18.     By email from Plaintiffs' counsel, a request to Cafiero's criminal defense counsel was made that he select from among the three party agreed upon dates in April for the Cafiero deposition, specifically April 7, 8 or 9.

19.     Despite several additional email requests that he select a date for his client's deposition, Cafiero's criminal defense counsel first failed to respond and then on March 17, 2010, responded by refusing to produce his client at all, now claiming instead that her deposition was "premature."

20.     There is no basis in law for a non-party witness to claim that a deposition is "premature."

21.     Moreover, upon information and belief, due to Defendants' prior activities in using the "peeping Tom technology" and/or as a precaution to prevent any possible claim that evidence of the use of the "peeping Tom technology" was destroyed, the Defendant School District has placed Cafiero on **paid** administrative leave.

22.     Since Cafiero is being paid by the taxpayers of Lower Merion School District not to work, rather than refusing to cooperate which will delay a resolution of the case, Cafiero should be fully cooperating.

23.     Since the United States Department of Justice and the Montgomery County District Attorney's office have launched separate criminal investigations, and since the United States Senate has launched its own investigation and has indicated the need to conduct hearings, it is believed and therefore averred that Cafiero's refusal to appear for her deposition, despite issuance of a Subpoena, has more to do with her effort to avoid incriminating herself rather than some nonsensical and non-existent claim that her deposition is "premature."

24.     Plaintiffs' counsel has no information that Cafiero has been informed that she is either the target or subject of any criminal investigation by any law enforcement agency and thus any claim of presumed invocation of her Fifth Amendment privilege is perhaps what may really be termed "premature."

25.     Nevertheless, notwithstanding any possible criminal culpability and notwithstanding any indication that she is either the target or subject of a criminal investigation, the Plaintiffs have the right to take her deposition and obtain her "on the record" refusal to answer questions put to her, invoking her right not to incriminate herself under the Fifth Amendment, if that is her real motivation for refusing to appear.

26.     Unquestionably, Cafiero is a key employee of the Defendant School District whose deposition is required in order to expeditiously resolve this litigation.

27.     Cafiero and others had the absolute and unfettered ability, at any time and under any conditions, to activate the spying software whenever she elected.

28.     Cafiero, using the spying software, may have captured images, video and computer screenshots, authorized or unauthorized, and may have evidence of her actions in her possession.

29.     Cafiero may have intentionally, carelessly or negligently permitted or allowed others to access the spying software, without official sanction, in violation of privacy rights and the Fourth Amendment of the victims of such unlawful use.

30.     Cafiero's unfettered right to use the spying software may have resulted in her use of the spying software for purposes other than the Defendant School District's announced policy of tracking lost or stolen laptops.

31.     Cafiero, upon information and belief, also engaged in communications with the software publisher and may have gained knowledge on uses of the spying software not generally known by or shared with the Defendants.

32.     Upon information and belief, the spying software has the capability to perform more functions, and perform more functions surreptitiously, than it was believed was generally known when it was installed.

33.     By way of example only, Cafiero may have relevant information on the supposed possibility of the spying software to be activated, resulting in the activation of the embedded camera, without the attendant green camera activation light coming on.

34.     Cafiero may have relevant information on why many students of the Defendant School District have reported laptop camera activations despite never having reported their laptops to be either lost or stolen.

35.     For all of the above reasons, the Cafiero deposition is relevant and necessary to develop a full factual understanding of the use of the spying software by Defendant School District and its employees and is thus absolutely necessary, along with other key discovery, to permit a complete and expeditious resolution of the litigation in the best interests of all litigants, the students of the School District, their parents and the taxpayers of the District.

Respectfully submitted,

**LAMM RUBENSTONE** LLC

By: _____
        Mark S. Haltzman, Esquire
        Stephen Levin, Esquire
        Frank Schwartz, Esquire
        3600 Horizon Blvd., Suite 200
        Trevose, PA 19053
        215-638-9330
        Attorneys for **Plaintiffs**

DATED: March 18, 2010

# EXHIBIT A

## Laptop Security Updates

« Back

Translate

# LMSD initial response to invasion of privacy allegation

Updated 2/18/10 5:26 PM

Dear LMSD Community,

Last year, our district became one of the first school systems in the United States to provide laptop computers to all high school students. This initiative has been well received and has provided educational benefits to our students.

The District is dedicated to protecting and promoting student privacy. The laptops do contain a security feature intended to track lost, stolen and missing laptops. This feature has been deactivated effective today.

The following questions and answers help explain the background behind the initial decision to install the tracking-security feature, its limited use, and next steps.

• Why are webcams installed on student laptops?

The Apple computers that the District provides to students come equipped with webcams and students are free to utilize this feature for educational purposes.

• Why was the remote tracking-security feature installed?

Laptops are a frequent target for theft in schools and off school property. The security feature was installed to help locate a laptop in the event it was reported lost, missing or stolen so that the laptop could be returned to the student.

• How did the security feature work?

Upon a report of a suspected lost, stolen or missing laptop, the feature was activated by the District's security and technology departments. The tracking-security feature was limited to taking a still image of the operator and the operator's screen. This feature has only been used for the limited purpose of locating a lost, stolen or missing laptop. The District has not used the tracking feature or web cam for any other purpose or in any other manner whatsoever.

• Do you anticipate reactivating the tracking-security feature?

Not without express written notification to all students and families.

We regret if this situation has caused any concern or inconvenience among our students and families. We are reviewing the matter and will provide an additional update as soon as information becomes available.

Sincerely,

Dr. Christopher McGinley
Superintendent

« Back | Posted: 2/18/10 at 4:54 PM

# EXHIBIT B

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT ~~for the~~ OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  10-0665 |
| | ) | |
| LOWER MERION SCHOOL DISTRICT, et al. | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   CAROL CAFIERO

☒ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:    See attached.

| Place:  Lamm Rubenstone LLC<br>         3600 Horizon Boulevard, Suite 200<br>         ~~Trevose, PA  19053-4900~~ | Date and Time:<br>Tusday, March 16, 2010  2:00 pm |
|---|---|

The deposition will be recorded by this method:   Videotape and Court Transcript

☒ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   3/    /10

| _CLERK OF COURT_ | | |
|---|---|---|
| _[signature]_ | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Plaintiffs
_____ , who issues or requests this subpoena, are:
Mark S. Haltzman, Esquire, Lamm Rubenstone LLC, 3600 Horizon Boulevard, Suite 200, Trevose, PA  19053-4900, mhaltzman@lammrubenstone.com, (215) 638-9330

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons | : : : : : | CIVIL ACTION |
| v. | : : | NO. 10-0665 |
| **LOWER MERION SCHOOL DISTRICT** and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT** and **CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District | : : : : : | JURY TRIAL DEMANDED |

## DOCUMENTS TO BE PRODUCED

Plaintiffs, Blake J. Robbins, Michael E. Robbins, Holly S. Robbins, individually and on behalf of all similarly situated persons, by and through their undersigned counsel, hereby demand that Deponent named herein on the attached Subpoena bring with him/her the following documents and things for inspection and copying as required and demanded by the Subpoena.

## I.    INSTRUCTIONS

1.    You are expected to produce documents in accordance with the items and categories listed below under "Documents Requested." Duplicates referenced in one item or category may be cross-referenced to another item or category instead of producing extra copies.

2.    You are producing all responsive documents within your possession, custody or control or in the possession, custody or control of your attorneys, accountants, or other agents, or trustees, wherever located.

3.    If any requested documents are deemed to call for the production of privileged or work product materials, and such privilege or work product are asserted, identify in writing each document withheld and provide the following information:

(a)    The reason for withholding the document;

(b)    A statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

(c)    A brief description of the document. including the date of the document, the number of pages and any attachments or appendices;

(d)    The name of its author or authors and identification by employment and title of each such person;

(e)    The name of each person who was sent, shown or blind or carbon copied with the document, or has had access to or custody of the document, together with an identification of each such person;

(f)    The present custodian of the document; and

(g)    The subject matter of the document and, in place of any document relating or referring to a meeting or conversation, an indication of such meeting or conversation.

4.    These Requests are deemed to be continuing so as to require the prompt, further and supplemental production without further request if you locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein.

## II.    DEFINITIONS

### A.    Specific Definitions

1.    "Plaintiffs" as used herein shall mean, collectively, Blake J. Robbins, Michael E. Robbins, Holly S. Robbins, and all persons similarly situated.

2.    "Defendants" as used herein shall mean, collectively, The Lower Merion School District, The Board of Directors of the Lower Merion School District, and Christopher W. McGinley.

3.    "Class" as used herein shall mean all students of Harriton High School and/or Lower Merion High School who were issued laptop computers equipped with a webcam, together with their family members.

4.    "School District" as used herein shall mean the Lower Merion School District.

5.    "Board" as used herein shall mean the Board of Directors of Lower Merion School District.

6.    "Superintendent" and/or "McGinley" shall mean Superintendent of Schools Christopher W. McGinley.

7.    "Class Period" as used herein shall mean time period from September 1, 2008 to present.

8.    "Software" shall mean any computer program, of whatever nature, which enables the remote activation of webcams embedded in laptop computers issued to high school students by the School District.

9.    "Laptop" and/or "laptops" as used herein shall mean any and all laptop computers issued by the School District to high school students which contained embedded webcams.

## B.    General Definitions

1.    The word "document" or "documents" is used in its customary broad sense to the fullest extent provided by the Federal Rules of Civil Procedure.  These include all written, typed, printed, recorded or graphic statements, communications or other matters, however produced or reproduced, in your possession, custody or control.  This also includes, but is not limited to, any pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, minutes or records of Boards of Directors, Committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports or summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper and magazine clippings, stenographic, handwritten or other notes, notebooks, projections, Court or arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, and any other document, writing or other data compilation of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, or in the memory unit containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

2.     A document "relates to" or is "relating to" a particular fact, matter or event when it proves or disproves or tends to prove or disprove, that fact, matter or event; or contains information concerning, explaining or providing a background for understanding that fact, matter or event; or is evidence of or a result of that fact, matter or event; or could lead to additional relevant information concerning, explaining or providing a background for understanding that fact, matter or event; or was produced, altered or signed as a part of or as a result of that fact, matter or event.

3.     As used herein, "communication" means any non-documentary transmission of information and shall include, but not be limited to, oral statements, telephone conversations, negotiations, conferences or meetings, however formal or informal.

4.     "Person" or "persons" as used herein shall include, without limitation, any individual, firm, partnership, corporation or any department, agency, board, bureau, division, branch or section of any department or agency of the municipal, state, local or federal government, any predecessors or successors in interest, any other entity, and also any "person" or "persons" who have acted or purported to act on their behalf, including, but not limited to, joint ventures.

5.     "Identify" or "identity" as used herein in connection with any person or persons requires the following information for each person:

(a)     The person's full name;

(b)     The person's last known business address and business telephone number;

(c)     The person's last known home address;

(d)     The name of the person's last known employer; and

(e)     The person's last known title, position or business, and a description of his functions.

6.     "Identify" or "identity" as used herein in connection with any document requires the following information for each document:

(a)     The title of the document with sufficient particularity to permit its identification;

(b)     The name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

(c)     The date on which each document was prepared;

(d)     Identify each person who received or obtained a copy of each document; and

(e)   If all copies of the document have been destroyed, "identify" the person or persons authorizing the destruction of the document and specify the date the destruction of the document occurred.

7.   "Describe" or "description" as used herein in connection with any act, occurrence, occasion, conference, discussion, instance or event, or any series of acts, occurrences, occasions, conferences, discussions, instances or events requires, in addition to a complete factual description of the transaction or series of transactions pertaining thereto, the following information:

(a)   The identify of each and every person involved and each witness thereto as provided in the definition of "identify;"

(b)   The date, time and place thereof;

(c)   In chronological sequence, the actions, statements, utterances and course of conduct of each such person involved, together with anything else which transpired; and

(d)   A description of each and every document relating thereto, whether prepared during or as a result of the act, occurrence, occasion, conference, discussion, instance or event or series of acts, occurrences, occasions, conferences, discussions, instances or events as set forth in the definition of "identify" for documents.

## III.   **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.   Please produce all documents in your possession relating or referring to your employment with the Lower Merion School District.

2.   Please produce copies of any and all images obtained by the School District via the remote activation of webcams embedded in the Laptops.

3.   Please produce copies of any and all documents recording, referring or relating to the manner and/or method by which webcams embedded in the Laptops can be remotely activated by any employee, agent, representative or independent contractor of the School District.

4.   Please produce copies of any and all documents recording, referring or relating to all guidelines, policies, and procedures which govern or in any way pertain to

the remote activation by employees, agents, representatives or independent contractors of the School District of webcams embedded in the Laptops.

5.      Please produce copies of any and all documents recording, referring or relating to any and all communications between any employee, agent, representative or independent contractor of any of the Defendants and any member of the Class pertaining to the school district's ability to remotely activate webcams embedded in the Laptops.

6.      Please produce copies of any and all documents recording, referring or relating to communications among and between employees, agents, representatives or independent contractors of any of the Defendants pertaining to the webcams embedded in the Laptops.

7.      Please produce copies of any and all documents recording, referring or relating to communications between any employee, agent, representative or independent contractor of any of the Defendants and any third parties pertaining to the webcams embedded in the Laptops.

8.      Please produce copies of any and all documents recording, referring or relating to the manner and/or method by which any images generated by the remote activation of webcams embedded in any Laptop are preserved.

9.      Please produce copies of any and all documents recording, referring or relating to the circumstances under which any employee, agent, representative or independent contractor of the School District is authorized to remotely activate a webcam embedded in a Laptop.

10.     Please produce copies of any and all documents recording, referring or relating to any guidelines, policies and/or procedures designed to insure that only authorized persons are able to remotely activate a webcam embedded in a Laptop, and that said authorized persons do so only under specifically approved circumstances.

11.     Please produce all log books, record books or other written materials that demonstrate, depict, identify or preserve the number of times you, or someone acting in concert with you or under your supervision, direction and control, activated the webcam or took a screenshot in connection with any School-issued webcam where no prior notice or authorization was provided by the laptop user in advance.

12.     Please identify all courses, seminars or home study which you attended or in which you engaged where the use of the software published by Pole Position, its successors and assigns, was a subject of the coursework or seminar.  Identify all written materials received by anyone while taking such courses.

13.     Please identify the name, position, business address and home address (if known) of each and every employee of Lower Merion School District that:

(a)     Has knowledge of the software published by Pole Position for use in LMSD computers;

(b)     Supervises or directs your activities while you were employed at LMSD;

(c)     Provided authorization on the times, dates and subjects for or against whom the Pole Position software would be employed and why;

(d)    You reported to upon concluding any investigation using the Pole Position software to activate a laptop webcam or to take a screenshot of any computer screen; or

(e)    Has knowledge on the current location of any and all evidence created by use of the Pole Position software, either by camera activation or screenshots.

14.    Please identify and produce for copying all streaming video, audio tracks and still video you captured using the Pole Position or other software depicting any student, staff or administration of LMSD from September 2008 to the present.

15    Please identify and produce all home or personal computers either owned by you or a member of your household for the time period from September 2008 to the present.

16.    Please identify by make, model and where purchased and produce all home or personal computers purchased by you, or on your behalf, within the last 18 months.

17.    Please identify the location of any home or personal computer discarded by you, or on your behalf, within the last 18 months.

18.    Please produce your credit card statements for the past 24 months depicting all purchases of computers and computer-related supplies, hardware, peripherals and software.

19.    Please identify all training courses you took or gave on the proper use and employment of the Pole Position software and all written materials you either received or handed out.

20.    Please identify the link, subject matter and date of any and all blog posts or Internet activity where you discuss this software published by Pole Position specifically or surveillance of an unknowing subject generally.

**LAMM RUBENSTONE** LLC

By: _____
        Mark S. Haltzman, Esquire
        Stephen Levin, Esquire
        Frank Schwartz, Esquire
        3600 Horizon Boulevard, Suite 200
        Trevose, PA 19053
        215-638-9330
        Attorneys for **Plaintiffs**

DATED: March __5__, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents | : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E. ROBBINS** | : | |
| and **HOLLY S. ROBBINS**, Individually, and on | : | |
| Behalf of all Similarly Situated Persons | : | |
| | : | |
| v. | : | NO. 2:10-CV-0665-JD |
| | : | |
| **LOWER MERION SCHOOL DISTRICT** | : | |
| and **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT** | : | |
| and **CHRISTOPHER W. McGINLEY**, | : | |
| Superintendent of Lower Merion School District | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date written below the foregoing Plaintiffs' Motion to Compel Appearance of Carol Cafiero at Deposition Pursuant to Rule 37(a) was filed electronically and is available for viewing and downloading from the ECF system, which also electronically served same on the following at the email addresses indicated:

Arthur Makadon, Esquire
Henry E. Hockeimer, Jr., Esquire
Paul Lantieri, III, Esquire
William B. Igoe, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
makadon@ballardspahr.com
aleardi@ballardspahr.com
congerm@ballardspahr.com
electronicservice@ballardspahr.com
hill@ballardspahr.com
lantierip@ballardspahr.com
collinsv@ballardspahr.com
igoew@ballardspahr.com
Attorneys for **Defendants**

Mary Catherine Roper, Esquire
American Civil Liberties
  Union of Pennsylvania
mroper@aclupa.org
Attorneys for **American Civil**
  **Liberties Union of Pennsylvania**

**VIA REGULAR MAIL TO:**
Charles D. Mandracchia, Esquire
Mandracchia & McWhirk LLP
2024 Cressman Road
P.O. Box 1229
Schwenksville, PA  19473
Attorneys for **Carol Cafiero**

**LAMM RUBENSTONE** LLC

By: _____
     Mark S. Haltzman, Esquire
     Stephen Levin, Esquire
     Frank Schwartz, Esquire
     Attorneys for **Plaintiffs**

DATED: March 18, 2010

409456-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents | : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E. ROBBINS** | : | |
| and **HOLLY S. ROBBINS**, Individually, and on | : | |
| Behalf of all Similarly Situated Persons, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO.  2:10-cv-00665-JD |
| | : | |
| **LOWER MERION SCHOOL DISTRICT,** | : | |
| and | : | |
| **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT,** | : | |
| and | : | |
| **CHRISTOPHER W. McGINLEY,** | : | |
| Superintendent of Lower Merion School District, | : | |
| Defendants. | : | |

### CERTIFICATION PURSUANT TO RULE 37(a)

Mark Haltzman, counsel of the Plaintiff hereby certifies that he attempted to in good faith confer with Charles Mandracchia, Esquire, who represented himself to the undersigned as counsel for deponent Carol Cafiero and who accepted service of the Subpoena referenced in the Motion.

After accepting service of the Subpoena, Mr. Mandracchia then refused to produce Ms. Cafiero claiming that the appearance was "premature." Efforts to convince Mr. Mandracchia to produce his client were unavailing.

Mark Haltzman, Esquire