IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLAKE J. ROBBINS, et al.,           :      Civil Action
                                     :
                Plaintiffs           :      No. 10-0665-JD
                                     :
        v.                           :
                                     :
LOWER MERION SCHOOL DISTRICT,  :
et al.,                              :
                                     :
                Defendants           :

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of

the Motion of Carol Cafiero to Quash Subpoena, and any response thereto, it is hereby

ORDERED that:

1.      The Motion of Carol Cafiero to Quash Subpoena is GRANTED; and

2.      The subpoena issued to Carol Cafiero directing her to testify at a

deposition in this action and to produce certain documents at the deposition is

QUASHED, and any deposition of Carol Cafiero in this action is STAYED until further

Order of the Court.

                        BY THE COURT:


                        _____

                        Jan E. Dubois, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al., | : | Civil Action |
| | : | |
| Plaintiffs | : | No. 10-0665-JD |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL DISTRICT, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## MOTION OF CAROL CAFIERO TO QUASH SUBPOENA

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure and for the reasons

set forth in the accompanying Memorandum of Law, Carol Cafiero, by and through her

undersigned counsel, hereby moves for an Order quashing the subpoena issued by the

plaintiffs' counsel commanding her to testify at a deposition in this action and produce

certain documents at the deposition.

Respectfully submitted,


/s/ Charles D. Mandracchia
Charles D. Mandracchia
Jeffrey W. Soderberg
Attorney I.D. Nos. 52844 & 55369
Mandracchia & McWhirk, LLC
2024 Cressman Road
P.O. Box 1229
Skippack, PA 19474
610-584-0700

Attorneys for movant Carol Cafiero

Dated: March 18, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al., | : | Civil Action |
| | : | |
| Plaintiffs | : | No. 10-0665-JD |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL DISTRICT, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW OF MOVANT CAROL CAFIERO IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA**

**I.     INTRODUCTION**

Movant Carol Cafiero is not a party to this action.  She is an employee on the

technology staff of the Lower Merion School District, one of the defendants.  Mrs.

Cafiero respectfully moves the Court to quash the subpoena issued by the plaintiffs'

counsel commanding her to testify at a deposition in this action and produce certain

documents at the deposition.  The Court should grant Mrs. Cafiero's motion, quash the

subpoena and stay her deposition, because the deposition is premature, unnecessary and

would unduly and unfairly burden Mrs. Cafiero.

**II.     STATEMENT OF FACTS**

This action was brought by plaintiffs Blake J. Robbins, a minor, by his parents

and natural guardians Michael E. and Holly S. Robbins, individually and on behalf of all

similarly situated persons.  The defendants in the action are the Lower Merion School

District (the "District"), the Board of Directors of the District and the Superintendent of

the District.  Mrs. Cafiero, who is not a party, is employed by the District on its

technology staff as information systems coordinator.[1]

The plaintiffs asserted in the complaint filed on February 16, 2010 that the defendants have been spying on the activities of the plaintiffs and class members by use of and ability to remotely activate the webcams incorporated into each laptop issued to students by the District, without the knowledge or consent of the plaintiffs or the members of the class. [Complaint, ¶ 2.] The plaintiffs asserted that the defendants invaded the plaintiffs' privacy and violated the Electronic Communications Privacy Act, the Computer Fraud Abuse Act, the Stored Communications Act, Section 1983 of the Civil Rights Act, the Fourth Amendment of the United States Constitution, the Pennsylvania Wiretapping and Electronic Surveillance Act and Pennsylvania common law. [Complaint, ¶¶ 1, 3.]

This Court issued an Order dated February 22, 2010 requiring that the defendants file and serve a response to the complaint within thirty days and that the parties' initial disclosures under Fed. R. Civ. P. 26(a)(1) be completed within thirty days. [Docket Entry No. 15.] By Stipulated Order dated March 10, 2010, the time for defendants to file a response to the complaint was extended until April 26, 2010. [Docket Entry No. 19.]

According to a report posted on the Philadelphia local news and information website "philly.com" on February 22, 2010, the United States Attorney's Office announced that day that it had commenced an investigation, involving the Federal Bureau of Investigation, the Montgomery County District Attorney's Office, the Montgomery County Detectives and the Lower Merion Police Department, relating to the allegations that the District remotely activated webcams on the laptop computers that were issued to

---

[1]     The District placed Mrs. Cafiero on paid administrative leave as of February 24, 2010, without explanation.

students.

In early March counsel for the plaintiffs emailed to counsel for Mrs. Cafiero, and counsel for Mrs. Cafiero accepted service of, a subpoena commanding Mrs. Cafiero to testify at a deposition at the offices of plaintiffs' counsel on March 16, 2010 and to bring certain documents specified on an attached schedule of requested documents.[2]  The schedule attached to the subpoena specifies twenty categories of documents to be produced.[3]

Counsel for Mrs. Cafiero notified counsel for the plaintiffs that he and Mrs. Cafiero would not be available for a deposition on the date set forth in the subpoena.  On March 11, 2010, counsel for the plaintiffs sent an email to counsel for Mrs. Cafiero stating that the deposition of Mrs. Cafiero would occur on April 7, 8 or 9.

---

[2]      Copies of the subpoena and the attached schedule of documents to be produced are attached hereto collectively as Exhibit 1.  The subpoena is a form "Subpoena to Testify at a Deposition in a Civil Action" and states in pertinent part that "You are commanded to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action."  The subpoena also states: "You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See attached."

[3]      These categories of documents include, for example: "copies of any and all images obtained by the School District via the remote activation of webcams embedded in the Laptops" [No. 2]; "copies of any and all documents ... relating to the manner and/or method by which webcams embedded in the Laptops can be remotely activated by any employee, agent, representative or independent contractor of the School District" [No. 3]; "copies of any and all documents ... relating to all guidelines, policies, and procedures which govern or in any way pertain to the remote activation  by employees, agents, representative or independent contractors of the School District of webcams embedded in the Laptops" [No. 4]; "copies of any and all documents . . . relating to any and all communications between any employee, agent, representative or independent contractor of any of the Defendants and any member of the Class pertaining to the school district's ability to remotely activate webcams embedded in the Laptops" [No. 5]; "copies of any and all documents . . . relating to communications among and between employees, agents, representatives and independent contractors of any of the Defendants pertaining to the webcams embedded in the Laptops" [No. 6]; "copies of any and all documents . . . relating to communications between any employee, agent, representative or independent contractor of any of the Defendants and any third parties pertaining to the webcams embedded in the Laptops" [No. 7]; "copies of any and all documents . . . relating to the manner and/or method by which any images generated by the remote activation of webcams embedded in any Laptop are preserved" [No. 8]; "copies of any and all documents . . . relating to the circumstances under which any employee, agent, representative or independent contractor of the School District is authorized to remotely activate a webcam embedded in a Laptop" [No. 9]; and "copies of any and all documents . . . relating to any guidelines, policies and/or procedures designed to insure that only authorized persons are able to remotely activate a webcam embedded in a Laptop, and that said authorized persons do so only under specifically approved circumstances" [No. 10].

3

## III.   ARGUMENT

The Court should grant Mrs. Cafiero's motion to quash the subpoena and stay her deposition for several reasons: the deposition is premature; the deposition is unnecessary; and, under the applicable rules and case law, the deposition would impose an unfair burden upon Mrs. Cafiero.

The plaintiffs' proposed deposition of Mrs. Cafiero pursuant to the subpoena is premature. The deadline for the parties to complete initial disclosures under Rule 26(a)(1) is approximately one week from now. The deadline for the defendants to file responses to the plaintiffs' complaint recently was extended until April 26, 2010. This action is in its procedural infancy. Moreover, the stipulated order approved by the Court on March 10, 2010 stated that after the parties' investigation with the assistance of their counsel and computer forensic specialists, "an independent determination can be made by each party regarding whether and how to proceed with this action." [Stipulated Order dated March 10, 2010.] Until the pleadings are closed and the parties make their respective determinations regarding whether and how to proceed with this action it is not clear what claims will remain part of this action and what the relevant subject matter of the action will be.

The plaintiffs' proposed deposition of Mrs. Cafiero also is unnecessary. Any information which Mrs. Cafiero might be able to provide would simply be duplicative of information which the plaintiffs will be able to obtain from the defendants and other sources in a less burdensome manner. See Fed R. Civ. P. 26(b)(2)(C)(i).

The parties are required to complete their initial disclosures under Fed. R. Civ. P. 26(a)(1) within thirty days of the Court's Order dated February 22, 2010. It is likely that

most of the categories of documents specified in the schedule of documents to be produced that is attached to the subpoena for Mrs. Cafiero's deposition, including by way of example copies of all images obtained by the District via remote activation of webcams in the laptops issued to the students, documents relating to the manner in which webcams in the laptops can be remotely activated by any employee, agent, representative or contractor of the District, documents relating to all guidelines, policies and procedures pertaining to any such remote activation, and documents relating to any communications between any employee, agent, representative or contractor of the defendants and any member of the class regarding the District's ability to remotely active the webcams in the laptops, will be the subject of the defendants' initial disclosures.

Furthermore, as stated in the Stipulation and Order approved by the Court on March 10, 2010, the parties are in the process of investigating with the assistance of their respective computer forensic specialists the extent to which the laptop tracking software at issue in this action was used and to what extent there exists evidence of the use of such laptop tracking software such as webcam photographs. There is simply no need for the deposition of Mrs. Cafiero, a non-party to this action, when the plaintiffs can obtain from the defendants or from the parties' computer forensic specialists the same (or even more extensive) information which they seek to obtain from Mrs. Cafiero by deposition.

The subpoenas also should be quashed because the deposition would impose an unfair burden upon Mrs. Cafiero. See Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). Mrs. Cafiero is not a party to this case. Requiring her to appear and testify at a deposition in this action and produce twenty categories of documents at such a deposition would impose an unreasonable burden upon her, especially where the

information the plaintiffs seek from Mrs. Cafiero is obtainable from the defendants or other sources.

In addition, in light of the pending government investigation relating to the allegations that the District without authorization remotely activated webcams on the laptop computers that were issued to students, requiring Mrs. Cafiero to testify at a deposition in this action at this time would constitute an unfair burden and be contrary to applicable case law.  See In re: J.E. Brenneman Co., Inc., Nos. Civ. A. 01-1442, Civ. A. 01-2099 (E.D. Pa. Mar. 18, 2003), 2003 WL 1560155 (E.D.Pa.); Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F.Supp.2d 523 (D.N.J. 1998).

## IV.    CONCLUSION

For the foregoing reasons, movant Carol Cafiero respectfully requests that the Court grant her motion to quash the subpoena for her deposition in this action and stay her deposition until further order of this Court.

Respectfully submitted,


/s/ Charles D. Mandracchia
Charles D. Mandracchia
Jeffrey W. Soderberg
Attorney I.D. Nos. 52844 & 55369
Mandracchia & McWhirk, LLC
2024 Cressman Road
P.O. Box 1229
Skippack, PA 19474
610-584-0700

Attorneys for movant Carol Cafiero

Dated: March 18, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al., | : | Civil Action |
| | : | |
| Plaintiffs | : | No. 10-0665-JD |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL DISTRICT, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 26.1(f)**

I, Charles D. Mandracchia, attorney for movant Carol Cafiero, certify that Mrs.

Cafiero's attorneys have communicated by telephone with counsel for the plaintiffs in an

effort to resolve the dispute which is the subject of the Motion to Quash Subpoena, but

that after reasonable effort we were unable to resolve the dispute.


/s/ Charles D. Mandracchia
Charles D. Mandracchia
Attorney I.D. No. 52844
Mandracchia & McWhirk, LLC
2024 Cressman Road
P.O. Box 1229
Skippack, PA 19474
610-584-0700

Attorneys for movant Carol Cafiero

Dated: March 18, 2010

## CERTIFICATE OF SERVICE

I, Charles D. Mandracchia, counsel for movant Carol Cafiero, certify that on

March 18, 2010, true and correct copies of the foregoing Motion of Carol Cafiero to

Quash Subpoena, supporting Memorandum of Law, proposed Order and this Certificate

were served by United States mail, postage paid, upon the following:

Mark S. Haltzman
Lamm Rubenstone LLC
3600 Horizon Blvd.
Suite 200
Trevose, PA 19053

Arthur Makadon
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Mary Catherine Roper
ACLU of PA
P.O. Box 40008
Philadelphia, PA 19106

/s/ Charles D. Mandracchia
Charles D. Mandracchia
Attorney I.D. No. 52844
Mandracchia & McWhirk, LLC
2024 Cressman Road
P.O. Box 1229
Skippack, PA 19474
610-584-0700

Attorneys for movant Carol Cafiero

Dated: March 18, 2010

# EXHIBIT 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT ~~for the~~ OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  10-0665 |
| | ) | |
| LOWER MERION SCHOOL DISTRICT, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   CAROL CAFIERO

**XX** *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

> See attached.

| Place:  Lamm Rubenstone LLC | Date and Time: |
|---|---|
| 3600 Horizon Boulevard, Suite 200 ~~Trevose, PA   19053-4900~~ | Tusday, March 16, 2010   2:00 pm |

The deposition will be recorded by this method:   Videotape and Court Transcript

**XX** *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

> See attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   3/   /10

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*          OR          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

Mark S. Haltzman, Esquire, Lamm Rubenstone LLC, 3600 Horizon Boulevard, Suite 200, Trevose, PA   19053-4900, mhaltzman@lammrubenstone.com, (215) 638-9330

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons | : : : : : | CIVIL ACTION |
| **v.** | : : | NO. 10-0665 |
| **LOWER MERION SCHOOL DISTRICT** and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT** and **CHRISTOPHER W. McGINLEY,** Superintendent of Lower Merion School District | : : : : : | JURY TRIAL DEMANDED |

## DOCUMENTS TO BE PRODUCED

Plaintiffs, Blake J. Robbins, Michael E. Robbins, Holly S. Robbins, individually and on behalf of all similarly situated persons, by and through their undersigned counsel, hereby demand that Deponent named herein on the attached Subpoena bring with him/her the following documents and things for inspection and copying as required and demanded by the Subpoena.

## I.   **INSTRUCTIONS**

1.     You are expected to produce documents in accordance with the items and categories listed below under "Documents Requested." Duplicates referenced in one item or category may be cross-referenced to another item or category instead of producing extra copies.

2.     You are producing all responsive documents within your possession, custody or control or in the possession, custody or control of your attorneys, accountants, or other agents, or trustees, wherever located.

3.     If any requested documents are deemed to call for the production of privileged or work product materials, and such privilege or work product are asserted, identify in writing each document withheld and provide the following information:

(a)     The reason for withholding the document;

  (b) A statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

  (c) A brief description of the document. including the date of the document, the number of pages and any attachments or appendices;

  (d) The name of its author or authors and identification by employment and title of each such person;

  (e) The name of each person who was sent, shown or blind or carbon copied with the document, or has had access to or custody of the document, together with an identification of each such person;

  (f) The present custodian of the document; and

  (g) The subject matter of the document and, in place of any document relating or referring to a meeting or conversation, an indication of such meeting or conversation.

  4. These Requests are deemed to be continuing so as to require the prompt, further and supplemental production without further request if you locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein.

## II. DEFINITIONS

### A. Specific Definitions

  1. "Plaintiffs" as used herein shall mean, collectively, Blake J. Robbins, Michael E. Robbins, Holly S. Robbins, and all persons similarly situated.

  2. "Defendants" as used herein shall mean, collectively, The Lower Merion School District, The Board of Directors of the Lower Merion School District, and Christopher W. McGinley.

  3. "Class" as used herein shall mean all students of Harriton High School and/or Lower Merion High School who were issued laptop computers equipped with a webcam, together with their family members.

  4. "School District" as used herein shall mean the Lower Merion School District.

5.    "Board" as used herein shall mean the Board of Directors of Lower Merion School District.

6.    "Superintendent" and/or "McGinley" shall mean Superintendent of Schools Christopher W. McGinley.

7.    "Class Period" as used herein shall mean time period from September 1, 2008 to present.

8.    "Software" shall mean any computer program, of whatever nature, which enables the remote activation of webcams embedded in laptop computers issued to high school students by the School District.

9.    "Laptop" and/or "laptops" as used herein shall mean any and all laptop computers issued by the School District to high school students which contained embedded webcams.

## B.    General Definitions

1.    The word "document" or "documents" is used in its customary broad sense to the fullest extent provided by the Federal Rules of Civil Procedure. These include all written, typed, printed, recorded or graphic statements, communications or other matters, however produced or reproduced, in your possession, custody or control. This also includes, but is not limited to, any pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, minutes or records of Boards of Directors, Committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports or summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper and magazine clippings, stenographic, handwritten or other notes, notebooks, projections, Court or arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, and any other document, writing or other data compilation of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, or in the memory unit containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

2.     A document "relates to" or is "relating to" a particular fact, matter or event when it proves or disproves or tends to prove or disprove, that fact, matter or event; or contains information concerning, explaining or providing a background for understanding that fact, matter or event; or is evidence of or a result of that fact, matter or event; or could lead to additional relevant information concerning, explaining or providing a background for understanding that fact, matter or event; or was produced, altered or signed as a part of or as a result of that fact, matter or event.

3.     As used herein, "communication" means any non-documentary transmission of information and shall include, but not be limited to, oral statements, telephone conversations, negotiations, conferences or meetings, however formal or informal.

4.     "Person" or "persons" as used herein shall include, without limitation, any individual, firm, partnership, corporation or any department, agency, board, bureau, division, branch or section of any department or agency of the municipal, state, local or federal government, any predecessors or successors in interest, any other entity, and also any "person" or "persons" who have acted or purported to act on their behalf, including, but not limited to, joint ventures.

5.     "Identify" or "identity" as used herein in connection with any person or persons requires the following information for each person:

(a)     The person's full name;

(b)     The person's last known business address and business telephone number;

(c)     The person's last known home address;

(d)     The name of the person's last known employer; and

(e)     The person's last known title, position or business, and a description of his functions.

6.     "Identify" or "identity" as used herein in connection with any document requires the following information for each document:

(a)     The title of the document with sufficient particularity to permit its identification;

(b)     The name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

(c)     The date on which each document was prepared;

(d)     Identify each person who received or obtained a copy of each document; and

408915-1                              -4-

(e)   If all copies of the document have been destroyed, "identify" the person or persons authorizing the destruction of the document and specify the date the destruction of the document occurred.

7.   "Describe" or "description" as used herein in connection with any act, occurrence, occasion, conference, discussion, instance or event, or any series of acts, occurrences, occasions, conferences, discussions, instances or events requires, in addition to a complete factual description of the transaction or series of transactions pertaining thereto, the following information:

(a)   The identify of each and every person involved and each witness thereto as provided in the definition of "identify;"

(b)   The date, time and place thereof;

(c)   In chronological sequence, the actions, statements, utterances and course of conduct of each such person involved, together with anything else which transpired; and

(d)   A description of each and every document relating thereto, whether prepared during or as a result of the act, occurrence, occasion, conference, discussion, instance or event or series of acts, occurrences, occasions, conferences, discussions, instances or events as set forth in the definition of "identify" for documents.

## III.   REQUEST FOR PRODUCTION OF DOCUMENTS

1.   Please produce all documents in your possession relating or referring to your employment with the Lower Merion School District.

2.   Please produce copies of any and all images obtained by the School District via the remote activation of webcams embedded in the Laptops.

3.   Please produce copies of any and all documents recording, referring or relating to the manner and/or method by which webcams embedded in the Laptops can be remotely activated by any employee, agent, representative or independent contractor of the School District.

4.   Please produce copies of any and all documents recording, referring or relating to all guidelines, policies, and procedures which govern or in any way pertain to

the remote activation by employees, agents, representatives or independent contractors of the School District of webcams embedded in the Laptops.

5.     Please produce copies of any and all documents recording, referring or relating to any and all communications between any employee, agent, representative or independent contractor of any of the Defendants and any member of the Class pertaining to the school district's ability to remotely activate webcams embedded in the Laptops.

6.     Please produce copies of any and all documents recording, referring or relating to communications among and between employees, agents, representatives or independent contractors of any of the Defendants pertaining to the webcams embedded in the Laptops.

7.     Please produce copies of any and all documents recording, referring or relating to communications between any employee, agent, representative or independent contractor of any of the Defendants and any third parties pertaining to the webcams embedded in the Laptops.

8.     Please produce copies of any and all documents recording, referring or relating to the manner and/or method by which any images generated by the remote activation of webcams embedded in any Laptop are preserved.

9.     Please produce copies of any and all documents recording, referring or relating to the circumstances under which any employee, agent, representative or independent contractor of the School District is authorized to remotely activate a webcam embedded in a Laptop.

10.    Please produce copies of any and all documents recording, referring or relating to any guidelines, policies and/or procedures designed to insure that only authorized persons are able to remotely activate a webcam embedded in a Laptop, and that said authorized persons do so only under specifically approved circumstances.

11.    Please produce all log books, record books or other written materials that demonstrate, depict, identify or preserve the number of times you, or someone acting in concert with you or under your supervision, direction and control, activated the webcam or took a screenshot in connection with any School-issued webcam where no prior notice or authorization was provided by the laptop user in advance.

12.    Please identify all courses, seminars or home study which you attended or in which you engaged where the use of the software published by Pole Position, its successors and assigns, was a subject of the coursework or seminar.  Identify all written materials received by anyone while taking such courses.

13.    Please identify the name, position, business address and home address (if known) of each and every employee of Lower Merion School District that:

(a)    Has knowledge of the software published by Pole Position for use in LMSD computers;

(b)    Supervises or directs your activities while you were employed at LMSD;

(c)    Provided authorization on the times, dates and subjects for or against whom the Pole Position software would be employed and why;

(d)     You reported to upon concluding any investigation using the Pole Position software to activate a laptop webcam or to take a screenshot of any computer screen; or

(e)     Has knowledge on the current location of any and all evidence created by use of the Pole Position software, either by camera activation or screenshots.

14.     Please identify and produce for copying all streaming video, audio tracks and still video you captured using the Pole Position or other software depicting any student, staff or administration of LMSD from September 2008 to the present.

15     Please identify and produce all home or personal computers either owned by you or a member of your household for the time period from September 2008 to the present.

16.     Please identify by make, model and where purchased and produce all home or personal computers purchased by you, or on your behalf, within the last 18 months.

17.     Please identify the location of any home or personal computer discarded by you, or on your behalf, within the last 18 months.

18.     Please produce your credit card statements for the past 24 months depicting all purchases of computers and computer-related supplies, hardware, peripherals and software.

19.     Please identify all training courses you took or gave on the proper use and employment of the Pole Position software and all written materials you either received or handed out.

20.     Please identify the link, subject matter and date of any and all blog posts or Internet activity where you discuss this software published by Pole Position specifically or surveillance of an unknowing subject generally.


**LAMM RUBENSTONE** LLC

By: _____

    Mark S. Haltzman, Esquire
    Stephen Levin, Esquire
    Frank Schwartz, Esquire
    3600 Horizon Boulevard, Suite 200
    Trevose, PA 19053
    215-638-9330
    Attorneys for **Plaintiffs**


DATED: March __5__, 2010