IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BLAKE J. ROBBINS, et. al., Plaintiffs, v. LOWER MERION SCHOOL DISTRICT, et al., Defendants. | CIVIL ACTION NO. 2:10-CV-00665JD |
|---|---|

**PLAINTIFF-INTERVENORS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO MOTION TO INTERVENE**

**ARGUMENT**

Plaintiff-Intervenors ("Intervenors") hereby respond to the motion (Doc. 25) of Plaintiffs to triple the period in which they must respond to the intervention motion filed on March 18, 2010.[1] Intervenors demonstrated why intervention is not only available as of right and warranted under the rule of permissive intervention, but why it is exigent as well. The parties are purportedly holding settlement talks and exchanging discovery that bears directly on the interests of Intervenors, which conflict with Plaintiffs' interests. In order to protect those interests,

---

[1] Under Local Rule 7.1(c), Plaintiffs have fourteen days after the filing date of the intervention motion, or April 2, 2010. By requesting an extension to April 28, Plaintiffs seek to respond three times later than required, to April 28. Plaintiffs' motion to extend, on its face, has nothing to do with scheduling conflicts. It is calculated to delay consideration of Intervenors' motion in order to exclude Intervenors from the upcoming settlement and discovery proceedings. Such impetus for an extension should be grounds alone to deny Plaintiffs' request.

Intervenors must be able to participate in such settlement talks and discovery. Accordingly, Intervenors request that the Court either deny Plaintiffs' motion or, in the alternative, require that no depositions go forward until after the intervention motion is decided. If Intervenors prevail on their motion, then judicial economy would be best served by examining witnesses just once.

Intervenors' motion is straightforward and easily meets the requirements for intervention under Fed. R. Civ. P. 24. Perhaps recognizing this, Defendants have advised the Court (Doc. 26) they do not oppose the motion. Defendants, however, simultaneously "welcome the participation of the proposed intervenors" and support Plaintiffs' request for an extension, in order to "enable an expeditious and cost-efficient resolution of this litigation." Defs. Response at 1-2. Defendants' position is an oxymoron. It is impossible to welcome Intervenors' "participation" while at the same time exclude them from the very process in which they seek to participate. What Intervenors seek is to participate – at no delay or additional cost to the parties -- in discovery and settlement negotiations that directly impact Intervenors and the families of 500-600 LMSD high school students that support Intervenors.

As for Plaintiffs, their motion is tantamount to an opposition to the intervention motion. The motion serves as a pocket veto rather than one by pen, and conveys to the putative class Plaintiffs seek to represent that their input during this crucial stage of the proceedings is unwelcome. An extension, accordingly, would have precisely the same effect as an opposition inasmuch as the parties will have attempted to resolve their dispute without the involvement or participation of Intervenors.

Intervenors seek specific injunctive relief that Plaintiffs have not sought. (See Complaint in Intervention, Prayer for Relief (Doc. 21-1)). Accordingly, Intervenors must participate at the earliest possible date in order to ensure that any settlement will not compromise the rights and

interests of the LMSD high school community. That the parties are presently involved in settlement talks and discovery compels *denial* of the request for an extension, not granting it.

It is a specious claim that Intervenors' participation would "cause delay and will add significant additional expense." Pls. Motion ¶ 4; *accord* Defs. Response at 1. In fact, the opposite would be true if the Court were to grant Intervenors' proposed requests. If Intervenors are unable to participate in the ongoing discovery and settlement talks, then Intervenors' subsequent "participation" would add unnecessary time and expense, as the discovery would need to be duplicated and the settlement would have to be vetted by Intervenors. Therefore, either Plaintiffs' motion should be denied or the taking of depositions should await Intervenors' participation.

The other considerations Plaintiffs give to support its request for an extension are irrelevant and/or weigh against their motion. Plaintiffs argue (1) that discovery may reveal that the Intervenors' children themselves have been recorded by use of the webcams on their laptops; (2) Plaintiffs need to investigate whether counsel for Intervenors have a conflict of interest from "representing the proposed intervention class"; and (3) Plaintiffs' counsel has communicated with Intervenors' counsel and wants to do so again "after the conclusion of the investigation." Pls. Motion ¶¶ 5-8.

First, if Intervenors' children were recorded by LMSD's remote webcam activation capability, that is all the more reason for intervention sooner rather than later. Intervenors and many other parents could have filed their own individual actions to guarantee their promptly learning of any such instances, but decided instead to limit both the Court's and LMSD's burden by proceeding within the framework of the existing case.

Second, Plaintiffs' inflammatory charge of a potential conflict of interest fails on two

3

fundamental grounds. Nowhere in the Motion to Intervene or Complaint in Intervention do Intervenors seek to represent an "intervention class" or any class. In addition, Intervenors' counsel seek no fees or reimbursement of costs. Plaintiffs do not need the time they seek to investigate their "conflict" theory.

Third, the fact that Plaintiffs' counsel has had a few telephone discussions with Intervenors' counsel is of no moment. Initially, Plaintiffs' implication that they cannot simultaneously respond to Intervenors' motion and manage other aspects of the case is inconsistent with their claim that they are capable of trying a complex class action against well-funded Defendants. More to the point, no such communications have exhibited any level of cooperation from Plaintiffs' counsel. In any case, that counsel have opened a dialogue is no reason to delay Intervenors' very important motion under the present exigent circumstances.

**CONCLUSION**

For the reasons stated herein, Intervenors respectfully request that the Court either deny Plaintiffs' motion for extension of time, or require that no documents be produced to Plaintiffs or depositions be taken until the intervention motion is resolved.

Dated: March 23, 2010                                          Respectfully Submitted,

**LANGSAM STEVENS & SILVER LLP**                **BONI & ZACK LLC**

*Larry D. Silver (sig)*                          *Michael J. Boni*
Larry D. Silver                                  Michael J. Boni
David E. Romine                                  15 St. Asaphs Road
1616 Walnut Street                               Bala Cynwyd, PA 19004
Philadelphia, PA 19103-5319                      (610) 822-0200 Phone
(215) 732-3255 Phone                             (610) 822-02006 Fax
(215) 732-3260 Fax

**BERGER & MONTAGUE, P.C.**                     **LAW OFFICES OF THOMAS F. GRADY, P.C.**

*Bart D. Cohen (sig)*                            *Thomas F. Grady (sig)*
Bart D. Cohen                                    Thomas F. Grady
Neill W. Clark                                   The Bye-Benson House
1622 Locust Street                               2033 Walnut Street
Philadelphia, PA 19103                           Philadelphia, PA 19103
(215) 875-3000 Phone                             (215) 977-7400 Phone
(215) 875-4604 Fax

*Counsel for Plaintiff-Intervenors*