IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, a Minor, by his Parents and Natural Guardians, MICHAEL E. ROBBINS and HOLLY S. ROBBINS, Individually, and on Behalf of all Similarly Situated Persons,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>LOWER MERION SCHOOL DISTRICT, THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT, and CHRISTOPHER W. McGINLEY, Superintendent of Lower Merion School District,<br>　　　　Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. 10-665 |

## ORDER

**AND NOW**, this 30th day of March, 2010, upon consideration of plaintiffs' Motion for Extension of Time to File a Response to Motion to Intervene (Document No. 25, filed March 22, 2010), Defendants' Response to Plaintiffs' Motion for an Extension of Time to File a Response to Motion to Intervene (Document No. 26, filed March 22, 2010), and Plaintiff-Intervenors' Memorandum of Law in Response to Plaintiffs' Motion for Extension of Time to File a Response to Motion to Intervene (Document No. 29, filed March 23, 2010), and good cause appearing, **IT IS ORDERED** that plaintiffs' Motion for Extension of Time to File a Response to Motion to Intervene is **GRANTED**. Plaintiffs shall file and serve their response to the Motion for Intervention on or before April 28, 2010. Two (2) copies of the response shall be served on the Court (Chambers, Room 12613) when the original is filed.

The decision of the Court is based on the following:

1. Plaintiffs, Michael E. and Holly S. Robbins, filed this action on their own behalf and on behalf of their minor son, Blake J. Robbins, and as a Class Action on behalf of a class

consisting of minor plaintiff and all other students who have been issued a personal laptop computer equipped with a web camera by the Lower Merion School District, their parents and certain other persons. The gravamen of the Complaint is that the web camera was improperly remotely activated by representatives of Lower Merion School District without the permission of the students or their parents, and without the issuance of any policies regarding such remote activation of the web camera.

2. On March 17, 2010, Larry D. Silver, Esquire, David E. Romine, Esquire, Michael J. Boni, Esquire, Bart D. Cohen, Esquire, Neill W. Clark, Esquire, and Thomas F. Grady, Esquire, all representing Colleen and Kenneth Wortley, Frances and David McComb, and Christopher and Lorena Chambers, parents of Lower Merion High School students who were provided by Lower Merion School District with personal laptop computers equipped with a web camera that could be remotely activated ("intervenors"), filed a Motion for Intervention.

3. Pursuant to the Stipulated Order issued by the Court on March 10, 2010, the Lower Merion School District and plaintiffs' counsel "are in the process of investigating the facts relating to the history and use of the laptop tracking software application at issue in this action" such that "[t]he the parties are hopeful that this information will enable an expeditious and cost-effective resolution of this action that is in the best interests of the parties and [Lower Merion School District] students, parents, and taxpayers." To this end, the parties have advised the Court that the investigation is proceeding and they are conducting limited discovery in an effort to determine the full extent of the use of the web camera and any resultant pictures, screen shots or other information obtained from the use of that technology. The parties anticipate that the investigation will conclude by April 20, 2010.

4. Plaintiffs state in their Motion for Extension of Time that, until the investigation is

completed, plaintiffs "cannot know to what extent, if any, it will be necessary and/or appropriate to permit the intervention of additional parents, with additional counsel . . . ," which plaintiffs claim will cause delay and will add significant additional expense. Plaintiffs further state in their motion that counsel needs additional time to investigate and research the issues presented by the motion.

5. The Lower Merion School District does not oppose plaintiffs' motion although it stated in its response to the motion that it welcomes the participation of the proposed intervenors and all District parents and students. The District went on to state in its response that "the plaintiffs' requested extension would provide the District's special counsel and computer forensic specialists a reasonable amount of time to complete their investigation of the facts relating to the history and use of the laptop tracking software application, and thus protect the District from incurring additional and potentially unnecessary legal expenses as the investigation proceeds."

6. The Court has been advised that plaintiffs' counsel has communicated with the attorneys for the proposed intervenors, and that counsel for Lower Merion School District plans to meet with counsel for the proposed intervenors on March 30, 2010, for the purpose of discussing with them in detail the scope and progress of the District's investigation to date, and the District plans to make public the results of the investigation.

7. The concerns presented by the proposed intervenors in their Motion for Intervention will be considered by the Court prior to ruling on that motion.

BY THE COURT:

3/31/10 faxes + emails to All Counsel. See Attacks,

_____
JAN E. DUBOIS, J.

3