IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, a Minor, by his Parents and Natural Guardians, MICHAEL E. ROBBINS and HOLLY S. ROBBINS, Individually, and on Behalf of all Similarly Situated Persons,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOWER MERION SCHOOL DISTRICT, THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT, and CHRISTOPHER W. McGINLEY, Superintendent of Lower Merion School District,<br>　　　　Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. 10-665 |

## ORDER

AND NOW, this 1st day of April, 2010, upon consideration of Plaintiffs' Motion to Compel Appearance of Carol Cafiero at Deposition Pursuant to Rule 37(a) (Document No. 20, filed March 18, 2010); Response of Carol Cafiero in Opposition to Plaintiffs' Motion to Compel Her Appearance at Deposition (Document Nos. 30-32, filed March 29, 2009); Motion of Carol Cafiero to Quash Subpoena (Document No. 24, filed March 18, 2010); and Plaintiffs' Response to the Motion of Carol Cafiero to Quash Subpoena (Document No. 33, filed March 30, 2010), the Court noting from the motions that the deposition is scheduled for April 9, 2010, **IT IS ORDERED** that Plaintiffs' Motion to Compel Appearance of Carol Cafiero is **GRANTED** and the Motion of Carol Cafiero to Quash Subpoena is **DENIED**.

The Court's ruling is based upon the following:

1.　The issue presented by both Plaintiffs' Motion to Compel and Cafiero's Motion to Quash is whether Cafiero is required to appear for a deposition on April 9, 2010. Plaintiffs argue that as Information System Coordinator at Lower Merion School District, Cafiero's deposition is

necessary "to develop a full factual understanding of the use of the spying software." (Mot. to Compel ¶ 35.) She is "one of only two employees of Defendant with direct day-to-day responsibility for the use, operation and implementation of all procedures involving the School-issued laptop computers," and has relevant information on the tracking software and how and why laptop webcams were remotely activated. (Id. ¶ 4, 27, 31-34.)

2. In response to plaintiffs' motion and in her Motion to Quash, Cafiero presents three arguments: (1) that her deposition would be premature, as the action is in its procedural infancy and may be dismissed by agreement once the investigation is complete (Mot. to Quash 4; Resp. to Mot. to Compel 4-5); (2) that her deposition is unnecessary, as all information she would provide would be duplicative of information that plaintiffs could obtain from defendants and in a less burdensome manner (Mot. to Quash 4-5; Resp. to Mot. to Compel 5-6); and (3) that her attendance at the deposition and production of twenty categories of documents would impose an unfair burden, as she is not a party to this case and plaintiffs' production requests constitute an invasion of her privacy (Mot. to Quash 5-6; Resp. to Mot. to Compel 6-8).

3. The Court concludes that Cafiero's deposition is necessary for plaintiffs to "investigat[e] the facts relating to the history and use of the laptop tracking software application at issue in this action," as provided by the Stipulated Order issued by the Court on March 10, 2010. Accordingly, the Court rejects Cafiero's objections that her deposition is premature and unnecessary and that it constitutes an unfair burden.

4. Plaintiffs raise Cafiero's Fifth Amendment right against self-incrimination in their response to Cafiero's Motion to Quash, although Cafiero does not discuss it in her motion or in response to plaintiffs' Motion to Compel. Defendants in civil litigation who face criminal charges "often have to make a decision as to whether to assert their Fifth Amendment privilege

[in the civil case] and have that used against them at the time of trial" or to waive their Fifth Amendment rights and create the possibility that their testimony may be used in future criminal proceedings. (Resp. to Mot. to Quash 2.) Plaintiffs argue that Cafiero's request that the Court stay her deposition is motivated by a desire to avoid this choice.

The Court notes that "a stay of a civil proceeding during the pendency of a criminal proceeding is not constitutionally required." In re MGL Corp., 262 B.R. 324, 327 (E.D. Pa. 2001) (citing DeVita v. Sills, 422 F.2d 1172, 1181 (3d Cir. 1970)). Rather, "[a] stay of a civil case is an 'extraordinary remedy.'" Walsh Sec. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). In this case, Cafiero has neither been indicted nor is she the recipient of a "target letter." As it is uncertain whether Cafiero will be the subject of criminal action in the future, the Court concludes that there is no reason to stay Cafiero's deposition on this ground. However, this ruling is without prejudice to Cafiero's right to assert the Fifth Amendment at her deposition.

BY THE COURT:

_Jan E. DuBois_
JAN E. DUBOIS, J.