UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS, et al.**<br><br>                Plaintiffs,<br><br>        and<br><br>**EVAN A. NEILL, RICHARD A. NEILL, and ELAINE LOUISE REED,**<br><br>                Plaintiff-Intervenors,<br><br>        v.<br><br>**LOWER MERION SCHOOL DISTRICT, et al.**<br><br>                Defendants. | Civil Action No. 10-665 |

**REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION OF
THE NEILL FAMILY TO INTERVENE AND FOR A PROTECTIVE ORDER**

The Neill Family submits this reply brief to address issues raised in the Robbins Family's April 6, 2010 letter to the Court and in the District's April 7, 2010 response to the Neill Family's emergency motion to intervene and for a protective order:

The Neill Family has moved to intervene because, among other reasons, the stipulation pursuant to which the District agreed to refrain from using the tracking system will terminate if the Robbins Family settles its action against the District. Reserving judgment on the Neill Family's motion to intervene until at least April 28, as the Robbins Family requests, does nothing to resolve this concern. Permitting intervention now, on the other hand, would obviate

the need for the Neill Family to file a separate action to protect itself against a scenario in which the Robbins Family settles this case before the Court decides the motion to intervene.

The purported agreement between the Robbins Family and the District – that, for the time being, only the District's counsel will review the photographs collected by the tracking system – does not moot the Neill Family's motion for protective order.  To the contrary, permitting the District's counsel, a law firm comprised of more than 475 lawyers plus support staff, to review the fruit of the District's searches in no way protects those whose privacy rights already were invaded from further infringements.  Indeed, any review by the District's counsel of the photographs and other material collected compounds the privacy violations.  In addition, although the Robbins Family and their counsel have temporarily agreed that they will not seek to review the photographs collected by the tracking system, they apparently have not agreed to forego access to the other data collected by the tracking system, such as screen shots.  Perhaps this was a simple oversight by counsel, but it emphasizes the need for a carefully-crafted protective order.  Finally, the supposed agreement does not have the force of law unless and until the Court memorializes it in a binding order.

For its part, the District does not object to the Neill Family's request for entry of a protective order but, contradictorily, does object to granting the Neill Family the means to enforce it.  If, as the District requests, the Court reserves judgment on the Neill Family's motion to intervene until the District completes its investigation, the Neill Family will not be parties to

this action and arguably will have no ability to enforce the proposed protective order, especially if the case settles before the Court rules on the motion to intervene.[1]

For these reasons, as well as those set forth in the underlying motion, the Neill Family respectfully requests that the Court grant its motion.

Respectfully submitted,

| SCHNADER HARRISON SEGAL & LEWIS LLP | AMERICAN CIVIL LIBERTIES FOUNDATION OF PENNSYLVANIA |
|---|---|
| /s/ Stephen J. Shapiro | |
| Theresa E. Loscalzo (Pa. I.D. No. 52031) | Witold J. Walczak (Pa. I.D. No. 62976) |
| Stephen J. Shapiro (Pa. I.D. No. 83961) | 313 Atwood Street |
| H. Justin Park (Pa. I.D. No. 92007) | Pittsburg, PA 15213 |
| 1600 Market Street, Suite 3600 | (412) 681-7864 (tel) |
| Philadelphia, PA  19103-7286 | (412) 681-8707 |
| (215) 751-2000 (tel) | |
| (215) 751-2205 (fax) | Mary Catherine Roper (Pa. I.D. No. 71107) |
| | P.O. Box 40008 |
| | Philadelphia, PA 19106 |
| | (215) 592-1513 (tel) |
| | (215) 592-1343 (fax) |

*Attorneys for Plaintiff-Intervenors*
*Evan A. Neill, Richard A. Neill, and Elaine Louise Reed*

Dated:  April 7, 2010

---

[1] The District also notes in passing that its investigation to date, which it admits is not complete, has yet to reveal evidence indicating that the District activated the tracking system on Evan Neill's laptop.  However, the Neill Family is requesting, among other relief, that the Court permanently enjoin the District from activating the tracking system or other software in the future in a manner that would constitute an unreasonable search.  Therefore, whether the District actually monitored Evan Neill's laptop in the past is irrelevant to the resolution of all of the Neill Family's claims.  In any event, the Neill Family is not required to accept the District's word about the results of its investigation, but rather is entitled to intervene and test those results.

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply Brief In Support Of Emergency Motion Of The Neill Family To Intervene And For A Protective Order has been filed electronically and is available for viewing and downloading from the ECF system and that, on April 7, 2010, I caused a true and correct copy of the foregoing document to be served on the following persons by the following means:

<u>Via ECF System:</u>

Mark S. Haltzman, Esq.
Lamm Rubenstone LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053


Arthur Makadon, Esq.
Henry E. Hockeimer, Jr., Esq.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103


Michael J. Boni, Esq.
Boni & Zack LLC
5 St. Asaphs Road
Bala Cynwyd, PA 19004


/s/ Stephen J. Shapiro