## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS, a Minor, by his Parents** | : | **CIVIL ACTION** |
| **and Natural Guardians, MICHAEL E.** | : | |
| **ROBBINS and HOLLY S. ROBBINS,** | : | |
| **Individually, and on Behalf of all Similarly** | : | |
| **Situated Persons,** | : | |
| **Plaintiffs,** | : | |
| | : | **NO. 10-665** |
| **v.** | : | |
| | : | |
| **LOWER MERION SCHOOL DISTRICT,** | : | |
| **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT, and** | : | |
| **CHRISTOPHER W. McGINLEY,** | : | |
| **Superintendent of Lower Merion School** | : | |
| **District,** | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW**, this 14th day of April, 2010, upon consideration of the Emergency Motion of the

Neill Family to Intervene and for a Protective Order (Document No. 36, filed April 5, 2010); the

letter/request from plaintiffs' counsel dated April 6, 2010, for an extension of time to respond to the

Neill Family's motion for intervention,[1] Defendants' Response to the Emergency Motion of the Neill

Family to Intervene and for a Protective Order (Document No. 39, filed April 7, 2010); and Reply Brief

in Support of Emergency Motion of the Neill Family to Intervene and for a Protective Order

(Document No. 40, filed April 7, 2010), and good cause appearing,

**IT IS ORDERED**, by agreement of plaintiffs and defendants, that:

1.      Any photographs or screenshots obtained through means of the LanRev software, other

than photographs or screenshots of Blake Robbins and Paige Robbins, may not be disclosed to any

---

[1] A copy of plaintiffs' letter/request dated April 6, 2010, shall be docketed by the Deputy
Clerk.

persons other than counsel for defendants.  Any photographs or screenshots of Blake Robbins and

Paige Robbins obtained through means of the LanRev software may be disclosed only to counsel for

plaintiffs and counsel for defendants.  Any other dissemination of any photographs or screenshots

obtained through means of the LanRev software may be made only with the prior approval of the

Court; and,

2.      Counsel for all parties and all proposed interveners shall **MEET** and **CONFER** on or

before April 20, 2010, in an effort to reach agreement on the form of a protective order that addresses

any concerns of any interveners which they believe are not satisfactorily addressed in the agreed-upon

protective order.  A proposed agreed-upon amended protective order shall be submitted to the Court by

the close of business on April 26, 2010.

With respect to the Emergency Motion of the Neill Family to Intervene, the letter from

plaintiffs' counsel requesting an extension of time to respond to the Motion, defendants' Response to

the Emergency Motion of the Neill Family to Intervene, and the Court having conducted a telephone

conference with counsel for plaintiffs and defendants on April 14, 2010, **IT IS ORDERED**, as

requested by plaintiffs and defendants on April 14, 2010, that the time for responding to the Emergency

Motion of the Neill Family to Intervene is **EXTENDED** to May 11, 2010.  Two (2) copies of each

response to the Emergency Motion of the Neill Family to Intervene shall be served on the Court

(Chambers, Room 12613) when the original is filed.

**IT IS FURTHER ORDERED**, as proposed by defendants and agreed to by plaintiffs, that

counsel for all parties and all proposed interveners shall **MEET** and **CONFER** on or before April 20,

2010, in an effort to reach agreement on the form of an order which will ensure that permanent

equitable relief to which the parties may agree as part of a resolution of this action addresses the

concerns of all of the proposed interveners.  A proposed agreed-upon amended injunction order shall

be submitted to the Court by the close of business on April 26, 2010.  In the meanwhile, the injunctive

relief granted by agreement in the Order of February 20, 2010, as amended by the Order of March 10,

2010, shall **REMAIN** in effect until further order of the Court, and shall be enforceable by any persons

adversely affected by any violations of the two (2) Orders.

As requested by plaintiffs and defendants on April 14, 2010, **IT IS FURTHER ORDERED** as

follows:

1.      The time for responding to the Motion of Kenneth and Colleen Wortley, Frances and

David McComb, and Christopher and Lorena Chambers for Intervention by plaintiffs and defendants is

**EXTENDED** to May 11, 2010.  Two (2) copies of each response to the Motion for Intervention shall

be served on the Court (Chambers, Room 12613) when the original is filed; and

2.      The time for responding to plaintiffs' Complaint is extended until further order of the

Court.

The Court's ruling is based on the following:

1.      Plaintiffs, Michael E. and Holly S. Robbins, filed this action on their own behalf and on

behalf of their minor son, Blake J. Robbins, and as a Class Action on behalf of a class consisting of

minor plaintiff and all other students who have been issued a personal laptop computer equipped with a

web camera by the Lower Merion School District, their parents and certain other persons.  The

gravamen of the Complaint is that the web camera was improperly remotely activated by

representatives of Lower Merion School District without the permission of the students or their parents,

and without the issuance of any policies regarding such remote activation of the web camera.

2.      Pursuant to the Stipulated Order issued by the Court on February 20, 2010, as amended

by Order dated March 10, 2010, the Lower Merion School District and plaintiffs' counsel "are in the

process of investigating the facts relating to the history and use of the laptop tracking software

application at issue in this action" such that "[t]he the parties are hopeful that this information will enable an expeditious and cost-effective resolution of this action that is in the best interests of the parties and [Lower Merion School District] students, parents, and taxpayers."  To this end, the parties have advised the Court that the investigation is proceeding and they are conducting limited discovery in an effort to determine the full extent of the use of the web camera and any resultant pictures, screen shots or other information obtained from the use of that technology.  The parties now anticipate that the investigation will conclude by May 4, 2010.

3.      On March 17, 2010, Colleen and Kenneth Wortley, Frances and David McComb, and Christopher and Lorena Chambers, parents of Lower Merion High School students who were provided by Lower Merion School District with personal laptop computers equipped with a web camera that could be remotely activated, filed a Motion for Intervention ("Wortley Motion").

4.      By Order of March 30, 2010, the Court granted plaintiffs and defendants an extension of time until April 28, 2010, to respond to the Wortley Motion.  The Court based its decision on an agreement between plaintiffs and defendants that granting the extension of time would allow defendants to conclude their investigation into the use of the laptop tracking software and would alleviate unnecessary delay and legal costs.

On April 14, 2010, plaintiffs and defendants reported to the Court that the investigation was taking longer than initially anticipated, and that the expected completion date was May 4, 2010, not April 20, 2010.  Accordingly, at the joint request of the parties, the date for responding to the Wortley Motion is extended to May 11, 2010.

5.      On April 5, 2010, Evan A. Neill, Richard A. Neill, and Elaine Louise Reed ("the Neill Family") filed an Emergency Motion of the Neill Family to Intervene and for a Protective Order ("Neill Motion").

-4-

6.     The Neill Motion seeks a protective order under Federal Rule of Civil Procedure 26(c) to prevent "the District, the Robbins Family, and any other party to this action" from disclosing web camera pictures, screenshots, or other data obtained through the tracking software "to any persons other than those whose privacy was invaded by any given search."  (Neill Mot. 10.)  The Neill Family asks the Court to authorize dissemination of this data only with "the written consent of the student from whose laptop the material was collected."  (Neill Mot. Proposed Order 2.)

In their reply brief, the Neill Family clarifies that their proposed protective order would also extend to defendants' counsel.  They argue that "permitting the District's counsel, a law firm comprised of more than 475 lawyers plus support staff," to review the data collected from the Lan Rev software would only "compound[] the privacy violations."  (Reply to Neill Mot. 2.)

7.     By letter dated April 6, 2010, plaintiffs advised the Court "that counsel for Plaintiffs and counsel for the Lower Merion School District have agreed that . . . any pictures taken by the LanRev software (other than of Blake Robbins and Paige Robbins) will be reviewed only by counsel for the School District" and if "Plaintiffs' counsel desires to have access to the LanRev pictures, a formal request to the Court will be made so that all parties can file an objection at that time."

8.     In response to the Neill Motion, defendants stated that they have "no objection to the entry of a protective order that would safeguard the privacy of its students and their families with respect to photographs and screenshots collected by the laptop tracking software application."  (Defs.' Resp. to Neill Mot. 1.)

9.     The Court concludes that a protective order based on the agreement of plaintiffs' and defendants' counsel is appropriate and will remain in place until further order of the Court. Specifically, only defendants' counsel shall review data obtained through the use of the LanRev software subject to plaintiffs' counsel right to access data collected from the laptop in the possession of

Blake Robbins.  If plaintiffs' counsel seeks access to additional data, plaintiffs must present a formal request to the Court and any objections to the request will be heard by the Court at that time.

10.     Counsel for all parties and all proposed interveners shall meet and confer on or before April 20, 2010, in an effort to reach an agreement on the form of a protective order that addresses any concerns of any interveners which they believe are not satisfactorily addressed in the agreed-upon protective order.  The proposed agreed-upon amended protective order shall be submitted to the Court by the close of business on April 26, 2010.

11.     With respect to that part of the Neill Motion seeking intervention, the Neill Family states that it has two significant interests that relate to this litigation: (1) an "interest in ensuring that any images of them obtained through the District's tracking system are not disclosed to anyone other than members of the Neill Family"; and (2) an "interest in ensuring that the District does not continue to use the tracking system to perform unreasonable searches of students and their families."  (Neill Mot. 6.)  Without intervening in this case, the Neill Family argues that it "is not a party to the stipulation pursuant to which the District agreed to refrain from activating the tracking system during the pendency of this litigation" and thus "would be unable to compel compliance with or seek sanctions for violations of the stipulation if the District failed to adhere to it."  (Id.)

12.     Plaintiffs and defendants initially requested an extension of time until April 28, 2010, for responding to the Neill Motion so as to give defendants time to complete their investigation and "facilitate an expeditious and cost-efficient resolution that addresses the concerns of the proposed intervenors and all other District parents, students, and taxpayers."  (Defs.' Resp. to Neill Mot. 2.)  In response to this request, the Neill Family argues that the stipulation prohibiting activation of the tracking software "will terminate if the Robbins Family settles its action against the District" and that permitting intervention now "would obviate the need for the Neill Family to file a separate action" to

protect its interests.  (Reply to Neill Mot. 2.)

On April 14, 2010, after advising the Court in a telephone conference that the parties anticipated that the investigation would not be completed until May 4, 2010, plaintiffs and defendants requested until May 11, 2010, to respond to the Neill Motion.

13.     The Court grants the requests of plaintiffs and defendants for an extension of time to May 11, 2010, for responding to the Neill Motion for the same reasons as were stated in the Court's March 30, 2010, order extending the time for responding to the Wortley Motion – that the extension will allow defendants to conclude their investigation into the use of the laptop tracking software and alleviate unnecessary delay and legal costs.  As noted in that order, the concerns raised by all proposed intervenors will be considered by the Court.

14.     The injunctive relief granted by agreement in the Order of February 20, 2010, as amended by the Order of March 10, 2010, shall remain in effect until further order of the Court, and shall be enforceable by any persons adversely affected by any violations of the two (2) Orders.  As proposed by defendants and agreed to by plaintiffs, counsel for parties and all proposed intervenors shall meet and confer on or before April 20, 2010, in an effort to reach agreement on the form of an amended order which will ensure that permanent equitable relief to which the parties may agree as part of a resolution of this action addresses the concerns of all of the proposed interveners.  The proposed agreed-upon amended injunction order shall be submitted to the Court by the close of business on April 26, 2010.

**BY THE COURT:**

 /s/ Jan E. DuBois
**JAN E. DUBOIS, J.**