**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons | : : : : : | CIVIL ACTION |
| v. | : : | NO. 2:10-CV-0665-JD |
| **LOWER MERION SCHOOL DISTRICT** and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT** and **CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District | : : : : : | |

## O R D E R

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiffs' Motion for Sanctions for Failure to Comply with Court Order dated April 1, 2010 ( Doc. No. 35), and any responses thereto,

IT IS HEREBY ORDERED that said Motion for Sanctions for Failure to Comply with Court Order dated April 1, 2010 (Doc. No. 35) is GRANTED.

IT IS FURTHER ORDERED that Carol Cafiero shall permit Plaintiffs access to her home to recover any computers located in her home.  Plaintiffs shall, within 48 hours of taking possession of Cafiero's computer(s), image the hard drive of such computer(s) and then return the original computer(s) to Cafiero.

IT IS FURTHER ORDERED that Cafiero is sanctioned $2,500.00 for her failure to comply with the Court's Order of April 1, 2010.

BY THE COURT:

_____

JAN E. DUBOIS, U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons,<br>          Plaintiffs, | : : : : : : : | CIVIL ACTION |
| v. | : : | NO.  2:10-cv-00665-JD |
| **LOWER MERION SCHOOL DISTRICT**, and<br>**THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT**, and<br>**CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District,<br>          Defendants. | : : : : : : : : : : | |

## MOTION FOR SANCTIONS FOR FAILURE TO COMPLY
## WITH COURT ORDER DATED APRIL 1, 2010 (DOC. NO. 35)

Plaintiffs, Blake J. Robbins, a Minor, by his Parents and natural Guardians, Michael E. Robbins and Holly S. Robbins, Individually, and on Behalf of all Similarly Situated Persons (hereinafter collectively referred to as "Plaintiffs"), by their undersigned counsel, Lamm Rubenstone LLC, move this Honorable Court for an Order granting sanctions for failure to comply with Court Order dated April 1, 2010 ( Doc. No. 35) and, in support thereof, aver as follows:

1.     At the time the Robbins filed the lawsuit, the Robbins only had direct knowledge of one or two screen shots or webcam pictures that had been taken of Blake Robbins in his home by use of the LanRev "peeping tom" technology.

2.     Since the filing of the lawsuit, it is now known, as to Blake Robbins:

(a) Blake Robbins' laptop was neither lost nor stolen;

(b) the "peeping tom" spying technology was activated for a fifteen day period between October 20th and November 4th, 2009;

(c) over 400 screen shots and webcam pictures were taken using the LanRev "peeping tom" technology;

(d) most of the screen shots and webcam pictures were taken while Blake Robbins' computer was in his home;

(e) there were numerous screen shots of private IM communication between Blake and his friends;

(f) there were numerous webcam pictures of Blake and other members of his family, including pictures of Blake partially undressed and of Blake sleeping; and

(g) there are additional webcam pictures and screen shots taken of Blake Robbins which, to date, have not been recovered because the evidence was purged by the IT department.

3.     Recent testimony under oath has now confirmed that, as to Blake Robbins, the activation of the LanRev "peeping tom" technology to take screen shots and webcam pictures of Blake Robbins in his home was not in accordance with LMSD's own policies.

4.     In addition, discovery to date has now revealed that thousands of webcam pictures and screen shots have been taken of numerous other students in their homes,

many of which never reported their laptops lost or missing including activating the technology for:

(i)      a student who had a similar name to another student's name who had reported his/her laptop missing, causing webcam pictures and screen shots to be taken of that student, presumably in that student's home, when that student had no knowledge that this was occurring;

(ii)      taking webcam pictures and screen shots of students who failed to immediately return their computer at the end of the calendar year, thereby taking screen shots and webcam pictures of students and their families at home when LMSD knew which student had the computer; and

(iii)      taking webcam pictures and screen shots of students who did not pay insurance when this was not in accordance with LMSD's own policies since the only information needed was the I.P. address to show that the laptop was taken home.

5.      The above is only three examples of the deliberate way that LMSD used the "peeping tom" technology to invade the privacy of the students and their families when there was no proper purpose for taking webcam pictures or screen shots.

6.      As to Carol Cafiero, based on the discovery to date (including the depositions), there is reason to believe that evidence may be found on her personal home computer of the downloading of the pictures obtained from the LanRev "peeping tom" technology.

7.      First, Carol Cafiero, unlike any of the witnesses asked to testify, invokes the Fifth Amendment to every question asked of her, including a question asked as to

whether she had ever downloading pictures to her own personal computer, including pictures of students who were naked while in their home.

8.      Second, emails suggest that Carol Cafiero may be a voyeur.  For instance, in one email, when one IT person commented on how the viewing of the webcam pictures and screen shots from a student's computer was like "a little LMSD soap opera", Cafiero responded "**I know, I love it!**"

9.      As a result, it is critical that Plaintiffs' immediately be able to get access to the personal computers (not school issued) of Carol Cafiero so as to be able to forensically examine them to see if there is evidence of the downloading of screen shots or webcam pictures obtained through the use of the LanRev "peeping tom" technology.

10.     As this Court is well aware, Carol Cafiero previously filed a Motion to Quash the Subpoena, which Motion to Quash was denied by this Court by Order dated April 1, 2010 (Doc. No. 35), and the Plaintiffs' Motion to Compel was specifically granted.

11.     In fact, Defendant Carol Cafiero's Motion to Quash never even sought to prevent the production of the documents requested by the Subpoena, or the requirement under the Subpoena that Carol Cafiero produce her personal computer.  Accordingly, at this point, Defendant Cafiero has waived any right to object to the requested production.

WHEREFORE, Plaintiffs respectfully request that the Court Sanction Cafiero for her failure to comply with the Court's Order of April 1, 2010 and enter the form of Order attached hereto.

Respectfully submitted,

LAMM RUBENSTONE LLC

Date: _4/15/10_          By: _____

Mark S. Haltzman, Esquire
Attorney for Plaintiffs
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS, a Minor, by his Parents** | : | **CIVIL ACTION** |
| **and Natural Guardians, MICHAEL E.** | : | |
| **ROBBINS and HOLLY S. ROBBINS,** | : | |
| **Individually, and on Behalf of all Similarly** | : | |
| **Situated Persons,** | : | |
| **Plaintiffs,** | : | |
| | : | **NO. 10-665** |
| **v.** | : | |
| | : | |
| **LOWER MERION SCHOOL DISTRICT,** | : | |
| **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT, and** | : | |
| **CHRISTOPHER W. McGINLEY,** | : | |
| **Superintendent of Lower Merion School** | : | |
| **District,** | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 1st day of April, 2010, upon consideration of Plaintiffs' Motion to

Compel Appearance of Carol Cafiero at Deposition Pursuant to Rule 37(a) (Document No. 20,

filed March 18, 2010); Response of Carol Cafiero in Opposition to Plaintiffs' Motion to Compel

Her Appearance at Deposition (Document Nos. 30-32, filed March 29, 2009); Motion of Carol

Cafiero to Quash Subpoena (Document No. 24, filed March 18, 2010); and Plaintiffs' Response

to the Motion of Carol Cafiero to Quash Subpoena (Document No. 33, filed March 30, 2010), the

Court noting from the motions that the deposition is scheduled for April 9, 2010, **IT IS**

**ORDERED** that Plaintiffs' Motion to Compel Appearance of Carol Cafiero is **GRANTED** and

the Motion of Carol Cafiero to Quash Subpoena is **DENIED.**

The Court's ruling is based upon the following:

1.       The issue presented by both Plaintiffs' Motion to Compel and Cafiero's Motion to

Quash is whether Cafiero is required to appear for a deposition on April 9, 2010.  Plaintiffs argue

that as Information System Coordinator at Lower Merion School District, Cafiero's deposition is

necessary "to develop a full factual understanding of the use of the spying software." (Mot. to Compel ¶ 35.) She is "one of only two employees of Defendant with direct day-to-day responsibility for the use, operation and implementation of all procedures involving the School-issued laptop computers," and has relevant information on the tracking software and how and why laptop webcams were remotely activated. (Id. ¶ 4, 27, 31-34.)

2.      In response to plaintiffs' motion and in her Motion to Quash, Cafiero presents three arguments: (1) that her deposition would be premature, as the action is in its procedural infancy and may be dismissed by agreement once the investigation is complete (Mot. to Quash 4; Resp. to Mot. to Compel 4-5); (2) that her deposition is unnecessary, as all information she would provide would be duplicative of information that plaintiffs could obtain from defendants and in a less burdensome manner (Mot. to Quash 4-5; Resp. to Mot. to Compel 5-6); and (3) that her attendance at the deposition and production of twenty categories of documents would impose an unfair burden, as she is not a party to this case and plaintiffs' production requests constitute an invasion of her privacy (Mot. to Quash 5-6; Resp. to Mot. to Compel 6-8).

3.      The Court concludes that Cafiero's deposition is necessary for plaintiffs to "investigat[e] the facts relating to the history and use of the laptop tracking software application at issue in this action," as provided by the Stipulated Order issued by the Court on March 10, 2010. Accordingly, the Court rejects Cafiero's objections that her deposition is premature and unnecessary and that it constitutes an unfair burden.

4.      Plaintiffs raise Cafiero's Fifth Amendment right against self-incrimination in their response to Cafiero's Motion to Quash, although Cafiero does not discuss it in her motion or in response to plaintiffs' Motion to Compel. Defendants in civil litigation who face criminal charges "often have to make a decision as to whether to assert their Fifth Amendment privilege

-2-

[in the civil case] and have that used against them at the time of trial" or to waive their Fifth Amendment rights and create the possibility that their testimony may be used in future criminal proceedings. (Resp. to Mot. to Quash 2.) Plaintiffs argue that Cafiero's request that the Court stay her deposition is motivated by a desire to avoid this choice.

The Court notes that "a stay of a civil proceeding during the pendency of a criminal proceeding is not constitutionally required." In re MGL Corp., 262 B.R. 324, 327 (E.D. Pa. 2001) (citing DeVita v. Sills, 422 F.2d 1172, 1181 (3d Cir. 1970)). Rather, "[a] stay of a civil case is an 'extraordinary remedy.'" Walsh Sec. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). In this case, Cafiero has neither been indicted nor is she the recipient of a "target letter." As it is uncertain whether Cafiero will be the subject of criminal action in the future, the Court concludes that there is no reason to stay Cafiero's deposition on this ground. However, this ruling is without prejudice to Cafiero's right to assert the Fifth Amendment at her deposition.

BY THE COURT:

JAN E. DUBOIS, J.

-3-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons | : : : : : | CIVIL ACTION |
| v. | : : | NO. 2:10-CV-0665-JD |
| **LOWER MERION SCHOOL DISTRICT** and **THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT** and **CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District | : : : : : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date written below the foregoing Plaintiffs' Motion for Sanctions for Failure to Comply with Court Order dated April 1, 2010 (Doc. No. 35) was filed electronically and is available for viewing and downloading from the ECF system, which also electronically served same on the following:

Arthur Makadon, Esquire
Henry E. Hockeimer, Jr., Esquire
Paul Lantieri, III, Esquire
William B. Igoe, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Attorneys for **Defendants**

Larry D. Silver, Esquire
David E. Romine, Esquire
Langsam Stevens & Silver LLP
1616 Walnut Street
Philadelphia, PA 19103-5319
Attorney for Intervenors

Berger & Montague, P.C.
Bart D. Cohen, Esquire
Neill W. Clark, Esquire
1622 Locust Street
Philadelphia, PA 19103
Attorney for Intervenors

Mary Catherine Roper, Esquire
American Civil Liberties
  Union of Pennsylvania
Attorneys for **American Civil
  Liberties Union of Pennsylvania**

Charles D. Mandracchia, Esquire
Mandracchia & McWhirk LLP
2024 Cressman Road
P.O. Box 1229
Schwenksville, PA 19473
Attorneys for **Carol Cafiero**

Boni & Zack LLC
Michael J. Boni, Esquire
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Attorney for Intervenors

Law Offices of Thomas F. Grady, P.C.
Thomas F. Grady, Esquire
The Bye-Benson House
2033 Walnut Street
Philadelphia, PA 19103
Attorney for Intervenors


**LAMM RUBENSTONE** LLC

By:_____
       Mark S. Haltzman, Esquire

DATED:    *4/15/10*

Attorneys for **Plaintiffs**

410543_1