IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al., | : | Civil Action |
| | : | |
| Plaintiffs | : | No. 10-0665-JD |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of plaintiffs' Motion for Sanctions for Failure to Comply with Court Order Dated April 1, 2010 (Doc. No. 35) (Document No. 44, filed April 15, 2010), IT IS ORDERED that plaintiffs' Motion for Sanctions is DENIED.

BY THE COURT:

_____
Jan E. Dubois, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE J. ROBBINS, et al., | : | Civil Action |
| Plaintiffs | : | No. 10-0665-JD |
| v. | : | |
| LOWER MERION SCHOOL DISTRICT, et al., | : | |
| Defendants | : | |

### RESPONSE OF CAROL CAFIERO IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER DATED APRIL 1, 2010 (DOC. NO. 35)

Carol Cafiero hereby responds in opposition to the motion of the plaintiffs for sanctions for failure to comply with Court Order dated April 1, 2010 (Doc. No. 35), as follows:

1. Mrs. Cafiero lacks any knowledge as to what the Robbins family knew at the time they filed this action. Further, that allegation is irrelevant to the plaintiffs' motion for sanctions against Mrs. Cafiero.

2. Mrs. Cafiero lacks any knowledge as to what information has allegedly been discovered or learned by the plaintiffs since the filing of the lawsuit, as to Blake Robbins. That allegation is irrelevant to the plaintiffs' motion for sanctions against Mrs. Cafiero. By way of further response without prejudice to the preceding averment Mrs. Cafiero answers as follows:

   a) Denied. Based on information reported, Blake Robbins failed to pay his insurance premium and lost or destroyed at least two previous computers. Any computer he possessed was taken home without authorization.

   b) Mrs. Cafiero is without knowledge as to this averment as she had

absolutely nothing to do with the Blake Robbins computer.

c) Other than what has been reported since the lawsuit, Mrs. Cafiero has or had no knowledge of any pictures with the Robbins family. The Robbins family knew or should have known that Blake had no authorization to take his computer home.

d) Other than what has been reported, Mrs. Cafiero lacks any knowledge of pictures taken in the Robbins home. By way of further response, Blake Robbins possessed the computer in his home without authorization and had no legitimate expectation of privacy by possessing the computer without authorization.

e) Based on the information reported, the Robbins family knew that they failed to pay for insurance or fulfill any payment obligation to the LMSD and that Blake Robbins had a history of damaging computers since he previously damaged two or three computers and no legitimate expectation of privacy exists.

f) Carol Cafiero is unaware of any pictures taken of the Robbins family other than those reported and never retrieved or viewed any pictures of Blake Robbins or his family. By way of further response, based on information reported Blake Robbins was in possession of this computer outside of school which his parents knew or should have known he had without authorization, and therefore there was no reasonable expectation of privacy.

g) Carol Cafiero is unaware of any of Blake Robbins pictures being purged as she had absolutely no involvement with the situation surrounding Blake Robbins and his family.

3. Mrs. Cafiero lacks any knowledge as to the purported recent testimony referred to in this paragraph. In addition, Mrs. Cafiero is not aware that, as to Blake Robbins or any other situation, the LMSD used the LanRev webcam technology in a manner which was not in accordance with the District's policies. Further, there is no evidence whatsoever that Mrs. Cafiero had anything to do with the activation of the computer in Blake Robbins' possession, and Mrs. Cafiero was unaware of anything regarding Blake Robbins until information was made public and never retrieved any information regarding Blake Robbins or his family.

4. Mrs. Cafiero lacks any knowledge as to the purported recent discovery information referred to in this paragraph. In addition, Mrs. Cafiero is not aware of any of the webcam usage by the LMSD that plaintiffs have alleged in this paragraph of the motion, and avers the following:

(i) the allegations of this subparagraph of the plaintiff's motion are irrelevant to the plaintiff's unfounded assertion that Mrs. Cafiero violated the Court's April 1, 2010 Order - which she did not do.

(ii) The prior paragraph 4 (i) is incorporated herein by reference as if set forth more fully at length. By way of further response the allegations are made solely to be inflammatory and in an attempt to get media coverage; and

(iii) The prior paragraphs 4 (i) and (ii) are incorporated herein by reference as if set forth more fully at length. By way of further response, the Building Administration was responsible to monitor who paid for insurance, not Mrs. Cafiero.

5. Mrs. Cafiero is unaware of any improper District use of the webcam technology. To her understanding, the only time the technology would be used was if a

3

computer were lost, stolen, or missing.

6. The allegations in this paragraph are without any foundation. Plaintiffs' attorney failed to cite any specific deposition with page and line number, or any deposition text at all, to support his assertion. Plaintiffs' attorney has continued to misrepresent facts and take things out of context to be inflammatory and to receive media coverage.

7. Mrs. Cafiero admits that at her deposition in this action she asserted her rights under the Fifth Amendment to the United States Constitution. She did so in accordance with the Court's April 1, 2010 Order. That Order expressly provided that it was "without prejudice to Cafiero's right to assert the Fifth Amendment at her deposition." Mrs. Cafiero vehemently denies any downloading of any pictures of students and without limitation any student not fully dressed. In addition, there can be no inference drawn from the assertion of the Fifth Amendment in response to any question. Further, Mrs. Cafiero asserted her Fifth Amendment rights, pursuant to her attorney's direction on the record, in response to all questions relating to the subject matter of this lawsuit. The averments in this paragraph of the plaintiffs' motion do not in any way support their motion for sanctions and are only made to be inflammatory.

8. Denied. Mrs. Cafiero is not a "voyeur".[1] This scandalous, malicious and abusive attack on Mrs. Cafiero's character, in essence labeling her a sexual deviant, is false, outrageous and without any basis. As to the email referred to in this paragraph of the plaintiffs' motion, the snippets quoted are taken completely out of context. A copy of the email thread is attached as Exhibit 1. The email thread began when the District's

---

[1] Dictionary.com lists the following as a definition for "voyeur": "A person who derives sexual gratification from observing the naked bodies or sexual acts of others, especially from a secret vantage point." (citing the American Heritage Dictionary of the English Language, Fourth Edition).

4

technology staff was asked to respond to a report by four students that their laptops had just gone missing at the school, on September 19, 2008, when the technology was new to the District. Mrs. Cafiero's expression of enthusiasm at the end of the email thread was clearly a response regarding the efficacy of the District's new technology system, including cameras in the school, in rapidly responding to this possible theft situation. The email in no way, shape or form even remotely suggests that Mrs. Cafiero was a "voyeur" who downloaded pictures of students onto her personal home computer for her own gratification.

9. The assertions of the plaintiffs in paragraphs 7 and 8 of their motion do not demonstrate any need for review of Mrs. Cafiero's personal home computer. There is no reason whatsoever to believe that Mrs. Cafiero downloaded to her personal home computer any screen shots or webcam pictures obtained through the District's LanRev webcam technology. Nor is there any evidence to which the plaintiffs can point which demonstrates that Mrs. Cafiero's personal home computer contains any results of the District's usage of the LanRev webcam technology. The plaintiffs' assertion is nothing more than unfounded speculation, and is simply wrong. It is unfair to burden Mrs. Cafiero in connection with the plaintiffs' baseless fishing expedition. Furthermore, Mrs. Cafiero's personal home computer contains privileged attorney-client communications. Permitting the plaintiffs access to her personal home computer would improperly violate that privilege. It is ironic that the plaintiffs, who have purportedly brought this action to protect privacy rights, wish to invade the privacy of Mrs. Cafiero and her family without any legitimate reason or basis.

10. It is a matter of record that Mrs. Cafiero filed a motion to quash the

subpoena for her deposition and filed a response in opposition to the plaintiffs' motion to compel her appearance, and that this Court denied Mrs. Cafiero's motion and granted the plaintiffs' motion. Mrs. Cafiero fully complied with the Court's Order. She appeared for her deposition as required and in accordance with the Court's Order. The plaintiffs' have not alleged or established that Mrs. Cafiero failed in any way to comply with the Court's Order.

11.    Contrary to the plaintiffs' assertions, Mrs. Cafiero did specifically object to the requested production of her and her family's personal home computers. See Mrs. Cafiero's Memorandum in Opposition to the Plaintiffs' Motion to Compel her Appearance, at 7-8. See also the Court's Order of April 1, 2010, at 2. Mrs. Cafiero renews those objections here, as set forth in detail above. In addition, the plaintiffs' counsel never mentioned or requested the production of any documents or things during the course of the deposition on April 9.

WHEREFORE, Carol Cafiero respectfully requests that this Court deny the plaintiffs' motion for sanctions, and enter an Order requiring the plaintiffs' counsel to pay to Mrs. Cafiero an amount of $1,000 for her attorney's fees in responding to this baseless and unfounded motion.

### FURTHER RESPONSE IN ACCORDANCE WITH LOCAL RULE OF CIVIL PROCEDURE 7.1 (C)

12.    All of the paragraphs set forth above are incorporated herein by reference as if more fully set forth at length.

13.    Plaintiffs are asking to view Mrs. Cafiero's personal computer without attaching any evidence which supports their purported need for such information.

14.    Mrs. Cafiero believes and avers that the plaintiffs' attorney will take

6

personal information and take it out of context to defame Mrs. Cafiero.

15.  The Robbins family attorney released a photo in violation of Paragraph One of the Court's Order dated April 14, 2010, which states in relevant part:

> **Any photographs or screenshots of Blake Robbins and Paige Robbins obtained through means of the LanRev software may be disclosed only to counsel for plaintiffs and counsel for defendants. Any other dissemination of any photographs or screenshots obtained through means of the LanRev software may be made only with the prior approval of the Court.**

16.  Plaintiffs' attorney has demonstrated he will make assertions including in pleadings or other court filings without foundation for the purpose of being inflammatory and to receive media coverage including releasing pictures to the media in violation of a Court Order.

17.  The LMSD server should contain a record if Mrs. Cafiero downloaded any pictures onto her personal home computer. Therefore, inspecting her personal home computer is not necessary.

18.  Mrs. Cafiero's attorney, outside of the deposition, told Mr. Hockheimer, LMSD's attorney, that if the Court so ordered the forensic computer consultant could copy the hard drive on Mrs. Cafiero's personal computer to verify her assertion that it does not contain any documents relating to this case, so long as the information was provided only to the Court and Mrs. Cafiero was not deemed to have waived her privilege as to attorney-client communications located on the computer.

19.  If the hard drive on Mrs. Cafiero's personal home computer is copied by the District's forensic computer consultant, the information must only be viewed *in camera* by the Court.

20.  Plaintiffs' counsel also has asked in the subpoena for all credit card

receipts relating to Mrs. Cafiero's purchasing of computers, which are irrelevant and confidential

and have been requested for the sole purpose of harassment. Mrs. Cafiero renews her objection to that request.

21. Plaintiffs' counsel without notice to or authorization by Mrs. Cafiero released the video portion of her deposition to the media in violation of her privacy rights.

22. Mrs. Cafiero objects to any video deposition taken by Mr. Haltzman and any deposition in Mr. Haltzman's office due to his behavior and his releasing of the video of the deposition without any authorization from Mrs. Cafiero.

                    Respectfully submitted,

                    /s/ Charles D. Mandracchia
                    Charles D. Mandracchia
                    Jeffrey W. Soderberg
                    Attorney I.D. Nos. 52844 & 55369
                    Mandracchia & McWhirk, LLC
                    2024 Cressman Road
                    P.O. Box 1229
                    Skippack, PA 19474
                    610-584-0700

                    Attorneys for respondent Carol Cafiero

Dated: April 20, 2010

**EXHIBIT 1**

```
DOCID          = CAFIEROC056762
PARENT_DOCID   = CAFIEROC056762
ATTACHMENT     : ✉  RE: 4 students say computer is missing at HH
FROM           : Cafiero, Carol </O=LOWER MERION SCHOOL DISTRICT/OU=LMSD/CN=RECIPIENTS/CN=CAFIERO>
TO             : Wuest, Amanda </O=LOWER MERION SCHOOL DISTRICT/OU=LMSD/cn=Recipients/cn=wuest>
SUBJECT        : RE: 4 students say computer is missing at HH
FOLDER         : \Personal Folders\Sent Items
DATE           = 09/19/2008
TIME           : 20:49:35 GMT
GMT_DATE       = 09/19/2008
GMT_TIME       : 20:49:35 GMT
TEXT01         : I know, I love it!
```

-----Original Message-----
From: Wuest, Amanda
Sent: Friday, September 19, 2008 4:49 PM
To: Cafiero, Carol
Subject: RE: 4 students say computer is missing at HH

This is awesome. It's like a little LMSD soap opera

-----Original Message-----
From: Cafiero, Carol
Sent: Friday, September 19, 2008 4:43 PM
To: Wuest, Amanda; O'Brien, Kyle; Valentine, Jeremy; Perbix, Michael
Cc: DiMedio Virginia; Witt, Dennis
Subject: RE: 4 students say computer is missing at HH

Pictures coming in for student          ,         's computer. Attached.

IP address 68.236.45.9.phil.east.verizon.net

---

From: Wuest, Amanda
Sent: Friday, September 19, 2008 4:24 PM
To: Cafiero, Carol; O'Brien, Kyle; Valentine, Jeremy; Perbix, Michael
Cc: DiMedio Virginia
Subject: RE: 4 students say computer is missing at HH

I looked at the cameras, I see 2 of the kids leaving the gym building at 2:40

I see at a few kids go to Tom Ferguson (who reported this) at 3:35 and then them looking around the building for the laptops

I don't see anything overly suspicious between, all the kids have book bags and some have gym bags so certainly possible to hide them.

I asked Tom to send out staff email in case a staff member picked them up.

Ginny let Dennis Witt know.

Hopefully if they were taken we'll get some screen captures/pictures over the weekend.


From: Cafiero, Carol
Sent: Friday, September 19, 2008 4:03 PM
To: O'Brien, Kyle; Wuest, Amanda; Valentine, Jeremy; Perbix, Michael
Cc: DiMedio Virginia

Subject: RE: 4 students say computer is missing at HH

Tracking has been turned on for those four computers.

From: O'Brien, Kyle
Sent: Friday, September 19, 2008 3:52 PM
To: Wuest, Amanda; Cafiero, Carol; Valentine, Jeremy; Perbix, Michael
Cc: DiMedio Virginia
Subject: Re: 4 students say computer is missing at HH

There are cams on both doors that lead to the weight room

---

From: Wuest, Amanda
To: Cafiero, Carol; Valentine, Jeremy; Perbix, Michael
Cc: O'Brien, Kyle; DiMedio Virginia
Sent: Fri Sep 19 15:50:30 2008
Subject: 4 students say computer is missing at HH They were left in weight room unattended between 2:45 and 3:00 and they just realized they were missing 3:45

Please let me know what to do! I will call Mike and see if he can turn monitoring on. Jeremy and I will think about if cameras are nearby the weight room.

MESSAGEID    : 06a81e8192910b41b2b3ffd57535bcf7961e61e771@ms1.lmsd.org
MESSAGEINDEX = 0000008654
ENTRYID      : 0000000072388AF4DFA9EF478CE1DF026800AE48A41B3C00