IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, a Minor, by his Parents and Natural Guardians, MICHAEL E. ROBBINS and HOLLY S. ROBBINS, Individually, and on Behalf of all Similarly Situated Persons,<br>     Plaintiffs, | CIVIL ACTION |
| v. | NO. 2:10-cv-00665-JD |
| LOWER MERION SCHOOL DISTRICT, and<br>THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT, and<br>CHRISTOPHER W. McGINLEY, Superintendent of Lower Merion School District,<br>     Defendants. | |

## STIPULATED ORDER

Plaintiffs, Defendants and Carol Cafiero, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Carol Cafiero's two home computers, one computer which was used prior to December 2009, and the newer computer purchased in December 2009, will be promptly provided to Plaintiffs expert, Vestige, LTD. Vestige, LTD shall make a mirror image of the hard drives of the two computers (hereinafter referred to as the "Vestige Copies"). Vestige shall retain possession of the Vestige Copies and not deliver or disclose the contents of same to the Plaintiffs, their counsel, or anyone else, subject to further order of the Court.

2. Once Vestige, LTD has completed the mirror imaging of the hard drives of the two computers, it shall promptly make them available to Defendants' forensic consultant, L-3 Communications ("L-3"). L-3 shall make 2 copies of mirror images of

each computer's hard drive. L-3 shall preserve and do no testing on one set of the copies of the mirror images from each computer. L-3 shall search the second set of copies of the mirror images of each of the two computers for information similar to the information searched for on the Lower Merion School District computers, including searching for any webcam photographs, screenshots, or any other evidence of Ms. Cafiero's use of the computer tracking feature of the LANrev software on her home computer or storage of any LANrev-derived pictures or screenshots on her home computers or storage of any LANrev derived pictures or screenshots on previously attached external storage devices. Promptly upon its completion of this inspection, L-3 shall provide to Ms. Cafiero's undersigned counsel the results of the inspection, either in paper or electronic form. L-3 shall not make such results available to the Lower Merion School District, Plaintiffs, or their respective counsel or any other person until further order of the court. Ms. Cafiero's counsel shall use their best efforts to complete their review within 48 hours after their receipt of the information from L-3. Ms. Cafiero's counsel shall then identify any documents, pictures, or other information contained on the two computers that they believe is not subject to discovery and provide a list of such materials, and the reasons for their belief that such materials are not subject to discovery, to Plaintiffs counsel. To the extent that Plaintiffs' counsel and Ms. Cafiero's counsel do not agree on whether a particular document, picture or other information is discoverable, the same shall then be referred to the Court for determination of discoverability by an in camera inspection of such document, picture or other information. L-3 shall retain possession of the mirror images of the hard drives and not deliver or disclose the contents of same to any person, subject to the disclosure permitted by this Stipulated Order or as permitted by further order of the Court.

3. At the conclusion of Ms. Cafiero's counsel's inspection, copies of any documents, pictures or other information not identified by Ms. Cafiero's counsel as being

exempt from discovery shall be promptly provided to Plaintiffs' Counsel and Defendants' Counsel.

4. In addition to searching for certain documents, pictures and other evidence of the use of the tracking feature of the LANrev software, L-3 shall use reasonably available means to determine whether either of Ms. Cafiero's computer's hard drives contain (1) evidence that photos, screenshots or other information was conventionally deleted or (2) evidence of the installation of software specifically designed to remove digital artifacts or (3) any evidence that the use of the tracking feature of the LANrev software was deleted. L-3 shall provide the results of that investigation to counsel for Plaintiffs, Defendants, and Ms. Cafiero as soon as practicable, and such results shall be kept confidential until the conclusion of Ms. Cafiero's deposition in this matter.

5. Ms. Cafiero reserves the right to have her own forensic expert examine the computer hard drives prior to commencement of her deposition should Ms. Cafiero disagree with the findings of L-3.

6. An attorney for Ms Cafiero shall deliver the computers to Vestige and observe them make the mirror image of the hard drives and then take the computers to L3 and observe them make the mirror images of the hard drives and then return the computers to Ms. Cafiero.

By: *Mark S Haltzman*
Mark S. Haltzman, Esquire
Lamm Rubenstone LLC
3600 Horizon Boulevard, #200
Trevose, PA 19053
(215) 638-9330
Attorneys for Plaintiffs

By: *[signature]*
Charles D. Mandracchia, Esquire
Mandracchia & McWhirk LLC
2024 Cressman Road
Skippack, PA 19474-1229
(610) 584-0700
Attorneys for Carol Cafiero

By: *[signature] Henry E. Hockeimer Jr. /pl*
    Henry Hockeimer, Esquire
    Ballard Spahr Andrews & Ingersoll
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    (215) 864-8204
    Attorneys for Lower Merion School District,
    The Board of Directors of the Lower Merion
    School District, and Christopher W. McGinley

APPROVED ON THIS \_\_27th\_\_ DAY OF APRIL, 2010

BY THE COURT:

*[signature]*
JAN E. DUBOIS, U.S.D.J.