IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, et al., | : Civil Action |
| Plaintiffs | : No. 10-665 |
| v. | : Hon. Jan E. DuBois |
| LOWER MERION SCHOOL DISTRICT, et al., | : |
| Defendants | : |

## ORDER

**AND NOW**, this ___ day of _____ 2010, upon consideration of the Plaintffs' Robbins Motion to Modify the injunctive relief granted in the Order of February 22, 2010, as amended by the Order of March 10, 2010, and as supplemented by the Order of April 14, 2010, and Defendant Lower Merion School District's Response thereto, and good cause appearing to enter an Order for the relief requested in Robbins' Motion,

**IT IS ORDERED** that:

1. The injunctive relief granted in the Order of February 22, 2010, as amended by the Order of March 10, 2010, and as supplemented by the Order of April 14, 2010, shall remain in full force and effect except to the extent that it is superseded by the relief granted in this Order.

2. The Lower Merion School District (the "District") and its officers, employees, and agents (including its attorneys and computer consultants) (collectively, "LMSD") are enjoined from remotely activating, or causing to be remotely activated, webcams on laptop computers issued by LMSD to its students ("student laptops").

3. Except as otherwise provided in this paragraph, LMSD is enjoined from purchasing any software, hardware, or other technology that allows for the remote activation of

webcams on student laptops or the remote monitoring or recording of audio or video from student laptops. To the extent that any standard operating system software or other commercially available software that LMSD may wish to use for educational purposes includes functionality that could possibly allow for the remote activation of webcams on student laptops or the remote monitoring or recording of audio or video from student laptops, LMSD may purchase and use the software only for purposes consistent with the policies and regulations contemplated by paragraph 7 of this Order, and LMSD shall disable any such functionality to the extent feasible.

   4. LMSD is enjoined from remotely capturing, or causing to be remotely captured, screenshots of student laptops except as provided for in the policies and regulations contemplated by paragraph 7 of this Order. The preceding sentence shall not preclude LMSD from remotely accessing student laptops for purposes of maintenance, repairs, or troubleshooting in accordance with the policies and regulations contemplated by paragraph 7 of this Order.

   5. LMSD may implement a cost-effective, technological alternative to track student laptops that are reported lost, stolen, missing, or misappropriated, provided that such tracking technology: (i) is used for security purposes only; (ii) operates in a manner that will not compromise the privacy rights of LMSD students, their families, or anyone else within the viewing capability of the student laptop's webcam; and (iii) is conspicuously disclosed and its functionality and uses are explained in a document requiring the signature of students and parents/guardians before any laptop with such tracking technology is issued to any student. By way of example, if it complies with the foregoing requirements, LMSD may install on student laptops global positioning system devices or other anti-theft tracking devices or features that do

not permit the remote activation of webcams, the remote capturing of screenshots, or any remote monitoring or recording of audio, video, or on-screen text.

6. LMSD is enjoined from accessing or reviewing any student-created files contained on student laptops (including but not limited to documents, e-mails, instant messaging records, photographs, Internet usage logs, and Web browsing histories) for any reason except as permitted by the policies and regulations contemplated by paragraph 7 of this Order or otherwise pursuant to a signed consent form that clearly and conspicuously sets forth the ability of LMSD to access or review such files. In the event that the District does not issue a laptop to a student on the basis of the student's declining to sign such a consent form, the District shall use its best efforts to make necessary accommodations to ensure that such student's education is not adversely affected. The foregoing shall not prohibit District information services personnel, during the period before the policies and regulations contemplated by paragraph 7 of this Order are adopted, from assisting students with particular school-related documents or files (such as homework or reports) at the student's specific request.

7. No later than September 1, 2010, the District shall prepare and adopt official policies in accordance with its By-Laws, and the District shall promulgate official regulations, governing: the distribution, maintenance, and use of student laptops; the privacy of student data; and the training of District information services personnel with respect to student laptops and privacy. Such policies and/or regulations shall require, among other things: (i) that the District explain to, and obtain the written consent of students and parents or guardians with respect to, the manner and circumstances in which District personnel may remotely access student laptops or access or review any information or data (including but not limited to documents, e-mails, instant messaging records, photographs, Internet usage logs, and Web

browsing histories) contained on student laptops; (ii) a procedure to make necessary accommodations for a student to whom the District does not issue a laptop on the basis that the student declined to sign such a consent form to ensure that such student's education is not adversely affected; (iii) that immediately prior to remotely accessing any student laptop for reasons permitted by and disclosed in such policies while the laptop is in use, the District shall notify the student of such impending access directly (in person or by telephone) and/or via a pop-up notification on the laptop's screen; and (iv) the District maintain a permanent log of each and every instance in which it remotely accesses any student laptop that details the date and time of remote access and the reason for such access.

8. To the extent LMSD is in possession of webcam photographs or screenshots from certain student laptops resulting from the District's use of the tracking feature of the LANrev software, the District shall provide the students who possessed those laptops while tracking was activated, and/or their parents or guardians, an opportunity to view such images pursuant to a process to be developed under the auspices of, and supervised and approved by, Chief Magistrate Judge Thomas J. Rueter. All such images shall be permanently destroyed by a date to be established by further order of the Court after: (i) the foregoing process is completed to the satisfaction of the students and/or their parents or guardians consistent with the terms of the process to be developed with Judge Rueter; and (ii) no pending governmental investigation or litigation requires the preservation of such images.

9. LMSD is enjoined from disseminating or otherwise permitting access to any webcam photographs or screenshots, or any information contained therein, that the District obtained remotely from student laptops, except as contemplated by paragraph 8 of this Order or as otherwise permitted by Court order (such as a protective order governing the use of such

webcam photographs, screenshots, or information contained therein in this litigation). The obligation set forth in this paragraph not to disseminate or otherwise permit access to information contained in webcam photographs or screenshots shall survive the physical destruction of the webcam photographs or screenshots required by paragraph 8 of this order.

10. The injunctive relief granted in this order shall be enforceable by any persons adversely affected by any violations of this Order, including parents or guardians of any adversely affected individual who is then a minor.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons,<br>　　　　　　　　Plaintiffs, | : : : : : : : | CIVIL ACTION |
| v. | : : | NO. 2:10-cv-00665-JD |
| **LOWER MERION SCHOOL DISTRICT**, and<br>**THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT**, and<br>**CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District,<br>　　　　　　　　Defendants. | : : : : : : : : : : | |

### MOTION TO MODIFY COURT ORDER OF FEBRUARY 22, 2010, AS AMENDED BY COURT ORDER OF MARCH 10, 2010 <u>AS SUPPLEMENTED BY ORDER OF APRIL 14, 2010</u>

Blake J. Robbins, *et al.*, by and through its undersigned counsel, hereby seeks to Modify the Injunctive Relief set forth in the Order of February 22, 2010 as Amended by the Order of March 10, 2010, and as further modified by the Order dated April 14, 2010, and avers as follows:

1.　　Pursuant to Plaintiffs' Complaint and Motion for an Injunction, on February 22, 2010 this Court scheduled a hearing on Plaintiffs' Motion for Injunctive Relief.

2. At the Hearing, Plaintiffs and Defendants (hereinafter the "Parties") reached agreement on the form of Injunctive Relief and this Court entered an Order dated February 22, 2010.

3. On March 10, 2010, after conversations with the Court, the Parties to the February 22, 2010 Order agreed to a modification of that Order, and in particular, Plaintiffs agreed to waive the prenotification requirements for public comments by LMSD as set forth in the February 22, 2010 Order, since the prenotification requirement was being incorrectly characterized by Lower Merion School District as a "gag order." To avoid that mischaracterization, it was prudent to acquiesce to a modification.

4. During the weeks after the March 10, 2010 Order was entered, various conferences have taken place between the parties and the Court. During those conferences, the Parties agreed that additional restrictions on Lower Merion School District's use of LanRev, or similar technology, in the future seemed appropriate.

5. In addition to restricting the use of technology that could be used to view students in their homes, the Parties agreed that a Court Order was needed to prevent the information that LMSD had already obtained from previous use of the LanRev technology from disclosure.

6. Most importantly, the Parties agreed that a mechanism needed to be established by which students whose laptops were remotely activated by Lower Merion School District and screen shots and webcam pictures were taken could have an opportunity to view those webcam pictures and screen shots (hereinafter referred to as "Affected Students and Parents").

411176_1                                  2

7. The Parties have now met with Chief Magistrate Judge Thomas J. Rueter to set up a frame work for the review of the webcam pictures and screen shots by the Affected Students and Parents, which process will be overseen by Magistrate Rueter.

8. On April 14, 2010, by agreement of the Parties, an Order was entered by this Court which prevented disclosure of any of the photographs or screen shots taken by use of the LanRev technology.

9. The April 14, 2010 Order also requested that the Parties to the litigation involve the proposed intervenors as well as the ACLU in formulating additional equitable relief so that, if possible, an agreed form of order that met the concerns of the Parties, as well as the nonparties, could be presented to the Court.

10. Meetings have taken place and discussions have been held, but to date, there has been no consensus or agreement on a form of Order.

11. Rather than to further delay allowing the "Affected Students and Parents" to view the data now, and, to accomplish the goal of having a procedure in place before the end of this school year and the start of summer vacations when families may find it inconvenient to be in the district, there is an immediate need for this Court to put in place an Order which will allow that process to go forward.

12. The immediate need for this Court to enter an Order to protect students and parents is highlighted by the Defendant's own investigation that makes it clear the School District has either been unable or unwilling to put in place necessary policies and procedures to safeguard and protect the privacy rights of students and parents.

13. This inability or unwillingness was further highlighted by the fact that, based upon the sworn deposition testimony taken to date, that as of November of 2009,

George Frazier, the person in charge of the IT Department at that time, as well as Steve Klein, the Principal of Harriton High School, were aware that the IT Department had improperly used LanRev Technology to take screen shots of Blake Robbins computer and webcam pictures of Blake Robbins and his family in their home, yet no policies and procedures were put into effect after that date to insure that this type of activity did not occur in the future.

WHEREFORE, Plaintiffs respectfully request that this Court hold a hearing on the appropriateness of entering the attached form of Order on an interim basis.

Respectfully submitted,

**LAMM RUBENSTONE LLC**

Date: 5/5/2010    By: _____
Mark S. Haltzman, Esquire
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons : : : : : : v. : : **LOWER MERION SCHOOL DISTRICT** : and **THE BOARD OF DIRECTORS OF THE** : **LOWER MERION SCHOOL DISTRICT** : and **CHRISTOPHER W. McGINLEY**, : Superintendent of Lower Merion School District : | CIVIL ACTION<br><br><br><br><br>NO. 2:10-CV-0665-JD |

## CERTIFICATE OF SERVICE

I hereby certify that on the date written below the foregoing Motion to Modify Court Order of February 22, 2010, as Amended by Court Order of March 10, 2010 as Supplemented by Order of April 14, 2010 was filed electronically and is available for viewing and downloading from the ECF system, which also electronically served same on the following:

Arthur Makadon, Esquire
Henry E. Hockeimer, Jr., Esquire
Paul Lantieri, III, Esquire
William B. Igoe, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Attorneys for **Defendants**

Mary Catherine Roper, Esquire
American Civil Liberties
Union of Pennsylvania
Attorneys for **American Civil Liberties Union of Pennsylvania**

Larry D. Silver, Esquire
David E. Romine, Esquire
Langsam Stevens & Silver LLP
1616 Walnut Street
Philadelphia, PA 19103-5319
Attorney for Intervenors

Boni & Zack LLC
Michael J. Boni, Esquire
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Attorney for Intervenors

410543_1

| | |
|---|---|
| Berger & Montague, P.C.<br>Bart D. Cohen, Esquire<br>Neill W. Clark, Esquire<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Attorney for Intervenors | Law Offices of Thomas F. Grady, P.C.<br>Thomas F. Grady, Esquire<br>The Bye-Benson House<br>2033 Walnut Street<br>Philadelphia, PA 19103<br>Attorney for Intervenors |

 

            **LAMM RUBENSTONE LLC**

DATED: 5/5/2010       By: _____
                Mark S. Haltzman, Esquire
                Attorneys for **Plaintiffs**

410543_1