IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLAKE J. ROBBINS, a Minor, by his Parents** | : | CIVIL ACTION |
| **and Natural Guardians, MICHAEL E.** | : | |
| **ROBBINS and HOLLY S. ROBBINS,** | : | |
| Individually, and on Behalf of all Similarly | : | |
| Situated Persons, | : | |
| Plaintiffs, | : | |
| | : | NO. 10-665 |
| v. | : | |
| | : | |
| **LOWER MERION SCHOOL DISTRICT,** | : | |
| **THE BOARD OF DIRECTORS OF THE** | : | |
| **LOWER MERION SCHOOL DISTRICT, and** | : | |
| **CHRISTOPHER W. McGINLEY,** | : | |
| Superintendent of Lower Merion School | : | |
| District, | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 14th day of May 2010, the Court having ordered counsel for Plaintiffs, Defendants, and all proposed intervenors, including the American Civil Liberties Union, to meet and confer in an effort to reach agreement on the form of an order for additional equitable relief, by agreement of the Parties, and good cause appearing,

**IT IS ORDERED** that:

1.  The injunctive relief granted in the Order entered on February 23, 2010, as amended by the Order entered on March 11, 2010, and as supplemented by the Order entered on April 15, 2010, as amended by the Order entered on May 10, 2010, shall remain in full force and effect except to the extent that it is superseded by the relief granted in this Order.

2.  The Lower Merion School District (the "District") and its officers, employees, and agents (including its attorneys and computer consultants) (collectively, "LMSD") are enjoined from remotely activating, or causing to be remotely activated, webcams on laptop computers issued by LMSD to its students ("student laptops").

3.  Except as otherwise provided in this paragraph, LMSD is enjoined from purchasing any software, hardware, or other technology that allows for the remote activation of webcams on student laptops or the remote monitoring or recording of audio or video from student laptops. To the extent that any standard operating system software or other commercially available software that LMSD may wish to use for educational purposes includes functionality that could possibly allow for the remote activation of webcams on student laptops or the remote monitoring or recording of audio or video from student laptops, LMSD may purchase and use the software only for purposes consistent with the policies and regulations contemplated by paragraph 7 of this Order, and LMSD shall disable any such functionality to the extent feasible.

4.  LMSD is enjoined from remotely capturing, or causing to be remotely captured, screenshots of student laptops except as provided for in the policies and regulations contemplated by paragraph 7 of this Order. The preceding sentence shall not preclude LMSD from remotely accessing student laptops for purposes of maintenance, repairs, or troubleshooting in accordance with the policies and regulations contemplated by paragraph 7 of this Order.

5. LMSD may implement a cost-effective, technological alternative to track student laptops that are reported lost, stolen, missing, or misappropriated, provided that such tracking technology: (i) is used for security purposes only; (ii) operates in a manner that will not compromise the privacy rights of District students, their families, or anyone else within the viewing capability of the student laptop's webcam; (iii) is conspicuously disclosed and its functionality and uses are explained in a document requiring the signature of students and parents/guardians before any laptop with such tracking technology is issued to any student; and (iv) may only be activated under policies and regulations for such activation as contemplated by paragraph 7 of this Order. By way of example, if it complies with the foregoing requirements, the District may install on laptops global positioning system devices or other anti-theft tracking devices or features that do not permit the remote activation of webcams, the remote capturing of screenshots, or any remote monitoring or recording of audio, video, or on-screen text.

6. LMSD is enjoined from accessing or reviewing any student-created files contained on student laptops (including but not limited to documents, e-mails, instant messaging records, photographs, Internet usage logs, and Web browsing histories) for any reason except as permitted by the policies and regulations contemplated by paragraph 7 of this Order or otherwise pursuant to a signed consent form that clearly and conspicuously sets forth the ability of LMSD to access or review such files. In the event that the District does not issue a laptop to a student on the basis of the student's declining to sign such a consent form, the District shall use its best efforts to make necessary accommodations to ensure that such student's education is not adversely affected. The foregoing shall not prohibit District information services personnel, during the period before the policies and regulations contemplated by paragraph 7 of this Order

are adopted, from assisting students with particular school-related documents or files (such as homework or reports) at the student's specific request.

       7.      No later than September 1, 2010, the District shall prepare and adopt official policies in accordance with its By-Laws, and the District shall promulgate official regulations, governing:  the distribution, maintenance, and use of student laptops; the privacy of student data in such laptops; the training of District information services personnel with respect to student laptops and privacy; and the administration, oversight, and enforcement of such policies and regulations including which persons at the District are responsible for administering, overseeing, and enforcing the policies and regulations and the specific regulations and/or policies that those persons are responsible for administering, overseeing, and enforcing.  Such policies and/or regulations shall require, among other things:  (i) that the District explain to, and obtain the written consent of students and parents or guardians with respect to, the manner and circumstances in which District personnel may remotely access student laptops or otherwise access or review any information or data (including but not limited to documents, e-mails, instant messaging records, photographs, Internet usage logs, and Web browsing histories) contained on student laptops; (ii) a procedure to make necessary accommodations for a student to whom the District does not issue a laptop on the basis that the student declined to sign such a consent form to ensure that such student's education is not adversely affected; (iii) that immediately prior to remotely accessing any student laptop for reasons permitted by and disclosed in such policies while the laptop is in use, the District shall notify the student of such impending access directly (in person or by telephone) and/or via a pop-up notification on the laptop's screen; and (iv) the District to maintain a permanent log of each and every instance in

which it remotely accesses any student laptop that details the date and time of remote access and the reason for such access.

8. To the extent LMSD is in possession of webcam photographs or screenshots from certain student laptops resulting from the District's use of the tracking feature of the LANrev software, the District shall provide the students who possessed those laptops while tracking was activated, and/or their parents or guardians consistent with the terms of the process described herein, an opportunity to view such images pursuant to a process to be developed under the auspices of, and supervised and approved by, Judge Jan E. DuBois and Chief Magistrate Judge Thomas J. Rueter.  All such images shall be permanently destroyed by a date to be established by further order of the Court after:  (i) the foregoing process is completed to the satisfaction of the students and/or their parents or guardians consistent with the terms of the process to be developed with Judge Rueter; and (ii) no pending governmental investigation or litigation requires the preservation of such images.

9. LMSD is enjoined from disseminating or otherwise permitting access to any webcam photographs or screenshots, or any information contained therein, that the District obtained remotely from student laptops, except as contemplated by paragraph 8 of this Order or as otherwise permitted by Court order (such as a protective order governing the use of such webcam photographs, screenshots, or information contained therein in this litigation).  The obligation set forth in this paragraph not to disseminate or otherwise permit access to information contained in webcam photographs or screenshots shall survive the physical destruction of the webcam photographs or screenshots required by paragraph 8 of this order.

6

10. The injunctive relief granted in this order shall be enforceable by any persons adversely affected by any violations of this Order, including parents or guardians of any adversely affected individual who is then a minor.

**BY THE COURT:**

/s/ Jan E. DuBois
 JAN E. DUBOIS, J.