IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE J. ROBBINS, et. al.,<br><br>Plaintiffs,<br>-and-<br><br>COLLEEN AND KENNETH WORTLEY, FRANCES AND DAVID MCCOMB, AND CHRISTOPHER AND LORENA CHAMBERS<br><br>Plaintiff-Intervenors,<br>v.<br><br>LOWER MERION SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION<br><br><br><br>NO. 2:10-CV-00665JD |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF COLLEEN AND KENNETH WORTLEY, FRANCES AND DAVID MCCOMB, AND CHRISTOPHER AND LORENA CHAMBERS FOR INTERVENTION

Plaintiffs' opposition to the Motion of Colleen and Kenneth Wortley, Frances and David McComb, and Christopher and Lorena Chambers (collectively, the "Wortley Intervenors") for Intervention says little that is relevant to Rule 24 of the Federal Rules of Civil Procedure, which governs the disposition of the motion, and much that is irrelevant and uncivil. For those reasons, which are detailed below, the motion should be granted.

I.  ARGUMENT

   A.  **The Wortley Intervenors Satisfy the Requirements of Rule 24(a).**

Plaintiffs do not dispute that the Wortley Intervenors "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant[s'] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Plaintiffs argue only that the "existing parties adequately represent that interest" (Pls.' Mem. at 9-13,) but the opposite is clear on the face of their memorandum.

### 1. Plaintiffs Do Not Adequately Represent the Wortley Intervenors' Interests.

Plaintiffs' overriding interest in seeking damages and attorneys' fees, which the Wortley Intervenors oppose, is made plain by even a cursory review of their Complaint, which includes:

a. a reference to damages in its introductory paragraph (*see* Compl. ¶ 1);

b. three references to class members' alleged entitlement to punitive damages (*Id.* ¶¶ 38, 47, 61);

c. five other references to damages, including each of the first three items in the prayer for relief (*Id.* ¶¶ 17, 19; p. 16-17); and

d. multiple class allegations uniquely relevant to Rule 23(b)(3), the rule governing the certification of monetary damages classes. *Id.* ¶¶ 17-19.

Conversely, the Complaint references injunctive relief only in the prayer for relief -- following the request for attorneys' fees. *Id.* at 17. The class allegations do not include a single reference to the elements required to satisfy Rule 23(b)(2), the rule governing injunctive relief classes. *Id.* ¶¶ 12-19.

Plaintiffs' as yet unfulfilled promise to withdraw their class wide monetary damages claims in no sense reflects a change in their priorities. Plaintiffs make no representations to the effect that they will limit their demands for attorneys' fees or individual damages, and even express confidence that other class members will seek monetary damages. *See* Pls.' Mem. at 6, 11 n.6.[1]

Plaintiffs' other claims are also unavailing. Plaintiffs' repeated and unsubstantiated claims that granting the pending motion would increase costs and delays are irrelevant to Rule

---

[1] Plaintiffs are incorrect that class members may file individual damages claims only after Plaintiffs withdraw their class claims. Pls.' Mem. at 6-11. Class members are free to file individual (and class) claims at any time, regardless of the pendency of the existing class claims.

2

24(b)(2), and are not accurate. Plaintiffs cite no evidence of increased costs and delay, and cite no authority to the contrary. The few cases Plaintiffs cite in this context are inapposite.[2] The Wortley Intervenors are entitled to intervention of right.

### 2. The ACLU Does Not Represent the Interests of the Wortley Intervenors.

Plaintiffs argue that they would prefer that the ACLU intervene, and that therefore the Wortley intervenors are not also needed. (Pls.' Mem. at 6-7.) There is, of course, no authority for the proposition that only one intervenor per case is permitted to intervene of right or permissively. Further, although this case may implicate the ACLU's general interest in privacy rights -- and we are grateful for the ACLU's unique expertise in that regard -- the Wortley Intervenors maintain interests that diverge not only from Plaintiffs' but from those of the ACLU as well, including but not limited to: (a) maintaining the LMSD's deserved reputation for academic excellence by countering the negative publicity resulting from this case; (b) crafting effective injunctive relief that minimizes tax burdens and cuts in educational programming; and (c) providing a check on any awards of unreasonable damages and attorneys' fees that could diminish educational services that the Wortley Intervenors rely upon.

### B.     The Wortley Intervenors are Entitled to Permissive Intervention.

Plaintiffs do not dispute that the Wortley Intervenors have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where that is the case in a class action, "[t]he question under either Rule 23(d) or 24(b)[(1)(B)] should

---

[2] In *In re Community Bank of North Virginia*, 418 F.3d 277, 315 (3d Cir. 2005), the Third Circuit admonished the district court for denying a motion to intervene without carefully examining the reasons why the "presumption of adequacy" might not be satisfied. The other cases Plaintiffs cite have no binding effect on this Court. *See Benjamin v. Department of Public Welfare*, 2010 WL 891828, *2 (M.D. Pa. Mar. 10, 2010) (denying motion to intervene primarily because, unlike here, intervenors were not class members); *Pereira v. Foot Locker, Inc.*, 2009 WL 1214240 (E.D. Pa. Apr.27, 2009) (granting motion to intervene).

3

be whether the proposed intervention will improve or strengthen the representation of the class." *Groves v. Insurance Co. of North America*, 433 F. Supp. 877, 888 (E.D. Pa. 1977). Where the Wortley Intervenors are the only parties committed strictly to the interests of LMSD parents and taxpayers, their intervention can only "improve or strengthen the representation of the class."

Furthermore, as recognized by Defendants, who support the Wortley Intervenors' Motion to Intervene, the Wortley Intervenors have already made substantial contributions to this litigation. Such contributions include providing a prayer for relief that served as the starting point for equitable relief and also suggesting additional provisions to the equitable relief order that was ultimately approved by the Court. *See Defendants' Response to Motion of Colleen and Kenneth Wortley, Frances and David McComb, and Christopher and Lorena Chambers for Intervention, and Further Response to The Emergency Motion of the Neill Family to Intervene* (Dkt. No. 62).

Plaintiffs' repeated, unsubstantiated invocation of the words "cost" and "delay" do not dictate a different result. *See* Pls.' Mem. at 2, 9, 10, 12. Any actual delay is attributable to Plaintiffs, who delayed their response to the motion. Plaintiffs' claims regarding the number of attorneys in the case and cost issues bear no relation to Rule 24(b). The Wortley Intervenors' permissive intervention is warranted.[3]

### C. Plaintiffs' Ethical Charges are Baseless, Uncivil and Irrelevant.

Nothing in Rule 24 or cases decided there under reference intervenors' counsel, as opposed to the intervenors themselves. Plaintiffs' contentions regarding the Wortley Intervenors' counsel are superfluous, in addition to being baseless and uncivil. They are also

---

[3] *Hoots v. Pennsylvania*, upon which Plaintiffs rely, is distinguishable. *See* 672 F.2d 1133, 1136 (3d Cir. 1982) (affirming denial of motion for intervention in a 10-year-old case that was resolved before the motion was filed).

4

devoid of factual or legal support. As to their solicitation charge, there was no such solicitation.[4] The Wortley Intervenors approached counsel after attending a town hall informational meeting attended by 150 like-minded parents.[5]

Plaintiffs' claim that the Wortley Intervenors' counsel are "unqualified to be involved in the litigation" is frivolous. The Wortleys, McCombs and Chambers are entitled to the counsel of their choice, and it is not for Plaintiffs to argue otherwise.[6] The Wortley Intervenors' counsel did not disclose any confidential settlement communications, as suggested by Plaintiffs. Pls.' Mem. at 15.[7]

Plaintiffs cite no legal authority for the proposition that attorney/taxpayers may not sue government entities to whom they pay taxes, much less for the proposition that attorneys acting *pro bono* and seeking only injunctive relief may not do so.[8] If that were the case, Philadelphia attorneys could not represent clients in suits against the city, the Commonwealth or the federal

---

[4] *See* Pls.' Mem. at 20 ("[I]t is reasonable to *presume* that [the Wortley Intervenors] were identified as a result of their response to the Parent Petition on the website.") (emphasis added).

[5] Solicitation issues are irrelevant here in any event. *Cf.*, Newberg on Class Actions §15:16 at 62 (4th Ed). ("Moreover, the entire issue of solicitation becomes largely academic in suits for declaratory judgment or injunctive relief when contingent fees are inapplicable and class counsel will look to a fee award payable by the losing defendant under a private attorney general rationale. Thus, contentions of unethical solicitation would be largely inapplicable in each of these circumstances."). Counsel for the Wortleys, et al. are working *pro bono*.

[6] This is particularly so in light of the fact that the Wortley Intervenors do not seek class representative status. They seek to intervene only as individuals. Plaintiffs' views to the contrary are incorrect. (See Pls.' Mem. at 18-20, citing class action authority.)

[7] Counsel raised issues relating to the press only after the completion of a Court-ordered meet-and-confer on the issues of injunctive relief and a protective order. Nothing confidential was disclosed.

[8] Plaintiffs' claim that "[i]t is undisputed that" Wortley Intervenors' counsel "are parents of LMSD high school children" is incorrect as to Mr. Cohen.

5

government. Finally, Plaintiffs' ad hominem attacks on the Wortley Intervenors' counsel's motives – i.e., to "take credit" or be "self-aggrandizing" -- are untrue and uncivil.[9]

## II. CONCLUSION

For all of the foregoing reasons, the Wortley Intervenors respectfully request that the Court grant their motion to intervene in the above-captioned action.

DATED: MAY 28, 2010  **BERGER & MONTAGUE, P.C.**

_/s/ Neill W. Clark_
Bart D. Cohen
Neill W. Clark
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

BONI & ZACK LLC
Michael J. Boni
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200

LAW OFFICES OF THOMAS F. GRADY
Thomas F. Grady
The Bye-Benson House
2033 Walnut Street
Philadelphia, PA 19103
(215) 977-7400

LANGSAM STEVENS & SILVER, LLP
Larry Silver
1616 Walnut Street
Philadelphia, PA 19103
(215) 732-3255

---

[9] *See* PA Code of Civility § 99.3 ¶ 6 ("A lawyer should not bring the profession in disrepute by making unfounded accusations of impropriety or personal attacks upon counsel and, absent good cause, should not attribute improper motive or conduct to other counsel.").