## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents : and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons, | CIVIL ACTION |

                      Plaintiffs,

      v.                                     NO.  2:10-cv-00665-JD

**LOWER MERION SCHOOL DISTRICT**,
        and
**THE BOARD OF DIRECTORS OF THE**
**LOWER MERION SCHOOL DISTRICT**,
        and
**CHRISTOPHER W. McGINLEY**,
Superintendent of Lower Merion School
District,
            Defendants.

## ORDER GRANTING CLASS CERTIFICATION

      AND NOW, on this  day of               , 2010, upon consideration of

Plaintiffs' Motion for Class Certification and Memorandum of Law in Support of Plaintiffs'

Motion for Class Certification, and Defendants' response thereto, it is hereby

ORDERED that the Motion is GRANTED.

      The Court finds and hereby ORDERS that:

      1.     The Equitable Class is so numerous that joinder is impracticable;

      2.     There are questions of law and fact common to the Class;

      3.     Plaintiffs' equitable claims are typical of the claims of the Class;

      4.     Plaintiffs will adequately represent the Class;

AND, it is further ORDERED as follows:

1.   This matter shall proceed as a class action on behalf of the following

Equitable Class:

Beginning with the 2008-2009 school year to present,
Plaintiffs and all other students of Harriton High School and
Lower Merion High School who have been issued by the
school district a laptop computer equipped with a webcam,
together with their direct family members living at home.

2.   Pursuant to Rule 23(b)(2), the Equitable Class is certified for purposes of

seeking equitable relief, including declaratory relief or injunctive relief, but

not for purposes of seeking compensatory damages and/or punitive

damages.

3.   Blake J. Robbins, a minor, by his parents and natural guardians, Michael

E. Robbins and Holly S. Robbins, shall serve as class representatives for

the Equitable Class.

4.   The firm of Lamm Rubenstone LLC can fairly and adequately represent

the Equitable Class and shall serve as Class Counsel.


_____
Jan E. DuBois, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents and Natural Guardians, **MICHAEL E. ROBBINS** and **HOLLY S. ROBBINS**, Individually, and on Behalf of all Similarly Situated Persons,<br>          Plaintiffs, | CIVIL ACTION |
| v. | NO.  2:10-cv-00665-JD |
| **LOWER MERION SCHOOL DISTRICT**,<br>     and<br>**THE BOARD OF DIRECTORS OF THE LOWER MERION SCHOOL DISTRICT**,<br>     and<br>**CHRISTOPHER W. McGINLEY**, Superintendent of Lower Merion School District,<br>          Defendants. | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Rules 23(a) and 23(b)(2) of the Federal  Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby move this Honorable Court for Certification of an Equitable Class consisting of the following members:

> Beginning with the 2008-2009 school year to present, Plaintiffs and all other students of Harriton High School and Lower Merion High School who have been issued by the school district a laptop computer equipped with a webcam, together with their direct family members living at home.

In support thereof, Plaintiffs aver as follows:

1.     Plaintiffs are members of the aforesaid Equitable Class ("Class") and their claims are common and typical of those of the Class;

2.      The Equitable Class is so numerous that joinder of all members is impractical;

3.      Plaintiffs will fairly and adequately represent all members of the Class ; and

4.      Plaintiffs incorporate by reference as though fully set forth herein the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification filed simultaneously herewith.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion to certify this action as a class action.

Respectfully submitted,

LAMM RUBENSTONE LLC

Date:  6/7/10                        By:

Mark S. Haltzman, Esquire
Steven Levin, Esquire
Frank Schwartz, Esquire
Attorney for Plaintiffs
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330

410523-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E.** : | |
| **ROBBINS** and **HOLLY S. ROBBINS**, : | |
| Individually, and on Behalf of all Similarly : | |
| Situated Persons, : | |
| Plaintiffs, : | |
| : | |
| v. : | NO. 2:10-cv-00665-JD |
| : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
| and : | |
| **THE BOARD OF DIRECTORS OF THE** : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
| and : | |
| **CHRISTOPHER W. McGINLEY**, : | |
| Superintendent of Lower Merion School : | |
| District, : | |
| Defendants. : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, Blake J. Robbins, a minor, by his parents and natural guardians, Michael E. Robbins and Holly S. Robbins, individually and on behalf of all similarly situated persons (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Class Certification.

## I.    INTRODUCTION

The Lower Merion School District ("School District") has admitted that on at least 146 occasions during the 2008-2009 and 2009-2010 school years it has remotely activated webcams embedded in school issued laptops while those laptops were off school property, and without the knowledge or approval of the students or their parents.

Discovery concluded to date evidences that when remotely activated, the webcams provided the School District with both pictures of whoever/whatever was in front of the webcam, and screenshots of the contents of the computer screen at the time. Accordingly, there is no factual dispute that the School District has in the past, and without the knowledge or approval of the students or their parents, obtained photographs and/or screenshots from student laptops while the laptops were being used in the students' homes.

This is a civil rights class action brought by Plaintiffs on behalf of themselves and a class of students and parents whose school issued laptop computers were remotely activated without their knowledge and/or approval, such that the School District obtained photographs and screenshots in violation of their reasonable expectation of privacy. Plaintiffs seek certification of the following class (the "Equitable Class") pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure:

> Beginning in the 2008-2009 school year to present, Plaintiffs and all other students of Harriton High School and Lower Merion High School who have been issued a laptop computer by the School District equipped with a webcam, together with their direct family members living at home.

As the number of high school students in the School District is approximately 2,230, each of whom was given a laptop, it is reasonable to conclude that the size of the Equitable Class, including family members living at home, exceeds 6,000 persons.

Plaintiffs' claims of invasion of privacy/intrusion upon seclusion are the same as those of the Equitable Class members, in that both Plaintiffs and all proposed class members would have to show that the School District's remote activation of a webcam violated their reasonable expectation of privacy. Accordingly, Plaintiffs' claims share

410659-1

2

common issues of law and fact, and are also typical of the claims of all class members. Moreover, Plaintiffs will fairly and adequately represent the interests of the Equitable Class, as Plaintiffs are willing and able to serve as representatives of the class, and Plaintiffs' counsel are qualified to prosecute this action as Class Counsel.

Accordingly, Plaintiffs' request that the Court certify the proposed Equitable Class pursuant to Rule 23(b)(2) and appoint Plaintiffs' counsel as Class Counsel pursuant to Rule 23(g).

## II. LEGAL ARGUMENT

## A. STANDARD FOR CLASS CERTIFICATION.

"The decision whether or not to certify a class lies within the Court's broad discretion exercised pursuant to Rule 23 of the Federal Rules of Civil Procedure." In re Vicuron Pharmaceuticals, Inc. Securities Litigation, 233 F.R.D. 421, 425 (E.D. Pa. 2006). The Court may certify a class where Plaintiff establishes that the threshold requirements of Rule 23(a) (numerosity, commonality, typicality and adequacy of representation) are met, as well as that the proposed class satisfies at least one of the three criteria set forth in Federal Rule of Civil Procedure 23(b). Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994) (citing Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239 (3d Cir. 1974), cert. denied, 421 U.S. 1011, 95 Sup. Ct. 2415 (1975). "Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence." In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305, 307 (3d Cir. 2008). In so doing, "the Court's focus in deciding a motion under Rule 23 is on whether

a class action is an appropriate vehicle for litigating the claims alleged, and not the merits of the case." Dal Ponte v. American Mortgage Express Corp., 2006 WL 2403982, *2 (D.N.J. 2006) (citations omitted). The Court of Appeals for the Third Circuit has held that the "interests of justice require that in a doubtful case … any error, if there is to be one, should be committed in favor of allowing a class action." Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985), cert. denied 474 U.S. 946 (1985).

As more fully set forth below, the proposed Equitable Class meets the requirements of Rules 23(a) and 23(b)(2), and should therefore be certified by the Court.

## B. THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED BY THE EQUITABLE CLASS.

### 1. The Equitable Class Is So Numerous That Joinder Is Impracticable.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). The rationale underlying the numerosity requirement is to limit the class action device to only those cases in which the number of parties involved makes the traditional joinder of parties unworkable. However, "no definite standard exists concerning a magic number satisfying the numerosity requirement, nor must Plaintiff allege the exact number or identity of class members … it is proper for the Court to accept common sense assumptions in order to support a finding of numerosity." Cumberland Farms, Inc. v. Browning-Ferris Industries, 120 F.R.D. 642, 645-646 (E.D. Pa. 1988). While there is no fixed minimum number of Plaintiffs required to maintain a class action, generally "[I]f the named Plaintiff demonstrates that the potential number of Plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d, 220, 226-27 (3d Cir. 2001).

410659-1

4

The element of numerosity is easily met in the instant case.  The School District has distributed approximately 2,300 laptop computers with an embedded webcam.  All recipients and their family members living at home are members of the Equitable Class. Accordingly, the Equitable Class meets the numerosity requirement of Rule 23(a)(1).

## 2. Plaintiffs' Claims And The Claims of the Equitable Class Include Common Questions of Law and Fact.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed.R.Civ.P.23(a)(2).  This "commonality" requirement is met if Plaintiffs' grievances "share at least one question of fact or law with the grievances of the prospective class.  Because the requirement may be satisfied by a single common issue, it is easily met … ."  Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994).  Plaintiffs are entitled to class certification where the "class claims arise 'from a common nucleus of operative fact' regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants."  In re Asbestos School Litigation, 104 F.R.D. 422, 429 (E.D. Pa. 1983).  Rule 23(a)(2) does not require that the representative Plaintiffs have endured exactly the same injuries as those sustained by class members. Rather, "this low bar recognizes that, even where factual differences may exist between putative class members, the class action may be a useful method of resolving those issues that are common to them all."  In re Hydrogen Peroxide Antitrust Litigation, 2007 WL 163767, *2 (E.D. Pa. 2007).

Plaintiffs have established commonality in this case with respect to the Equitable Class.  Here, Plaintiffs claims and those of the Equitable Class  revolve around a single issue:  Was the School District's remote activation of the embedded webcams, such that the School District obtained photographs and screenshots, a violation of their right

to privacy? Under circumstances such as these, where Plaintiffs and all class members raise common questions of law and assert the same claims as a result of unlawful remote activation of the webcams by the School District, the element of commonality has been established. The Marriott v. County of Montgomery, 227 F.R.D. 159, 172 (N.D. NY) (finding commonality where the representative parties and the members of the proposed class had the same legal claims based upon the same official procedure). The constitutionality of the School District's conduct is at the core of this litigation and would be the focus of any trial in this matter, be it for an individual or for members of the proposed class.

### 3. Plaintiffs' Claims Are Typical Of The Claims of the Equitable Class.

Rule 23(a)(3) requires that the representative Plaintiffs' claims be "typical" of those of other class members. Fed.R.Civ.P.23(a)(3). To satisfy typicality, Plaintiffs must show that they have legal interests such that pursuit of their own goals will also benefit the Equitable Class. A class representative's claims are typical of those of class members if they "arise from the same alleged wrongful conduct" and are based upon "the same general legal theories." In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516, 532 (3d Cir. 2004); In re Flat Glass Antitrust Litigation, 191 F.R.D. 472, 479 (W.D. Pa. 1999). Accordingly, "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." Baby Neal, 43 F.3d at 58; see also Hayworth v. Blondery Robinson & Company, 980 F.2d 912, 923 (3d Cir. 1992).

In the instant case, with respect to the constitutional claims of Plaintiffs and

members of the Equitable Class, all will have to establish the exact same elements to prove their Fourth Amendment claims: (1) that each had a reasonable expectation of privacy with respect to the webcam embedded in their school issued laptops, and (2) that the School District's remote activation of the webcams without their knowledge and/or approval violated their reasonable expectation of privacy. The same is also true with respect to the claims of Plaintiffs and members of the Equitable Class with respect to their state law claims of intrusion upon seclusion in that all will have to prove: (1) that the School District intruded, physically or otherwise, upon their solitude or seclusion, and (2) that the intrusion was highly offensive to a reasonable person. See Feinberg v. Eckelmeyer, 2009 WL 4906376, *8 (E.D. Pa. 2009) ("For claims of invasion of privacy, Pennsylvania has adopted the tort of intrusion upon seclusion as set forth in the Restatement (Second) of Torts § 652B and its comments.")

Here, Plaintiffs claims are typical of those of the proposed Equitable Class. They arise from the same practices, policies and course of events, and Plaintiffs must make similar arguments to prosecute their claims as would be made by members of the proposed class. Moreover, the interests of the Plaintiffs and the members of the proposed class do not diverge as to the issues of liability and injunctive relief. Rather, their respective interests converge. Accordingly, Plaintiffs meet the typicality requirement of Rule 23(a)(3).

### 4.   Plaintiffs Will Fairly and Adequately Represent the Equitable Class.

Rule 24(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In order to satisfy the adequacy of representation requirement as applied in the Third Circuit, Plaintiffs must establish two

elements: "(a) [t]he plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation, and (b) [t]he plaintiff must not have interests antagonistic to those of the class." Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239, 247 (3d. Cir. 1975). Any doubts concerning adequacy of representation should be resolved in favor of certification. Weikel v. Tower Semi-Conductor, Ltd., 183 F.R.D. 377, 394 (D.N.J. 1998).

Plaintiffs are represented by competent and experienced counsel who have invested significant time, effort and resources in the prosecution of this action. They have vigorously prosecuted this case and have diligently pursued discovery from both parties and non-parties, and have retained a forensic computer expert to assist them. A small sample of what Plaintiffs' counsel has accomplished to date are:

- Within days of filing the Complaint, Plaintiffs' counsel successfully negotiated injunctive relief which ensured that the LANrev software which was used to take web cam pictures and images of students in their home was disabled and any reactivation strictly prohibited without further order of Court.

- Within days of filing the lawsuit, Plaintiffs' counsel successfully negotiated a Court Order to insure the preservation of evidence needed to determine the extent to which the LANrev technology was actually activated, which subsequently resulted in disclosure of the existence of in excess of 60,000 images.

- Engaged a computer forensic expert to immediately negotiate with Defendants to insure that the methodology used to preserve the various Lower Merion School District computers would be done in a manner as to prevent any corruption of evidence.

- Within the first several weeks of the initiation of the Complaint, setting up a procedure with Defendants to allow for the immediate exchange of relevant information to enable the parties, in the most cost effective manner possible, to identify crucial witnesses and essential information to determine the extent of the use of the LANrev technology to capture screen shots and web cam pictures.

8

- Obtaining an agreed upon Court Order which prevented the future dissemination of any of the images that have been obtained by use of the LANrev technology, to ensure the protection of the privacy of the students and families in the Lower Merion School District.

- Negotiating an agreed Order with Defendants, and the proposed Intervenors, with broad ranging protection for class members, which further protected the class members privacy and to assure that there can be no future use of similar technology in the Lower Merion School District without disclosure and strict guidelines.

- Establishing with defense counsel a methodology for those members of the class who were identified during discovery as having images taken using the LANrev software to view such images.

- Reviewed tens of thousands of pages of discovery from Lower Merion School District and the seller of the LANrev software and conducted depositions of Michael Perbix, Carol Cafiero, Lindy Mastko, Virginia DiMedio and Kyle O'Brien.

Moreover, Plaintiffs counsel have been involved in many complex litigations, including class actions. (See Attorney Certifications attached hereto as Exhibit "A"). In short, Plaintiffs' counsel are fully committed to the continuation of this action and possess the knowledge, skills and resources to do so successfully.

With regard to the second prong of the Rule 23(a)(4) analysis, Plaintiffs have no interests antagonistic to those of the Equitable Class. To the contrary, Plaintiffs and each member of the proposed class have similar interests in establishing the unconstitutionality of the School District's conduct, and in enjoining said conduct. By pursuing their individual interests in this litigation, Plaintiffs will of necessity advance the common interests of all class members, insofar as Plaintiffs' claims and those of the Equitable Class members arise from a common core of facts and are based upon the same legal theories. Accordingly, the interests of Plaintiffs and those of the proposed class members coincide rather than conflict. The fact that Plaintiffs and some of the

Case 2:10-cv-00665-JD  Document 73  Filed 06/07/10  Page 14 of 27

Class Members may have greater damages then other Class Members is of no consequences as Plaintiffs are not requesting certification of a damages class. Thus, there exists no grounds for supporting that Plaintiffs will not adequately represent the Class.

## C. THE EQUITABLE CLASS MEETS THE REQUIREMENTS OF RULE 23(b)(2).

Having satisfied the requirements of Rule 23(a) as set forth above, in order to be entitled to certification under Rule 23(b)(2), Plaintiffs must show that the School District "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; . . .". F.R.C.P. 23(b)(2).

Rule 23(b)(2) "has been liberally applied in the area of civil rights. . .". Santiago v. City of Philadelphia, 72 F.R.D. 619, 625 (E.D. Pa. 1976). Moreover, the requirement of Rule 23(b)(2) is "almost automatically satisfied in actions primarily seeking injunctive relief." Baby Neal, 43 F.3d at 58. "The essential consideration is whether the complaint alleges that the plaintiffs have been injured by defendants' conduct, which is based upon policies and practices applicable to the entire class." Santiago, 72 F.R.D. at 626.

Here, the conduct complained of, the School District's invasion of Plaintiffs' privacy rights arising from the School District's remote activation of the webcams is equally applicable to both Plaintiffs and all members of the Equitable Class. Indeed, the centerpiece of this litigation is the elimination of the School District's invasion of privacy with respect to all members of the Equitable Class. Moreover, Plaintiffs seek relief that will forever terminate the School District's wrongful conduct, which will benefit the entire

410659-1

10

Equitable Class.

## D. APPOINTMENT OF CLASS COUNSEL.

Plaintiffs' request that this Court appoint Lamm Rubenstone LLC (the "Firm") as Class Counsel pursuant to Rule 23(g). Pursuant to the attached Certifications of counsel (see Exhibit "A"), the Firm possesses the requisite knowledge, skill and experience with respect to both the substantive law applicable to Plaintiffs' claims and the litigation of class actions in general. Moreover, as evidenced by Plaintiffs' vigorous prosecution of this matter to date, including the filing of Plaintiffs' Class Action Complaint, service of appropriate written discovery, taking of depositions, retention of a qualified expert in the field of forensic computer analysis and the litigation of all motions, the Firm has sufficient resources to aggressively litigate this matter and in so doing, to protect the interest of absent class members.

Accordingly, taking into consideration the factors identified in Rule 23(g)(1)(A) – the work counsel has done to investigate potential claims; counsel's experience in handling class actions and other complex litigation; counsel's knowledge of applicable law; and the resources counsel will commit to class claims – Lamm Rubenstone LLC is clearly qualified to be class counsel and should be appointed as such.

## III.    CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that the Court certify this case as a class action on behalf of the proposed Equitable Class and appoint Plaintiffs' counsel as Class Counsel. A proposed form of Order is filed simultaneously herewith.

Respectfully submitted,

**LAMM RUBENSTONE LLC**

Date: 6/7/10          By:

Mark S. Haltzman, Esquire
Stephen Levin, Esquire
Frank Schwartz, Esquire
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BLAKE J. ROBBINS**, a Minor, by his Parents  :      CIVIL ACTION
and Natural Guardians, **MICHAEL E.**       :
**ROBBINS** and **HOLLY S. ROBBINS**,     :
Individually, and on Behalf of all Similarly  :
Situated Persons,                         :
                Plaintiffs,        :
                                    :

       v.                             :       NO.  2:10-cv-00665-JD
                                      :

**LOWER MERION SCHOOL DISTRICT**,    :
           and                       :
**THE BOARD OF DIRECTORS OF THE**    :
**LOWER MERION SCHOOL DISTRICT**,    :
           and                       :
**CHRISTOPHER W. McGINLEY**,         :
Superintendent of Lower Merion School   :
District,                                :
                Defendants.    :

## CERTIFICATE OF SERVICE

I, Frank Schwartz, Esquire, hereby certify that on this 7$\frac{th}{}$ day of _June_ , 2010, I have served a true and correct copy of the foregoing Plaintiffs' Memorandum of Law In Support of Plaintiff's Motion for Class Certification, by the electronic filing system, upon the following:

Arthur Makadon, Esquire
Henry E. Hockeimer, Jr., Esquire
Paul Lantieri, III, Esquire
William B. Igoe, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
igoew@ballardspahr.com
Attorneys for **Defendants**

_Frank Schwartz_

Frank Schwartz, Esquire

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E.** : | |
| **ROBBINS** and **HOLLY S. ROBBINS**, : | |
| Individually, and on Behalf of all Similarly : | |
| Situated Persons, : | |
| Plaintiffs, : | |
| : | |
| v. : | NO. 2:10-cv-00665-JD |
| : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
| and : | |
| **THE BOARD OF DIRECTORS OF THE** : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
| and : | |
| **CHRISTOPHER W. McGINLEY**, : | |
| Superintendent of Lower Merion School : | |
| District, : | |
| Defendants. : | |

## CERTIFICATION OF MARK S. HALTZMAN

I, Mark S. Haltzman, Esquire, of full age and according to law, do hereby certify as follows:

1.    I am a partner in the law firm of Lamm Rubenstone LLC, counsel to Plaintiffs in the above captioned matter,  and am personally familiar with the facts set forth herein.

2.    I make this Certification in support of Plaintiffs' Motion, pursuant to Rule 23(g), to appoint Lamm Rubenstone LLC as Class Counsel in the above captioned matter.

3.    I have been admitted to practice in the Commonwealth of Pennsylvania since 1983 and in the State of New Jersey since 1984, and am currently in good standing in both states.

4.    I am admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, the United States Court of Federal Claims, and the United States Court of Appeals for the Third Circuit and am currently in good standing before such Courts.

5.    After becoming an attorney, in 1990 I received a MBA from Temple University.

6.    Since being admitted in 1983, my law practice has emphasized complex litigation, including the litigation of claims under the Racketeering and Corrupt Organization Act, ("RICO"), fraud actions, commercial disputes, §1983 litigation, employment disputes (including sexual discrimination and age discrimination), claims for invasion of privacy, and defamation claims. I have tried numerous matters in both Federal and State Court. As a result of my 27 years of practice, I am experienced in the handling of the legal matters raised in the proposed class action.

7.    In the present matter, I have already invested over 350 hours in representing the interest of the Class Members including pre-complaint investigation of the claims, the drafting of the complaint, conducting significant discovery, including the review of the thousands of pages of documents and the conducting of depositions, and in the negotiation of various Court Orders which have already significantly benefited Class Members (See Section B(4) of Memorandum of Law in Support of Plaintiffs' Motion for Class Certification.)

I make the foregoing statement subject to the penalties of 28 U.S.C. §1746, relating to unsworn falsification to authorities.

Date: _____June 7, 2010_____

Mark S. Haltzman, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents :<br>and Natural Guardians, **MICHAEL E.**<br>**ROBBINS** and **HOLLY S. ROBBINS**,<br>Individually, and on Behalf of all Similarly<br>Situated Persons,<br>                              Plaintiffs,<br><br>                 v.<br><br>**LOWER MERION SCHOOL DISTRICT,**<br>           and<br>**THE BOARD OF DIRECTORS OF THE**<br>**LOWER MERION SCHOOL DISTRICT,**<br>           and<br>**CHRISTOPHER W. McGINLEY,**<br>Superintendent of Lower Merion School<br>District,<br>                    Defendants. : | CIVIL ACTION<br><br><br><br><br><br><br><br>NO. 2:10-cv-00665-JD |

## CERTIFICATION OF STEPHEN LEVIN

I, Stephen Levin, Esquire, of full age and according to law, do hereby certify as follows:

1.    I am a partner in the law firm of Lamm Rubenstone LLC, counsel to Plaintiffs in the above captioned matter, and I am personally familiar with the facts set forth herein.

2.    I offer this Certification in support of Plaintiffs' Motion, pursuant to Rule 23(g), to appoint Lamm Rubenstone LLC as Class Counsel in the above captioned matter.

3.    I was admitted to practice law in the Commonwealth of Pennsylvania in 1974, and I have always been in good standing.

1

4.     I was admitted to practice before the United States District Court for the Eastern District of Pennsylvania in 1979 and was admitted to practice before the United States Court of Appeals for the Third Circuit in 1974. I have always been in good standing before both courts.

5.     I was admitted to practice before the Supreme Court of the United States in 1979.

6.     I began my career as an Assistant District Attorney in 1974 under then District Attorney Emmet Fitzpatrick and thereafter under District Attorney Edward G. Rendell. While serving as an Assistant District Attorney, I tried thousands of matters, including approximately 40-50 jury trials, and served in every division of the District Attorney's office, including Homicide.

7.     Prior to leaving the District Attorney's office, District Attorney Rendell placed me in charge of the trial training program where I was instrumental in teaching trial skills to all new Assistant District Attorneys.

8.     I left the District Attorney's office in 1979 to join Wolf, Block as a litigator where I remained for many years.

9.     My practice after the District Attorney's office has always focused on highly complex civil litigation, including intellectual property litigation, § 1983 litigation, product liability litigation and commercial litigation.

10.     I have tried many matters in Federal Court and I have been listed as lead counsel in dozens of lawsuits in this district in the last few years.

11.     One reported Third Circuit matter, in the area of advertising injury coverage for trademark infringement under a standard CGL insurance policy, for

which I was sole lead counsel for the successful party, created new law nationwide. It has, to date, been cited more than 100 times.

12.     Although not counsel of record, I was involved in advising a client, a named defendant in a nationwide equipment lease class action, where fraud was asserted against the equipment vendor, my client's assignor in the transaction. This same matter resulted in investigations launched by the Attorneys General of several states and the Federal Trade Commission in which I participated and successfully resolved for the client.

13.     In the present matter, I provided significant input in the drafting of all allegations and especially the computer invasion of privacy claims and the §1983 claims as well as having drafted various motions and pleadings throughout. Accordingly, I have knowledge of the law and facts applicable to Plaintiffs' claims in this matter.

I make the foregoing statements subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

Stephen Levin, Esquire

Date: 6/7/10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLAKE J. ROBBINS**, a Minor, by his Parents  : | CIVIL ACTION |
| and Natural Guardians, **MICHAEL E.** : | |
| **ROBBINS** and **HOLLY S. ROBBINS**, : | |
| Individually, and on Behalf of all Similarly : | |
| Situated Persons, : | |
|                 Plaintiffs, : | |
| : | |
| v. : | NO.  2:10-cv-00665-JD |
| : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
|        and : | |
| **THE BOARD OF DIRECTORS OF THE** : | |
| **LOWER MERION SCHOOL DISTRICT**, : | |
|        and : | |
| **CHRISTOPHER W. McGINLEY**, : | |
| Superintendent of Lower Merion School : | |
| District, : | |
|               Defendants. : | |

### CERTIFICATION OF FRANK SCHWARTZ

I, Frank Schwartz, Esquire, of full age and according to law, do hereby certify as follows:

1.      I am an associate in the law firm of Lamm Rubenstone LLC, counsel to Plaintiffs in the above captioned matter,  and am personally familiar with the facts set forth herein.

2.      I make this Certification in support of Plaintiffs' Motion, pursuant to Rule 23(g), to appoint Lamm Rubenstone LLC as Class Counsel in the above captioned matter.

3.      I have been admitted to practice in the States of New Jersey and Pennsylvania since 1988, and am currently in good standing in both states.

4.      I was admitted to practice before the United States District Court for the

Eastern District of Pennsylvania and the United States District Court for the District of New Jersey in 1989, and am currently in good standing before both Courts.

5. I was admitted to practice before the United States Court of Appeals for the Third Circuit in 1994, and continue to practice before the Court.

6. I was admitted to practice before the Supreme Court of the United States of America in 2006, and was the attorney of record with respect to a Petition for a Writ of Certiorari filed therewith.

7. Prior to becoming an attorney, I received a M.A. and Ph.D. from the University of North Carolina, Chapel Hill in the field of American Constitutional Law. I was an Assistant Professor of Constitutional Law and Civil Liberties. Consequently, I am knowledgeable about the law of privacy as it applies in this case.

8. Since being admitted in 1988, my law practice has emphasized complex commercial and civil rights litigation, including the litigation of patent infringement actions, claims for invasion of privacy, sexual discrimination, age discrimination, religious/national origin discrimination, disability discrimination and prisoners' rights. As a result of my 22 years of practice, I am experienced in the handling complex litigation, including issues of civil liberties.

9. I also have experience in litigating class claims, representing both Plaintiffs and Defendants. I participated in the representation of a nationwide Plaintiff's class in a breach of warranty action under the Magnuson Moss Act against an automobile tire manufacturer. I represented Defendant assignees of commercial leases in a nationwide class action claiming consumer fraud. I am currently representing Defendants in a wage and hour class action pending before this Court. As a result of

my past and current experience litigating class claims, I am knowledgeable of the law applicable to class actions.

10.     I have also participated in the investigation of class claims in the instant case prior to the filing of Plaintiffs' Class Action Complaint, and have drafted various motions subsequent thereto.    Accordingly, I have knowledge of the law and facts applicable to Plaintiffs' claims in this matter.

I make the foregoing statement subject to the penalties of 28 U.S.C. §1746, relating to unsworn falsification to authorities.

Frank Schwartz, Esquire

Date: 6/7/10